UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
:
Huzhou Chuangtai Rongyuan Investment :
Management Partnership, Huzhou Huihengying :
Equity Investment Partnership, and Huzhou :
Huirongsheng Equity Investment Partnership, :
: Case No.:
               Petitioners, :
: **PETITION TO CONFIRM AND**
    v. : **ENFORCE FOREIGN**
: **ARBITRAL AWARD AND FOR**
Hui Qin, : **ENTRY OF JUDGMENT**
:
:
               Respondent. :
:
---------------------------------------------------------------x

Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership ("Chuangtai Rongyuan"), Huzhou Huihengying Equity Investment Partnership ("Huihengying"), and Huzhou Huirongsheng Equity Investment Partnership ("Huirongsheng"), by and through the undersigned counsel, for its Petition to Confirm and Enforce Foreign Arbitral Award and For Entry of Judgment, alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is a proceeding to confirm and enforce a foreign arbitration award, dated April 22, 2021 (the "Award"), rendered by the China International Economic and Trade Arbitration Commission ("CIETAC"), in an arbitration designated CIETAC Case No. S20200960 (the "Arbitration"). *See* Declaration of Carol Lee, dated November 8, 2021 ("Lee Decl."), **Exhibit A** (Award); **Exhibit B** (certified translation of the Award).

**THE PARTIES**

2.     Petitioner Chuangtai Rongyuan is, and at times relevant herein has been, a limited liability partnership duly organized and existing under the laws of the PRC, with its principal place

of business in Beijing, PRC, and was a Claimant in the Arbitration.

3. Petitioner Huihengying is, and at times relevant herein has been, a limited liability partnership duly organized and existing under the laws of the PRC, with its principal place of business in Beijing, PRC, and was a Claimant in the Arbitration.

4. Petitioner Huirongsheng is, and at times relevant herein has been, a limited liability partnership duly organized and existing under the laws of the PRC, with its principal place of business in Beijing, PRC, and was a Claimant in the Arbitration.

5. Respondent Qin is a citizen of the PRC and a resident of New York, New York, and was one of the four arbitral respondents in the Arbitration.

6. This proceeding is seeking the confirmation and enforcement of the Award against Respondent Qin only.

## JURISDICTION AND VENUE

7. This Petition seeks confirmation of a foreign arbitral award pursuant to 9 U.S.C. § 207 under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented by the United States under Chapter 2 of the Federal Arbitration Act, and codified at 9 U.S.C. §§ 201-208.

8. Under 9 U.S.C. § 203, this Court has subject matter jurisdiction over the dispute because the Award and the agreement to arbitrate involved parties that are not U.S. Citizens. This court has original jurisdiction over the subject matter of this action under 9 U.S.C. § 203 and 28 U.S.C. § 1331.

9. This Court has personal jurisdiction to hear the Petition and enforce the Award because Respondent Qin resides in this District.

10. Venue is proper in this Court under 9 U.S.C. § 204 and 28 U.S.C. § 1391 on the grounds that Respondent Qin resides in this District.

11. This proceeding is brought within the time required pursuant to 9 U.S.C. § 207.

## THE AGREEMENT TO ARBITRATE

12. On March 15, 2017, Shenzhen SMI Shengdian Cultural and Media Group Co., Ltd. ("SMI Shengdian"), SMI International Cinemas Limited ("SMI International"), Chengdu Run Yun Culture Communication Co., Ltd. ("Run Yun"), entered into a Capital Increase Agreement with each Petitioner respectively (collectively, "Capital Increase Agreements"). *See* Lee Decl. **Exhibits C-H** (Capital Increase Agreements and certified translations of the Capital Increase Agreements).

13. Also on March 15, 2017, SMI Shengdian, Respondent Qin and Petitioners entered into a Supplemental Agreement to the Capital Increase Agreement ("Supplemental Agreement"). *See* Lee Decl. **Exhibits I-J** (Supplemental Agreement and certified translation of the Supplemental Agreement). Each of the parties to the Arbitration, or its predecessor in interest, was a party to the Capital Increase Agreements and/or the Supplemental Agreement, and each party here is bound by one or more of the agreements, including Respondent Qin.

14. Under the Capital Increase Agreements, each Petitioner paid RMB 500,000,000 in increased capital, for a total of RMB 1,500,000,000, to invest in Run Yun. *See* Lee Decl. Ex. B at 39.

15. However, SMI Shengdian, Respondent Qin, SMI International, and Run Yun (collectively, the "Arbitral Respondents") failed to perform as obligated under the Capital Increase Agreements and the Supplemental Agreement. *Id.* at 41.

16. On March 30, 2020, Petitioners commenced the Arbitration as Claimants against the Arbitral Respondents. *Id.* at 1. As determined in the Arbitration, Qin is the actual controller of Run Yun. *Id.* at 36, 40, 43, 44, 45, 46.

17. The Arbitration was conducted pursuant to the arbitration clauses contained in the Capital Increase Agreements and the Supplemental Agreement.

18. The arbitration clauses in the above-referenced agreements state as follows:

Article 14.3 of the Capital Increase Agreements:

> "If **the parties** fail to reach a solution through amicable negotiation within [60] days from the date of **dispute**, the **dispute** shall be submitted to China International Economic and Trade Arbitration Commission (Beijing) for arbitration in accordance with the arbitration rules in effect at the time of applying for arbitration."

*See* Lee Decl. Exs. D, F, H at 9.

Article 14.2 of the Supplemental Agreement:

> "Any dispute arising from the performance hereof between the parties hereto shall be settled through negotiation. If negotiation fails, the parties agree to submit the dispute to China International Economic and Trade Arbitration Commission in Beijing, and the arbitration shall be conducted in accordance with its arbitration rules in effect at the time of submission of the dispute, unless otherwise stipulated in the effective award. The actual expenses paid by the parties for dispute resolution (including but not limited to arbitration fees and reasonable attorney fees) shall be borne by the losing party."

*See* Lee Decl. Ex. J at 14.

## THE ARBITRATION AND AWARD

19. The Arbitration was heard and resolved by a panel of three arbitrators (the "Arbitration Panel"): Mr. Xiaomin Sun, who served as the Chair of the Arbitration Panel, Mr. Yong Li, and Ms. Lanfang Liu. *See* Lee Decl. Ex. B at 2-3.

20. The seat of the Arbitration was Beijing, China. *Id.* at 4. On December 22, 2020, an in-person hearing on the merits was held in Beijing (the "Hearing"). The Arbitration Panel received evidence and written submissions from each side. *Id.*

21. Following its deliberations, the Arbitration Panel issued the Award, dated April 22, 2021. The contents of the Award are respectfully incorporated by reference into this Petition.

22. As described in the Award, all four Arbitral Respondents were represented by counsel in the Arbitration and actively participated in the Arbitration.

23. The parties submitted evidence and written submissions in support of their claims and defenses during the Arbitration.

24. The Award disposes of every claim and issue in the Arbitration.

25. In the Arbitration, Petitioners asserted seven claims against the Arbitral Respondents:

   i. to enter into the determination that SMI Shengdian and Qin, jointly and severally, pay the Petitioners their respective equity acquisition prices;

   ii. to enter into the determination that SMI Shengdian and Qin immediately transfer their 5% equity in Run Yun to the Petitioners;

   iii. to enter into the determination that SMI Shengdian and Qin, jointly and severally, pay each of the Petitioners RMB 225,000,000, or a total of RMB 675,000,000, in damages for delayed payment of the equity acquisition prices;

   iv. to enter into the determination that SMI Shengdian and Qin, jointly and severally, pay each of the Petitioners the returns on the security deposit placed by them;

   v. to enter into the determination that SMI International and Run Yun bear joint and several compensation liabilities for Petitioners' claims (i) and (iii);

   vi. to enter into the determination that the Arbitral Respondents, jointly and severally, indemnify the Petitioners for the legal expenses incurred by the Petitioners in conducting the arbitration proceeding; and

      vii. to enter into the determination that the Arbitral Respondents bear all the arbitration fees for this case.

*See* Lee Decl. Ex. B at 15-16.

    26. In the Award, the Arbitration Panel found in favor of Petitioners on claims i, ii, v, and vi referenced above, and granted Petitioners relief in part on claims iii, iv and vii. *Id.* at 31-62.

    27. In particular, the relief granted in the Award include monetary damages against Respondent Qin in the following amounts:

      i. Equity acquisition prices to the Petitioners to acquire the 3.12% equity held by each of the three Petitioners in Run Yun. Specifically, SMI Shengdian and Respondent Qin shall pay the following amounts of equity acquisition prices:

        a. To First Petitioner Chuangtai Rongyuan: RMB $500{,}000{,}000 \times (1 + 15\% \times n/360)$ – RMB 10,000,000, n = the number of days from May 8, 2017 to the date the equity acquisition price is paid in full;

        b. To Second Petitioner Huihengying: RMB $500{,}000{,}000 \times (1 + 15\% \times n/360)$ – RMB 10,000,000, n = the number of days from June 26, 2017 to the date the equity acquisition price is paid in full; and

        c. To Third Petitioner Huirongsheng: RMB $500{,}000{,}000 \times (1 + 15\% \times n/360)$ – RMB 10,000,000, n = the number of days from June 28, 2017 to the date the equity acquisition price is paid in full.

      ii. RMB 150,000,000 in damages to each of the Petitioners for delayed payment of the equity acquisition prices;

      iii. The return of security deposits to each of the Petitioners, plus 9% interest until those security deposits are paid in full. Specifically, SMI Shengdian and Qin shall pay the following amounts as return of security deposits, plus ongoing interest of 9% per annum:

        a. To First Petitioner Chuangtai Rongyuan: RMB 1,000,000 for the period from May 9, 2017 to the date such security deposit is paid in full;

      b. To Second Petitioner Huihengying: RMB 2,041,666.67 for the period from June 28, 2017 to the date such security deposit is paid in full; and

      c. To Third Petitioner Huirongsheng: RMB 2,104,166.67 for the period from July 1, 2017 to the date such security deposit is paid in full.

    iv. Reimbursement of expenses Petitioners incurred in the arbitration proceeding, in the amount of: RMB 311,666 to First Petitioner Chuangtai Rongyuan; RMB 306,667 to Second Petitioner Huihengying; and RMB 306,667 to Third Petitioner Huirongsheng.

    v. Reimbursement of the arbitration fees paid to the Arbitration Commission, in the amount of RMB 12,309,247.80, to the Petitioners.

28. The Arbitration Panel awarded the monetary damages described above in favor of Petitioners jointly and severally against Respondent Qin and the other Arbitral Respondents.

29. As of the date of this Petition, none of the Arbitral Respondents have paid any of the monetary damages assessed against them in the Award.

30. There is no ground for refusing and deferring recognition or enforcement of the Award.

31. No prior applications for similar relief have been sought or issued in this action.

**COUNT ONE: CONFIRMATION OF ARBITRAL AWARD**

32. Petitioners repeat and reallege the allegations set forth in Paragraphs 1 through 31 hereof.

33. Chapter 2 of the Federal Arbitration Act provides:

> Within three years after an arbitral award falling under the Convention is made any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

*See* 9 U.S.C. § 207.

34. The Award is an arbitral award falling under the New York Convention, within the meaning of 9 U.S.C. § 202.

35. In accordance with 9 U.S.C. § 207, Petitioners have filed this Petition within three years of the date of the Award.

36. There is no ground for refusing or deferring recognition or enforcement of the Award pursuant to 9 U.S.C. § 207 or otherwise.

37. Petitioners therefore respectfully request that this Court confirm and enforce the Award and enter judgment accordingly in favor of Petitioners and against Respondent Qin.

WHEREFORE, Petitioners respectfully request that this Court enter an order and judgment against Respondent Qin granting the following relief in favor of Petitioners:

a. confirming the Award pursuant 9 U.S.C. § 207;

b. as provided in the Award, granting monetary damages in favor of Petitioners, in the amount of:

   i. Equity acquisition prices to the Petitioners to acquire the 3.12% equity held by each of the three Petitioners in Run Yun, the amounts of which are as follows as of November 8, 2021:

      a. To First Petitioner Chuangtai Rongyuan: USD 129,134,366.93 (representing RMB 832,916,666.67 converted into U.S. dollars at the 6.45 exchange rate);

      b. To Second Petitioner Huihengying: USD 127,551,679.59 (representing RMB 822,708,333.33 converted into U.S. dollars at the 6.45 exchange rate); and

      c. To Third Petitioner Huirongsheng: USD 127,487,080.10 (representing RMB 822,291,666.67 converted into U.S. dollars at the 6.45 exchange rate).

   ii. USD 23,255,813.95 (representing RMB 150,000,000 converted into U.S. dollars at the 6.45 exchange rate) in damages to each of the Petitioners for delayed payment of the equity acquisition prices;

      iii.    The return of security deposits to each of the Petitioners, plus 9% interest until such security deposits are paid in full. Specifically, as of November 8, 2021, the amounts of security deposits Respondent Qin shall return to the Petitioners, plus ongoing interest of 9% per annum, are as follows:

          a.    To First Petitioner Chuangtai Rongyuan: USD 218,798.45 (representing RMB 1,411,250.00 converted into U.S. dollars at the 6.45 exchange rate);

          b.    To Second Petitioner Huihengying: USD 442,756.78 (representing RMB 2,855,781.25 converted into U.S. dollars at the 6.45 exchange rate); and

          c.    To Third Petitioner Huirongsheng: USD 456,065.89 (representing RMB 2,941,625.00 converted into U.S. dollars at the 6.45 exchange rate).

      iv.    Reimbursement of expenses Petitioners incurred in the arbitration proceeding, in the amount of:

          a.    To First Petitioner Chuangtai Rongyuan: USD 48,320.31 (representing RMB 311,666 converted into U.S. dollars at the 6.45 exchange rate);

          b.    To Second Petitioner Huihengying: USD 47,545.27 (representing RMB 306,667 converted into U.S. dollars at the 6.45 exchange rate); and

          c.    To Third Petitioner Huirongsheng: USD 47,545.27 (representing RMB 306,667 converted into U.S. dollars at the 6.45 exchange rate).

      v.    Reimbursement of the arbitration fees paid to the Arbitration Commission, in the amount of USD 1,908,410.51 (representing RMB 12,309,247.80 converted into U.S. dollars at the 6.45 exchange rate) to the Petitioners.

c.    as provided in the Award, ordering Qin to transfer the 5% of equity in Run Yun held by Qin and SMI Shengdian to the Petitioners;

d.    awarding Petitioners their fees and costs incurred of this proceeding, including their attorneys' fees; and,

  e. granting Petitioners such other and further relief as this Court deems just and proper.

Dated: November 8, 2021
New York, New York

            PILLSBURY WINTHROP SHAW PITTMAN LLP

            By: */s/ Andrew C. Smith*
              Andrew C. Smith
              Geoffrey Sant
              Carol Lee
              31 West 52nd Street
              New York, New York 10019
              Tel: (212) 858-1000
              Fax: (212) 858-1500
              andrew.smith@pillsburylaw.com
              geoffrey.sant@pillsburylaw.com
              carol.lee@pillsburylaw.com

              *Attorneys for Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership*