# Exhibit I

合同编号：【　　　　　　】



# 关于成都润运文化传播有限公司增资协议

## 之

## 补充协议

由

湖州创泰融元投资管理合伙企业（有限合伙）

湖州汇荣晟股权投资合伙企业（有限合伙）

湖州汇恒赢股权投资合伙企业（有限合伙）



与

深圳星美圣典文化传媒集团有限公司

覃辉

签订



2017 年 3 月 15 日

中国北京

## 关于成都润运文化传播有限公司增资协议之补充协议

本协议由以下各方于 2017 年【3】月【15】日在中国北京签订：

投资方：甲方：湖州创泰融元投资管理合伙企业（有限合伙）

    委派代表： 禹丽丽

    主要经营场所：湖州市红丰路 1366 号 3 幢 1215-1

    湖州汇荣晟股权投资合伙企业（有限合伙）

    委派代表： 陈刚

    主要经营场所：湖州市红丰路 1366 号 3 幢 1214-16

    湖州汇恒赢股权投资合伙企业（有限合伙）

    委派代表： 陈刚

    主要经营场所：湖州市红丰路 1366 号 3 幢 1214-15

原股东：乙方：深圳星美圣典文化传媒集团有限公司（"星美圣典"）

    法定代表人： 王洪斌

    住所：深圳市福田区强路 3030 号福田体育公园文化产业总部【 】号福田体育公园文化产业总部 大厦 18 层、19 层、20 层

    统一社会信用代码：914403007451916737

实际控制人：丙方：覃辉

    身份证号：█████████████

    住址：█████████████

鉴于：

1. 标的公司：成都润运文化传播有限公司，是一家依中华人民共和国法律成立并合法存续的有限责任公司，注册地在中华人民共和国成都市武侯区，现登记注册资本为人民币1000万元，目前为星美影院的运营主体，主营业务为电影放映及影院运营。

2. 截至本协议签署日，标的公司现有登记股东共计2位，其中深圳星美圣典文化传媒集团有限公司持股51%，星美国际影院有限公司持股49%。

3. 截至本协议签署日，覃辉先生为标的公司实际控制人。覃辉先生持有星美圣典100%股权；持有香港主板上市公司星美控股（0198.HK）65.5%股权，星美控股间接持有星美国际100%股权。
星美控股通过北京星美汇餐饮管理有限公司（星美控股下属公司）与星美圣典等相关方签署的协议控制星美圣典享有的标的公司51%股权所对应的收益。星美控股目前享有标的公司100%收益。

4. 甲方于2017年【3】月【15】日签署了编号为【(2017)凌字第06号】的《关于成都润运文化传播有限公司的增资协议》（"增资协议"），约定甲方以投前135亿元人民币的标的公司估值对其增资总额人民币15亿元，增资结束后投资方将持有标的公司【9.37%】的股权。

5. 各方一致同意，标的公司完成本协议第2.1条项下影院资产的重组后，原股东会促使标的公司的全部股东同意，优先以重大资产重组（可能构成重组上市）的方式将标的公司全部资产注入A股上市公司，实现间接上市。A股上市公司（以下简称"上市公司"）及前述重大资产重组方案的具体选定届时由标的公司的股东会决议通过。

标的公司进行重大资产重组的，并不影响标的公司在适当时机向中国证券监管部门递交首次公开发行股票的申请，即标的公司申报IPO。

上述各方根据中华人民共和国有关法律法规的规定，经过友好协商，达成一致，特订立本协议如下条款，以供各方共同遵守。

## 第一条 定义

1.1 除非本协议文意另有所指，下列词语具有以下含义

| 各方或协议各方 | 指投资方、原股东、实际控制人。 |
|---|---|
| 标的公司或公司 | 指成都润运文化传播有限公司。 |
| 投资方 | 即湖州创泰融元投资管理合伙企业（有限合伙）、湖州汇荣晟股权投资合伙企业（有限合伙）及湖州汇恒赢股权投资合伙企业（有限合伙）。本协议另有说明或根据上下文含义，可以指前述主体的部分或全部。 |
| 原股东 | 指星美圣典。在本协议下述表述中，为方便表述，皆指星美圣典及覃辉先生之合称。 |
| 本协议 | 指本《关于成都润运文化传播有限公司增资协议之补充协议》及各方就本《关于成都润运文化传播有限公司增资协议之补充协议》约定事项共同签订的补充协议文件（如有）。 |
| 增资协议 | 指于 2017 年【3】月【05】日签署的编号为【(2017)润字第06号】的增资协议。 |
| 增资款 | 指甲方在增资协议项下实际支付到标的公司账户的增资款，增资款数额以实际到达标的公司账户为准，增资款分批到达的，增资款数额各指每个批次的实际金额。 |
| 星美国际 | 指星美国际影院有限公司。 |
| 星美圣典 | 指深圳星美圣典文化传媒集团有限公司。 |
| 星美控股 | 指在联交所上市公司星美控股集团有限公司，股票代码为 00198.HK。 |
| 标的股权 | 指甲方因履行增资协议而获得的全部标的公司股权，指标的公司【9.37】%的股权。 |
| 增资日 | 指甲方在增资协议项下增资款实际到达标的公司验资账户之日，增资款分批到达的，对每笔款项而言，增资款各指每笔增资款实际到达标的公司账户之日。就投资方缴付的保证金而言，该保证金进入验资账户之日为增资日。 |
| 中国 | 指中华人民共和国，为本协议之目的，不包括香港特别行政区、澳门特别行政区及台湾地区。 |
| 政府机关 | 指（1）中国各级人民政府、人民代表大会、人民法院（含专门法院）、人民检察院（含专门检察院）；（2）中国仲裁机构及其分支机构；（3）任何在上述机构领导下或 |

| | |
|---|---|
| | 以上述机构名义行使行政、立法、司法、管理、监管、征用和征税权力的政府授权机构、事业单位和社会团体。 |
| 元 | 指中华人民共和国法定货币元。 |
| 联交所 | 指香港联合交易所有限公司。 |
| 证监会 | 指中国证券监督管理委员会。 |
| 上市公司 | 指标的公司以重大资产重组（可能构成重组上市）的方式将标的公司的全部资产注入的A股（即在上海证券交易所或深圳证券交易所公开上市的）上市公司，具体由标的公司的股东会决议通过。 |
| 成功上市 | 在本协议中，成功上市指标的公司通过直接（IPO）或间接（重组上市）的方式实现A股上市，即成为在上海证券交易所或深圳证券交易所公开交易的上市公司或上市公司的子公司。成功上市的具体时间指投资者已经获得A股股票的时间。 |
| 股票 | 指标的公司成功上市项下上市公司发行的股票。 |
| 锁定期 | 指依照法律法规及交易所相关规定，或因投资方为了促使标的公司成功上市这一事件的发生而做出的承诺，使投资方不能转让标的股份的时期。 |
| 实际投资天数 | 指增资日（含当日）至该部分本金通过原股东支付股权回购款或减持股份或经原股东补偿收回至投资者之日（不含当日） |
| 净利润 | 指依照中国会计准则审计的扣除非经常性损益的净利润。 |

1.2 本协议的条款标题仅为了方便阅读，不影响对本协议条款的理解。

### 第二条  标的公司本次重组的主要步骤

2.1 影院资产的重组

原股东应以包括但不限于收购股权等方式向标的公司装入更多影院资产（不限于同一控制下）。原股东应在最后一个增资日（含当日）起满12个月的对应日前将其控制的所有影院资产全部整合重组至标的公司。

2.2 解除协议控制并同意分拆上市

原股东应促使星美控股的股东大会通过解除对标的公司的协议控制并同意星美控股依据联交所相关规定提出的在中国 A 股分拆上市申请。

2.3 原股东将标的公司在中国 A 股以直接或间接的方式实现成功上市。

### 第三条　业绩承诺

3.1 原股东承诺，标的公司 2017 年经审计的净利润为 7.8788 亿元；2017 年后至成功上市前，标的公司每年度经审计的净利润增长率不低于 15%。

### 第四条　股权购买安排

4.1 出现下列情形之一的，无论任何主观或客观原因，投资方均有权要求原股东按照本协议 4.2 条约定的价格购买投资方持有的标的公司的股权：

　4.1.1　增资日起满 24 个月的对应日后的任何时间；

　4.1.2　标的公司未完成本协议第三条约定的业绩承诺指标的；

　4.1.3　原股东在最后一个增资日（含当日）起满 18 个月的对应日前未能完成如下事宜的：

　　a) 解除本协议第 2.2 条相关的控制协议，并履行完毕一切合法程序，包括但不限于促使星美控股董事会、股东大会通过关于解除控制协议的相关决议；

　　b) 促使星美控股股东大会通过标的公司以重大资产重组或单独 IPO 实现在 A 股上市的相关决议；

　4.1.4　截至最后一个增资日起满 60 个月的对应日，标的公司仍未完成成功上市的。

　4.1.5　原股东违反本协议 10.2 条承诺的。

4.2 购买价格=增资款 X (1+15% X N/360)-投资方已经取得的财务顾问费用及股份（或股权）收益。

N=实际投资天数（增资款分期进入的，分别计算投资天数，自款项实际缴付至验资账户起，至原股东向投资方实际支付购买价款之日止）；

财务顾问费用具体见第5.2.1条；

股份（或股权）收益具体见第九条。

4.3 原股东应于收到投资方要求购买股权的书面通知之日起90日内完成购买义务。投资方和原股东另有约定的除外。

4.4 原股东未能依照本协议第4.2条和4.3条约定履行股权购买义务的，投资方有权要求原股东以1元对价向投资方转让标的公司5%的股权作为违约赔偿。违约赔偿不影响购买义务的继续履行。

投资方要求原股东赔偿的，应向原股东发送书面通知，通知应以特快专递及电子邮件方式分别发送。以特快专递发送的，原股东签收（包括他人代签收）即视为送达；以邮件方式发送的，邮件成功发出后1个工作日即视为送达。

原股东应自通知送达之日起协助投资方办理本条前述的股权补偿的变更登记（股权过户）手续，原股东应在10个工作日内准备完毕全部变更登记所需的书面文件并向相关部门递交书面变更申请。

## 第五条 投资方收益的保证

5.1 原股东承诺，上市前投资方收益不低于单利年利率15%。上市后，自增资日起5年内（包括5年），投资方总投资收益不低于增资款的100%（含上市前单利年利率15%的收益）。投资期超过5年的，就超过的时间，原股东向投资方支付单利年利率15%的投资收益，投资方也可以选择按照本协议第四条要求原股东购买股权。

投资方同意，上市后，自增资日起5年内（包括5年），投资方总投资收益超过100%的，投资方向原股东返还超过100%的收益部分，但该返还部分的

总额以上市前投资方所获的收益（指5.1条第一款所述单利年利率15%的收益中已经实际获得的部分）为限。

原股东应支付投资方在《增资协议》项下缴付的保证金的的收益，按照单利年利率15%计算。

5.2 获取方式：

5.2.1 标的公司成功上市前

各方同意，在标的公司成功上市前，本协议第5.1条所述投资收益由丙方或其指定第三方向投资方支付财务顾问费用的方式体现，即丙方或其指定第三方自增资日起每年向投资方支付增资款总额10%的财务顾问费用。增资日支付2%，增资日起每一年对应日支付10%，最后一年对应日支付8%。不足一年的，按实际存续天数结算。

原股东应于保证金支付至验资账户之日向投资方结清并支付保证金收益，收益计算自投资方支付保证金至指定账户之日起至保证金转至验资账户之日止。

5.2.2 标的公司成功上市后

(1) 成功上市后6个月内，原股东与投资方结算上市前每年单利15%的收益中尚未支付的5%/年收益，在成功上市后6个月内以现金支付，具体按实际天数结算。

(2) 投资方所持股票限售期内，除5.2.2(1)约定的收益外，原股东不支付投资方收益。

(3) 投资方限售期结束后，投资方有权于12个月内完成减持。投资方减持时，享有总保底收益标准为：1）总投资年数小于等于5年时，总收益率不低于100%（其中包含上市前每年单利15%的保底收益）；2）超过5年部分，按单利年利率15%的保底收益及实际天数进行支付。

自增资日起，在投资方持股期间，若标的公司向股东派发股利分红，则当年丙方或其指定第三方向投资方支付的财务顾问费需抵减该部分股利分

红，不足抵减的部分，原股东在标的公司成功上市后 6 个月内以现金支付上市前每年单利 15%的收益中尚未支付的 5%年收益中抵减。

## 第六条 标的公司的治理

6.1 提名董事

标的公司董事会由【　】名董事组成。增资日后，投资方有权向标的公司提名一名董事，原股东应确保标的公司股东会表决同意投资方提名董事当选。

## 第七条 投资方的知情权

7.1 投资方享有作为股东所享有的对标的公司经营管理的知情权和进行监督的权利，投资方有权取得标的公司财务、管理、经营、市场或其它方面的信息和资料，投资方有权向标的公司管理层提出建议并听取管理层关于相关事项的汇报。

7.2 标的公司应按时提供给投资方以下资料和信息：

7.2.1 每日历季度最后一日起 30 日内，提供月度合并管理帐，含利润表、资产负债表和现金流量表；

7.2.2 每日历年度结束后 45 日，提供公司年度合并管理帐；

7.2.3 每日历年度结束后 120 日，提供公司年度合并审计帐；

7.2.4 在每日历/财务年度结束前至少 30 天，提供公司年度业务计划、年度预算和预测的财务报表；

7.2.5 在投资方收到管理帐后的 30 天内，提供机会供投资方与公司就管理帐进行讨论及审核；

7.2.6 按照投资方要求的格式提供其它统计数据、其它财务和交易信息，以便投资方被适当告知公司信息以保护自身利益。

7.2.7 每日历季度最后一日起 30 日内，提供子公司重大事项变动信息表，包括但不限于子公司的关停、出售和收购等。

## 第八条 标的公司的审计

8.1 标的公司应与星美控股同步进行审计，并且在星美控股发布审计报告后，向投资方发布2016年以标的公司为主体的审计报告；

8.2 本协议提及的关于标的公司的审计事项应由投资方认可的具备相关资质的会计师事务所按照中华人民共和国会计准则进行审计。

## 第九条 权益分配

9.1　投资者持有因本次交易获得的上市公司股份期间因该部分股份获得的所有收益，包括但不限于配售股份，现金分红等归投资者所有。

9.2　投资者持有标的公司股权期间因标的公司股权产生的所有收益归投资者所有。

## 第十条 陈述、保证与承诺

10.1 本协议各方分别而非连带地声明、保证及承诺如下：

10.1.1 其为依据中国法律正式成立并有效存续的企业；或中华人民共和国公民，不具有双重国籍。

10.1.2 其拥有签订并履行本协议的全部、充分和权利与授权，并依据中国法律具有签订本协议的行为能力。

10.1.3 其保证其就本协议的签署所提供的一切文件资料均是真实、有效、完整的。

10.1.4 本协议的签订或履行不违反以其为一方或约束其自身或其有关资产的任何重大合同或协议。

10.1.5 其在本协议上签字的代表，根据有效的委托书或有效的法定代表人证明书，已获得签订本协议的充分授权。

10.1.6 其已就与本次交易有关的，并需为各方所了解和掌握的所有信息和资料，向相关方进行了充分、详尽、及时的披露，没有重大遗漏、误导和虚构。

10.1.7 其在本协议中所作的声明、保证及承诺在本协议签订之日均为真实、正确、完整，并在本协议生效时及生效后仍为真实、正确、完整。

10.1.8 其保证完全、适当地履行本协议的全部内容。

10.2 原股东承诺，在标的公司成功上市前，原股东不得对外转让股权，也不得通过转让标的公司股东股权形式间接转让股权，即覃辉先生对标的公司的实际控制地位不能改变，但在不改变实际控制人控制地位的前提下可以进行的企业内部的股权重组。

10.3 投资方承诺，投资方应保证投资主体不对本协议 2.3 条所述的上市构成实质不利影响。如果投资方因投资主体问题而对上市构成实质不利影响的，则投资方同意消除该不利影响。本条款具有独立性，投资方未能达成本承诺不影响本协议其他条款约定的双方权利义务。

10.4 各方确认并同意，本协议项下第四条"股权购买安排"与上市公司规范运作相关的法律、法规及其他规范性文件的规定或者中国证监会的监管政策及要求不一致的条款，自上市公司或标的公司为实现成功上市首次向中国证监会提交申报文件之日或首次披露之日（以较早日为准）起自动终止。若最终未能实现成功上市，则该等条款自动恢复效力，恢复效力后，在前述终止期间未履行部分应予以补充履行。

## 第十一条　违约责任

11.1 原股东同意，投资方可以要求原股东中的一方履行全部义务或按照份额履行义务，投资方对于要求履行义务的对象及各自履行义务的份额拥有完全自主决定权。

11.2 原股东违反本协议约定延期支付款项的，除依照本协议其他条款承担责任外，每延期一日，应向投资方支付延期部分的【5‰】作为违约金，违约金应与延期款项一同支付给投资方。

11.3 任何一方在本协议项下的陈述保证不实、不准确或具有误导的，应向守约方承担违约责任。违约方除应按照本协议约定支付违约金外，还应当赔偿对方因其违约行为而遭受的全部损失，并应承担受损方为主张权利而支付的费用（包括但不限于诉讼仲裁费用、律师费、交通差旅费等）。

11.4 支付违约金不影响守约方要求违约方赔偿损失、继续履行协议或解除协议的权利。

11.5 未行使或延迟行使本协议或法律规定的某项权利并不构成对该项权利或其他权利的放弃。单独或部分行使本协议或法律规定的某项权利并不妨碍其进一步继续行使该项权利或其他权利。

### 第十二条  通知及送达

12.1 协议各方同意，与本协议有关的任何通知，以书面方式送达方为有效。书面形式包括但不限于：传真、快递、邮件、电子邮件。上述通知应被视为在下列时间送达：以传真发送，在该传真成功发送并由收件方收到之日；以快递或专人发送，在收件人收到该通知之日；以挂号邮件发出，在发出之后 7 个工作日；以电子邮件发出，在电子邮件成功发出之后即为送达。

12.2 通知送达下列地点或传至下列传真号码或发至下列电子信箱视为有效送达：

投资方：

甲方：湖州创泰融元投资管理合伙企业（有限合伙）

湖州汇荣晟股权投资合伙企业（有限合伙）

湖州汇恒赢股权投资合伙企业（有限合伙）

收件人：于婷

地　　址：北京市朝阳区东三环北路甲 26 号博瑞大厦 A 座八层

电　　话：+86 10 65048212

传　　真：+86 10 65048100

电子信箱：


**原股东：**

乙方：深圳星美圣典文化传媒集团有限公司

地址：深圳市福田区强路 3030 号福田体育公园文化产业总部 号福田体育公园文化产业总部 大厦 18 层、19 层、20 层

收件人：唐月云

邮编：

传真号码：0755-8295 5188

电子信箱：


**实际控制人：**

丁方：覃辉

地址：

收件人：

邮编：

传真号码：

电子信箱：

### 第十三条　不可抗力

13.1 如果本协议任何一方因受不可抗力事件（不可抗力事件指受影响一方不能合理控制的，无法预料或即使可预料到也不可避免且无法克服，并于本协议签订日之后出现的，使该方对本协议全部或部分的履行在客观上成为不可能或不实际的任何事件。此等事件包括但不限于水灾、火灾、旱灾、台风、地震、及其它自然灾害、交通意外、罢工、骚动、暴乱及战争（不论曾否宣战））影响而未能履行其在本协议下的全部或部分义务，该义务的履行在不可抗力事件妨碍其履行期间应予中止。

13.2 不可抗力事件发生时，各方应立即通过友好协商决定如何执行本协议。不可抗力事件或其影响终止或消除后，各方须立即恢复履行各自在本协议项下的各项义务。

### 第十四条　法律适用与争议解决

14.1 本协议的订立、生效、履行、解释、修改、争议解决和终止等事项适用中国现行法律、行政法规及规章。

14.2 对于本协议各方在履行本协议过程中发生的争议，由各方协商解决，协商不成，各方同意将争议提交至中国国际经济贸易仲裁委员会，仲裁地为北京，并依照其在争议提交时有效的仲裁规则仲裁解决，除非生效裁决另有规定，各方为争议解决而实际支付的费用（包括但不限于仲裁费和合理的律师费）由败诉方承担。

14.3 在仲裁期间，本协议中不涉及争议的条款仍继续履行，各方均不得以解决争议为由拒不履行其在本协议项下的任何义务。

### 第十五条　税费安排

15.1 各方各自承担自身因履行本协议产生的包括但不限于税收、会计费、律师费、工商变更登记费等的相关费用。

## 第十六条　协议的解除

16.1 本协议可经各方协商一致而解除；

16.2 本协议解除的，对于解除前已发生的违约行为，本协议的违约责任条款仍然有效。即本协议解除前由于一方的违约行为致使他方遭受的损失，受损失的一方仍有权根据本协议的违约责任条款提出索赔。本协议解除的，本协议中关于法律适用和争议解决的条款仍为有效。

## 第十七条　保密

17.1 本协议各方承诺将始终对本协议内容予以保密。除非得到其他各方同意，不得向本协议外任一方泄漏与本协议合作有关的任何资料或信息，但前述限制不适用于本协议各方向其董事、受保密协议约束的顾问和咨询人、有管辖权的政府机关、监管机关或证券交易所作出必要披露、或依据适用的法律、法规、规则作出必要公告。

## 第十八条　其他

18.1　本补充协议与"增资协议"不可分割，二者同时生效。

18.2　各方在本协议签订前签署的文件（包括"投资意向书"、"增资协议"）或一方或多方出具的说明、承诺等与本协议不一致的，以本协议为准。

18.3　本协议自各方签署（法人加盖公章，法定代表人签字或盖章，自然人签字）之日起生效。

18.4　本协议一式拾份，本协议各方各执贰份，每份具有同等法律效力。

（以下无正文）

本页无正文，为编号为【2017源第06号】的关于成都润运文化传播有限公司增资协议之补充协议签字页：

甲方：湖州创泰融元投资管理合伙企业（有限合伙）（盖章）

委派代表（签字）

湖州汇荣晟股权投资合伙企业（有限合伙）（盖章）

委派代表（签字）

湖州汇恒赢股权投资合伙企业（有限合伙）（盖章）

委派代表（签字）

乙方：深圳星美圣典文化传媒集团有限公司(盖章)

法定代表人（签字）

丙方：覃辉（签字）