MEMO ENDORSED

# XUE & ASSOCIATES, P.C.
1 School Street, Suite 303A
Glen Cove, NY 11542
PHONE: (516) 595-8887
FACSIMILE: (212) 219-2276

BENJAMIN B. XUE　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL S. ROMERO
MEMBER OF NY & NJ BARS　　　　　　　　　　　　　　　　　　　　　　MEMBER OF NY BAR

October 12, 2022

*Via ECF*
Honorable Katherine Polk Failla, U.S.D.J
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

　　　　　　　　RE:　Huzhou Chuangtai Rongyuan Investment Management Partnership
　　　　　　　　　　　et al. v. Hui Qin
　　　　　　　　　　　Case No.: 1:21-cv-09221-KPF

Dear Judge Failla:

　　　　This Office represents Respondent Hui Qin ("Respondent") in the above-referenced matter. This office writes to you to respectfully request an order directing Petitioners to file copies of the arbitral award (the "Award") issued by the China International Economic and Trade Arbitration Commission ("CIETAC") in favor of Petitioners and against Respondent, the Certified Translation of the Award, the Supplemental Agreement, and the Certified Translation of the Supplemental Agreement with the addresses unredacted (since Petitioners are already in possession of such documents), or in the alternative, granting Respondents leave to file same within two weeks (as Respondents would need to have the entire documents translated first).

　　　　This action involves the confirmation of the Award. The basis of the Award is the underlying Supplemental Agreement (the validity of which Respondent disputes). In support of their motion to confirm the Award, Petitioners filed the Award, a Certified Translation of the

Award, the Supplemental Agreement, and a Certified Translation of the Supplemental Agreement with the Court (Dkt. No.'s 7-1; 7-2; 7-9; 7-10), however critical portions of the Award and the Supplemental Agreement were redacted. Specifically, Petitioners redacted portions of the Award discussing service of process and the addresses at which Respondent was purportedly served in the arbitration proceeding (*See* Dkt No.'s: 7-1 at 2 and 20; 7-2 at 2 and 20) and Petitioners also redacted the service address listed for Respondent in the Supplemental Agreement (*See* Dkt. No.'s: 7-9 at 3 and 14; 7-10 at 4 and 15).

The information that has been redacted is critical to the instant action. One of Respondent's critical arguments, among others, is that Respondent was not properly served in the arbitration proceeding. Due to Petitioner's redactions of the Award and Supplemental Agreement along with Petitioner's misleading arguments, the Court was misled into believing that the address attributed to Respondent in the Supplemental Agreement was an address located at 9 Xiangjun North Alley, Hujialou Street, Chaoyang District, Beijing, China (the "North Alley Address").

In reality, the Supplemental Agreement does **not** list the North Alley Address as Respondent's service address. Instead, the redacted portions of the Supplemental Agreement show the address attributable to Respondent is located at Building 1 Floor 14, Yijingyuan 18B, Chaoyang District, Beijing, China (the "Building Address"), which was handwritten in after-the-fact by a party unknown to Respondent. As the redacted portions of the Award would acknowledge, service was attempted on the Building Address but was returned as undelivered (*See* Dkt No.'s: 7-1 at 2 and 20; 7-2 at 2 and 20).

On September 26, 2022, this Court granted Petitioner's motion for summary judgment to confirm the Award. However, due to Petitioner's misleading arguments and improper redactions, the Court erroneously stated that the North Alley address was listed as Respondent's service

```
```

address in the Supplemental Agreement, and based on this error, the Court rejected Respondent's arguments that service was improper. Accordingly, it is critical that copies of the Award, the Certified Translation of the Award, the Supplemental Agreement, and the Certified Translation of the Supplemental Agreement with the addresses unredacted be made part of the record.

    For the reasons set forth above, Respondent respectfully requests an order be entered directing Petitioner to file copies of the Award, the Certified Translation of the Award, the Supplemental Agreement, and the Certified Translation of the Supplemental Agreement with the addresses unredacted or in the alternative, granting Respondents leave to file same within two weeks. I thank your Honor for your time and consideration in this matter.

Respectfully submitted,

/s/ Benjamin B. Xue
Benjamin B. Xue

Cc.: Petitioners' Counsels

---

The Court is in receipt of Respondent's above letter. Petitioners are hereby ORDERED to produce unredacted copies of the CIETAC Award (Dkt. 7-1) and its English translation (Dkt. #7-2) as well as the Supplemental Agreement (Dkt. #7-9) and its English translation (Dkt. #7-10) to Respondent on or before **October 27, 2022.**

The Clerk of Court is directed to terminate the motion at docket entry #47.

SO ORDERED.

Dated: October 13, 2022
       New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE