# EXHIBIT 3

# LIONBRIDGE

STATE OF NEW YORK )
 )
 ) ss
COUNTY OF NEW YORK )

## **CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Chinese into English of the attached certified Statement of Civil Judgment.

Lynda Green, Senior Managing Editor
Lionbridge

Sworn to and subscribed before me

this 12th day of October, 20 22.

ETHAN WIN LY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LY6323702 .
Qualified in New York County
My Commission Expires 04-27-2023

259 W 30th Street, 11th Floor   New York, NY 10001   +1.212.631.7432

Chaoyang District People's Court, Beijing

Certificate of Effective Judgment

(2020) B 0105 CI No. 57201

The (2020) B 0105 CI No. 57201 Civil Judgment made regarding the divorce dispute between Plaintiff Duo Liu and Defendant Hui Qin has taken legal effect on January 14, 2021.

Hereby certified.

[seal:] Chaoyang District People's Court, Beijing

Chaoyang District People's Court, Beijing

February 4, 2021

People's Republic of China

Chaoyang District People's Court, Beijing

Statement of Civil Judgment

(2020) B 0105 CI No. 57201

Plaintiff: Duo Liu, female, date of birth: ████ 1982, nationality: United States of America, residing at 39 Applegreen Dr., Old Westbury, NY 11568, USA; passport number: ██6054.

Attorney: Baojin Zhou, attorney of Beijing Jintou Law Firm.

Defendant: Hui Qin, male, date of birth: ████ 1968, Han ethnicity, residing at 39 Applegreen Dr., Old Westbury, NY 11568, USA; registered residence: Building 1 Floor 14, Yijingyuan 18B North Lane, Chaoyang District, Beijing, China; citizen identification number: ████████0015.

Attorney: Fang Liu, attorney of Broad & Bright Law Firm.

Attorney: Xinwei Qiu, attorney of Broad & Bright Law Firm.

After the Court received the case of divorce dispute initiated by Plaintiff Duo Liu (hereinafter "Plaintiff") against Defendant Hui Qin (hereinafter "Defendant") for processing, expedited procedures were lawfully applied, and the matter was reviewed in an open court session. Plaintiff and her attorney Baojin Zhou, Defendant and his attorney Fang Liu were present to participate in the litigation. Review of this case has now concluded.

Plaintiff presented the litigation claims to the Court: 1. To decree the divorce between Plaintiff and Defendant; 2. To decree that Plaintiff shall have custody of Daughter A███ Q██ and Son C███ Q██, and Defendant shall pay child support. 3. To lawfully divide the joint marital property, namely properties under the name of Hui Qin, located at

- 1 -

No. 2105, 18F-19F, Block B, No. 2 Jiangtai Road, Chaoyang District, Beijing; and No. 2106 18F-19F, Block B, No. 2 Jiangtai Road, Chaoyang District, Beijing. Facts and rationale: On January 25, 2010, Plaintiff and Defendant registered their marriage at the Department of Civil Affairs, Chaoyang District, Beijing. They had one son and one daughter in the marriage, A███████ Q██ (date of birth: ██████████ 2010) and C█████ Q██ (date of birth: ███████ 2013). During the period of marital cohabitation, the marital relationship has broken down due to incompatible personalities, and there is no possibility of reconciliation. Since the parties could not reach a consensus regarding the divorce and the issue of child custody, the matter has been submitted for adjudication at the Court.

Defendant argues: Defendant consented to the divorce. Defendant consented to Plaintiff being granted custody of the children, and to pay RMB 380,000 in child support by the First of each month starting in January 2021. The joint marital property shall be divided according to the law.

After review, the Court has recognized the following facts: Plaintiff and Defendant registered their marriage at the Department of Civil Affairs, Chaoyang District, Beijing on January 25, 2010. It was the first marriage for Plaintiff and a remarriage for Defendant. In the United States, the parties had one daughter A██████ Q██ on ██████████ 2010; and one son C█████ Q██ on ██████████ 2013.

Regarding the divorce, the parties now both agree to the divorce.

Regarding child custody, the parties agree that Plaintiff shall receive custody of A██████ Q██ and C█████ Q██. From January 2021, Defendant shall pay RMB 380,000 in child support by the First of each month until C████ Q██ is 25 years of age.

Regarding property, according to investigation, No. 2105, 18F-19F, Block B, No. 2 Jiangtai Road, Chaoyang District, Beijing; and No. 2106 18F-19F, Block B, No. 2 Jiangtai Road, Chaoyang District, Beijing were both registered to Defendant in 2016. According to Defendant, the aforementioned properties were purchased prior to the marriage, and the parties jointly repaid the mortgage after they were married. Now, the parties agree that Plaintiff and Defendant shall each hold 50% shares in the two properties. According to investigation, it was further found that both properties are subject to mortgage and sequestration; the parties agree

- 2 -

that after revocation of sequestration and mortgage, Defendant shall assist Plaintiff in performing procedures to amend registration of the two properties, with expenses arising from registration amendment to be borne by Defendant. In addition, the parties both stated that equity in each party's name shall remain with each respective party, and there was no other property requiring disposition by the Court. Regarding liabilities, the parties stated that the couple had no joint liabilities. According to Defendant, the liabilities relevant to the aforementioned properties constituted his personal liabilities.

It is the opinion of this Court: A marital relationship should be based on the emotional connection between the parties. Now, as the parties both acknowledge that the marital emotional relationship has broken down and they agree to divorce, the Court holds no objections.

Regarding custody of the children, as the parties have reached a consensus, the Court holds no objections.

Regarding the joint property, the parties agree that Plaintiff and Defendant shall each hold 50% shares in the two properties, No. 2105, 18F-19F, Block B, No. 2 Jiangtai Road, Chaoyang District, Beijing; and No. 2106 18F-19F, Block B, No. 2 Jiangtai Road, Chaoyang District, Beijing; after revocation of sequestration and mortgage, Defendant shall assist Plaintiff in performing procedures to amend registration of the two properties, the Court holds no objections. In addition, the Parties agree that equity in each party's name shall remain with each respective party, and that the couple had no joint liabilities (these matters were self-reported by the parties, and the statements do not affect the ability of creditors in asserting their rights); since information on equity and liabilities was not provided, the Court does not confirm them in this Judgment.

In summary of the above, pursuant to stipulations of Article 32 and Article 39 of *Marriage Law of the People's Republic of China*, and Article 522 and Article 530 of *Interpretations of the Supreme People's Court on Applicability of the Civil Procedure Law of the People's Republic of China*, the Court decrees as follows:

1. The divorce between Plaintiff Duo Liu and Defendant Hui Qin is hereby granted.

2. Custody of children born in the marriage, A█████ Q█ and C█████ Q█, shall be granted to Plaintiff Duo Liu. Defendant Hui Qin shall pay RMB 380,000 in child support by the First of each month starting in January 2021 until C████ Q█ reaches

- 3 -

twenty-five years of age.

3. Plaintiff Duo Liu and Defendant Hui Qin shall each hold 50% shares in the two properties, No. 2105, 18F-19F, Block B, No. 2 Jiangtai Road, Chaoyang District, Beijing; and No. 2106 18F-19F, Block B, No. 2 Jiangtai Road, Chaoyang District, Beijing, currently registered in the name of Defendant Hui Qin. After revocation of sequestration and mortgage, Defendant Hui Qin shall assist Plaintiff Duo Liu in performing procedures to amend registration of the two properties, with expenses arising from registration amendment to be borne by Defendant Hui Qin.

The case processing fee of RMB 24,500 shall be borne by Plaintiff Duo Liu (already paid).

In case of objections to the Judgment, submit an appeal to the Court within thirty days after service of the Statement of Judgment, and submit the same number of copies as there are counterparties in the appeal. The appeal processing fee should be paid in advance, and the appeal shall be made to Third Intermediate People's Court of Beijing.

Judge          Jing Yang

[seal:] Chaoyang District People's Court, Beijing

December 10, 2020

Clerk          Yingxue Xin

[stamp:] This document is verified to be identical to the original document

- 4 -

北京市朝阳区人民法院

生效证明书

（2020）京 0105 民初 57201 号

原告刘多（Duo Liu）诉被告覃辉离婚纠纷一案作出的（2020）京 0105 民初 57201 号民事判决书已于 2021 年 1 月 14 日发生法律效力。

特此证明。



北京市朝阳区人民法院

二〇二一年一月四日

# 中华人民共和国
# 北京市朝阳区人民法院
# 民事判决书

（2020）京 0105 民初 57201 号

　　原告：刘多（Duo Liu），女，1982 年█████████出生，美利坚合众国国籍，住 39 Applegreen，Dr，Old Westbury，NY，USA，11568，护照号：████6054。

　　委托诉讼代理人：周宝金，北京金投律师事务所律师。

　　被告：覃辉，男，1968 年█████████出生，汉族，住 39 Applegreen，Dr、Old Westbury，NY，USA，11568，户籍地北京市朝阳区怡景园北里 1 楼 14 层 18B，公民身份号码：█████████0015。

　　委托诉讼代理人：刘芳，北京市世泽律师事务所律师。

　　委托诉讼代理人：仇心惟，北京市世泽律师事务所律师。

　　原告刘多（Duo Liu）（以下简称原告）诉被告覃辉（以下简称被告）离婚纠纷一案，本院立案受理后依法适用简易程序，公开开庭进行了审理。原告及其委托诉讼代理人周宝金，被告及其委托诉讼代理人刘芳均到庭参加了诉讼。本案现已审理终结。

　　原告向本院提出诉讼请求：1、判决原告和被告离婚；2、女儿 A██████ Q█ 和儿子 C██████ Q█ 由原告抚养，被告支付抚养费。3、依法分割夫妻共同财产即被告覃辉名下位于北京市朝阳

- 1 -

区将台路 2 号 B 座 18 至 19 层 2105 号房屋和位于北京市朝阳区将台路 2 号 B 座 18 至 19 层 2106 号房屋。事实与理由：2010 年 1 月 25 日，原告与被告于北京市朝阳区民政局登记结婚，婚后育有一子和一女，分别是 A██████ Q█（2010 年 ██████ 出生）和 C██████ Q█（2013 年 █████ 出生）。双方婚后共同生活期间因性格不合夫妻感情确已破裂，无和好可能。因双方对离婚和子女抚养问题无法达成一致意见，特诉至法院。

　　被告辩称：同意离婚。同意孩子由原告抚养，自 2021 年 1 月起每月 1 日前支付抚养费 38 万元。依法分割夫妻共同财产。

　　本院经审理认定如下：原告与被告于 2010 年 1 月 25 日在北京市朝阳区民政局登记结婚。原告系初婚，被告系再婚。双方在美国于 2010 年 ██████ 生育一女 A██████ Q██ 于 2013 年 █ █████ 生育一子 C█████ Q█。

　　关于离婚，现双方均同意离婚。

　　关于子女抚养，双方均同意 A██████ Q█ 和 C██████ Q█ 由原告抚养，被告自 2021 年 1 月起每月 1 日前支付抚养费 38 万元人民币，计算到 C█████ Q█ 满 25 周岁止。

　　关于财产，经查，位于北京市朝阳区将台路 2 号 B 座 18 至 19 层 2105 号房屋和位于北京市朝阳区将台路 2 号 B 座 18 至 19 层 2106 号房屋均于 2016 年登记在被告名下。被告表示上述房屋系婚前购买，婚后有共同还贷。现双方同意上述两套房屋原告和被告各占 50%份额。另查，上述两套房屋均存在抵押和查封，双方同意

- 2 -

解除查封和抵押后被告协助原告办理上述两套房屋的变更登记手续，变更登记产生的费用由被告负担。另双方均表示双方各自名下的股权归各自所有，无需要法院处理的其他财产。关于债务，双方表示无夫妻共同债务，被告表示与上述房屋有关债务系其个人债务。

本院认为：婚姻关系应以双方感情为基础，现双方均认可夫妻感情确已破裂，同意离婚，本院不持异议。

关于子女抚养，双方达成一致意见，本院不持异议。

关于共同财产，位于北京市朝阳区将台路 2 号 B 座 18 至 19 层 2105 号房屋和位于北京市朝阳区将台路 2 号 B 座 18 至 19 层 2106 号房屋，双方均同意各占 50%份额，待解除抵押和查封后被告协助原告办理变更手续，本院不持异议。另，双方均同意各自名下的股权归各自所有，表示无夫妻共同债务（系双方自述，不影响债权人主张权利）；因股权和债务无明确内容，判决中本院不再予以确认。

综上，依据《中华人民共和国婚姻法》第三十二条、第三十九条，《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第五百二十二条、第五百三十条之规定，判决如下：

一、准予原告刘多（Duo Liu）与被告覃辉离婚。

二、婚生子女 A███████ Q██ 和 C██████ Q██ 均由原告刘多（Duo Liu）抚养，被告覃辉自二〇二一年一月起每月一日前支付原告刘多（Duo Liu）抚养费三十八万元，计算到 C██████ Q██ 满

- 3 -

二十五周岁止。

三、登记于被告覃辉名下位于北京市朝阳区将台路 2 号 B 座 18 至 19 层 2105 号房屋和位于北京市朝阳区将台路 2 号 B 座 18 至 19 层 2106 号房屋，原告刘多（Duo Liu）和被告覃辉各占百分之五十份额，被告覃辉于解除抵押和查封后协助原告刘多（Duo Liu）办理上述房屋的变更登记手续，变更登记产生的费用由被告覃辉负担。

案件受理费 24 500 元，由原告刘多（Duo Liu）负担（已交纳）。

如不服本判决，可在判决书送达之日起三十日内，向本院递交上诉状，并按对方当事人的人数提出副本，预交上诉案件受理费，上诉于北京市第三中级人民法院。



审　判　员　杨　静

本件与原本核对无异

二〇二〇年十二月十日

书　记　员　辛迎雪

- 4 -