UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUZHOU CHUANGTAI RONGYUAN INVESTMENT MANAGEMENT PARTNERSHIP; HUZHOU HUIHENGYING EQUITY INVESTMENT PARTNERSHIP; and HUZHOU HUIRONGSHENG EQUITY INVESTMENT PARTNERSHIP,<br><br>                           Petitioners,<br><br>                    -v.-<br><br>HUI QIN,<br><br>                           Respondent. | 21 Civ. 9221 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On September 26, 2022, the Court granted Petitioners' motion for summary judgment and confirmed an Award[1] issued against Respondent in a 2020-2021 Chinese arbitration.  (Dkt. #44).  The Court entered judgment for Petitioners on October 11, 2022.  (Dkt. #46).  Now before the Court is Petitioners' unopposed motion to dissolve the automatic stay of proceedings to execute or enforce the Court's judgment.  (Dkt. #49).

Typically, a prevailing party must wait thirty days before collecting a judgment.  *See* Fed. R. Civ. P. 62(a) (imposing an automatic stay "unless the court orders otherwise.").  This temporary stay affords the non-prevailing party an opportunity to obtain a bond or other security in anticipation of taking an appeal.  Fed. R. Civ. P. 62(b).  But the Rule also anticipates situations in which

---

[1]     The Court adopts the naming conventions defined in its September 26, 2022 Opinion and Order.  (Dkt. #44).  Additionally, the Court refers to Petitioners' memorandum of law in support of their motion to dissolve the Rule 62(a) stay as "Pet. Br."  (Dkt. #50).

accelerated collection is necessary to protect the prevailing party's interests.

One such situation is where there is "a risk that the judgment debtor's assets

will be dissipated." Fed. R. Civ. P. 62 advisory committee's note (2018); *see*

*also Allstar Mktg. Grp., LLC* v. *158*, 18 Civ. 4101 (GHW), 2019 WL 3936879, at

*4 n.6 (S.D.N.Y. Aug. 20, 2019) ("[I]f a plaintiff is concerned that defendants

might attempt to conceal assets during the pendency of the automatic stay, it

should include a dissolution of that stay as part of the relief requested in its

proposed judgment."). Whether to dissolve a Rule 62(a) stay is a matter of the

court's discretion. *See Preble-Rish Haiti, S.A.* v. *Repub. of Haiti*, No. 21 Civ.

4960 (PKC), 2021 WL 4555762, at *3 (S.D.N.Y. Oct. 5. 2021).

Dissolution of the Rule 62(a) stay is warranted in this case to prevent

Respondent from concealing or dissipating his assets. Petitioners suggest that

Respondent has already moved valuable assets to insulate them from a

potential judgment in in the underlying arbitration. (Pet. Br. 7). Specifically,

they allege that Respondent transferred ownership of his home in Old

Westbury, New York, to his ex-mother-in-law and ex-wife for only ten dollars in

a series of transactions occurring shortly after the underlying arbitration was

commenced in China. (*Id.*). Respondent has not contested those allegations.

The timing of the transactions, as well as the minimal consideration offered for

the home, suggest that the transfer was not made for genuine business

purposes.

The Court is also concerned about Respondent's non-responsiveness to

the instant motion. On October 14, 2022, the Court ordered Respondent to file

any opposition on or before October 24, 2022.  (Dkt. #55).  Respondent neither

opposed the motion nor requested an extension of time to respond.  Given

Respondent's history of questionable asset transfers and his failure to

participate in this litigation, the Court finds that there is a well-founded risk

that Respondent is concealing or will conceal assets to avoid collection of the

judgment if the Rule 62(a) stay is not dissolved.  *See Spin Master Ltd.* v. *Alan*

*Yuan's Store*, 325 F. Supp. 3d 413, 427-28 (S.D.N.Y. 2018) (dissolving Rule

62(a) stay based on showing that "defendants are likely to hide their assets");

*Moonbug Ent. Ltd.* v. *A20688*, 21 Civ. 4313 (VM), 2022 WL 1239586, at *5

(S.D.N.Y. Apr. 26, 2022) (same).

It is hereby ORDERED that the automatic stay imposed by Federal Rule

of Civil Procedure 62(a) is dissolved.  Petitioners are permitted to immediately

enforce the judgment at docket entry 46.  The Clerk of Court is directed to

terminate the motion at docket entry 49.

SO ORDERED.

Dated:   October 28, 2022
          New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge

3