# XUE & ASSOCIATES, P.C.
1 SCHOOL STREET, SUITE 303A
GLEN COVE, NY 11542
PHONE: (516) 595-8887
FACSIMILE: (212) 219-2276

BENJAMIN B. XUEMICHAEL S. ROMERO
MEMBER OF NY & NJ BARSMEMBER OF NY BAR

November 14, 2022

*Via ECF*
Honorable Katherine Polk Failla, U.S.D.J
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:**Huzhou Chuangtai Rongyuan Investment Management Partnership et al. v. Hui Qin**
**Case No.: 1:21-cv-09221-KPF**

Dear Judge Failla:

      The undersigned writes to you to you in reply to Petitioner's opposition (the "Opposition") to the undersigned's letter motion to withdraw as counsel for Respondent Hui Qin (the "Motion to Withdraw"). Petitioners' Opposition makes numerous, completely baseless accusations regarding this Office.

      First, Petitioners argue that that the Motion to Withdraw is procedurally deficient, noting Local Civil Rule 1.4 provides that an order granting leave to withdraw "may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement" and "[a]ll applications to withdraw must be served upon the client.". This office provided a satisfactory reason for withdrawal: Mr. Qin has engaged other attorneys to represent him going forward. The files filed in this docket, including without limitation, notice of appearances,

1

motion for reconsideration and responses to discovery demands, clearly show that Seiden Law Group LLP ("Seiden Law Group") is Mr. Qin's counsel and continues to serve as Mr. Qin's counsel.  As the Court is aware, it is Mr. Qin's right to freely choose his counsel, and this is clearly a sufficient reason to permit withdrawal.

Petitioners further argue, without any basis whatsoever, that the Motion to Withdraw was not served on Mr. Qin. This is simply not true, as the Motion to Withdraw clearly states that it has been cc'd to Mr. Qin via email. However, to avoid any doubt, this Office has attached the email that was sent to Mr. Qin enclosing the Motion to Withdraw.   It is completely false for Petitioners' counsel to claim that this Office somehow engaged in concealing Mr. Qin's email and contact information.  Mr. Qin is represented by Seiden Law Group.  Petitioners' counsel is prohibited by law to contact him directly.  Petitioners served the post-judgment discovery demands upon Mr. Qin via his counsel just 2 days after the Court lifted the stay.  It is preposterous for Petitioners to claim that somehow this Office delayed their ability to serve post-judgment discovery demands. Under any circumstances, the email attached clearly shows Mr. Qin's email address.

Second, Petitioner baselessly accuses this Office of being part of some grand conspiracy with Mr. Qin to evade collection of the Judgment entered against him. This could not be further from the truth. This Office seeks to withdraw as counsel for Mr. Qin because we were notified that Seiden Law Group will represent him going forward.

Petitioners argue that despite this Office's representation that we have not been engaged to represent Mr. Qin in connection with further proceedings in post-judgment matters or appeal, that this Office has "provided no such evidence of such a limited engagement", and further, argues that "the Xue Firm continued making filings subsequent to Opinion and Order confirming

the Award", effectively alleging that this Office has lied to the Court, without any evidence whatsoever. Petitioners' allegations are grossly improper and completely inaccurate.

As the Court is aware, this office first appeared as counsel for Mr. Qin on or about January 4, 2022. (Dkt. 19). From that point, through April 26, 2022, every document filed on behalf of Mr. Qin was done through this Office. Seiden Law Group did not appear as counsel for Mr. Qin until on or about May 3, 2022 (Dkt. 42-43). By that point in time, Petitioners' motion for summary judgment had been fully briefed.

After the Court granted the summary judgment based on Petitioners' misleading statements as to the sufficiency of the service of the arbitration proceeding, this Office noticed the clear mistake of the Court attributing the alleged service upon Peng Yun at a totally different address than the address set forth in the Supplemental Agreement.  As this Office is still counsel of record until we are released, we filed a Letter Motion for Leave to File Certain Unredacted Documents. *See* Dkt. No. 47. We also subsequently wrote to Petitioner's counsel to request certain personal identifying information on the divorce decree to be redacted.

However, it would soon become clear that Mr. Qin had decided to have Seiden Law Group representing him going forward.  We were first notified by Mr. Qin and later by Seiden Law Group that Seiden Law Group will take over the representation.  We filed the motion to withdraw soon after Seiden Law Group filed the motion for reconsideration because it is clear that this Office's representation is no longer necessary.  This Office was not involved in preparing or reviewing the Rule 60(b) motion.  Nor was this Office involved in preparing or reviewing the responses to Petitioners' post-judgment discovery demands.

Third, Petitioners' counsel claimed without basis that this Office has certain responsive documents and did not produce those documents.  First, it is false that this Office has those

documents. Second, if my office had certain documents belonging to Mr. Qin, this Office's withdrawal would not in any way delay or hinder Mr. Qin from producing such documents. As stated above, Seiden Law Group is responsible for working with Mr. Qin in responding to the demands. This Office was not asked to be involved in preparing the responses.

In fact, this Office also asked Mr. Qin to furnish a retainer deposit for post-judgment matters if he wanted this Office to represent him in post-judgment matters on or about September 30, 2022, however, no such retainer deposit was ever made. This Office also has different strategies as to how to handle certain matters. For example, when Petitioners filed the motion to dissolve the automatic stay of proceeding to collect the judgment (the "Stay Dissolution Motion"), this Office believed that due to the numerous blatantly false and prejudicial assertions made by Petitioners in the Stay Dissolution Motion[1], an opposition was necessary even though the additional days of the stay really do not matter. Even though we never received the retainer deposit, this Office prepared a draft opposition, and the draft was forwarded to Seiden Law Group per Mr. Qin's instructions. However, such opposition was not finalized or filed based on instructions from Seiden Law Group. Although we disagreed with the strategy of not opposing the Stay Dissolution Motion, since we were concerned about the implications of not rebutting the false, prejudicial, and irrelevant statements contained therein, we respected Seiden Law Group's

---

[1] For example, Petitioners misleadingly claimed that 39 Applegreen Drive, Old Westbury, NY (the "Property") was fraudulently transferred at or about the time of the underlying arbitration. Mr. Qin never even owned the Property. It was owned by a BVI Company associated with him. He transferred his interest in the BVI Company in 2018, almost two full years before the underlying arbitration proceeding was filed. The transfer of the Property that occurred on April 2, 2020, was made by the BVI Company when Mr. Qin did not have control over it, and further, occurred at a time when Mr. Qin was not even aware that the underlying arbitration had commenced. Upon information and belief, the transfers were done for family/matrimonial reasons with the assistance of counsel. The undersigned did not even know Mr. Qin at the time of the transfers.

instructions and did not do further work on the opposition papers. Due to the attorney client privilege, we are not at liberty to further elaborate on this matter.

Petitioners argue that they would be prejudiced should this Office withdraw as counsel. Petitioners' arguments are completely unfounded. Petitioners assert that the Motion to Withdraw was made for the "improper purpose of allowing Qin to evade post-judgment discovery by hiding behind a new law firm with no apparent prior knowledge of Qin's assets". For the reasons set forth above this is simply untrue. Petitioners allege that this Office has responsive documents in file due to our representation of *other parties* in *another action*. Petitioners specifically refer to the action entitled *Goldteam Grp. Ltd. v. King Fame Trading Ltd., et al.*, Index No. 608541/2020 (N.Y. Sup. Ct. Mar. 23, 2022) ("Goldteam Action"). In the Goldteam Action, this Office represented King Fame Trading Limited, Xuemin Liu, and Duo Liu. This Office **did not represent** Mr. Qin in the Goldteam Action, and in fact, Mr. Qin was not even a party to the Goldteam Action at all. The **only** reason Petitioners bring up the Goldteam Action in the first place, is because the Plaintiff in the Goldteam Action alleged that Mr. Qin fraudulently transferred certain property to the Defendants in the Goldteam Action, and Petitioners once again want to use this opportunity as an improper means of prejudicing not only Mr. Qin, but this Office as well. However, what Petitioners fail to disclose is that the Goldteam Action was discontinued, and there was never any finding that a fraudulent transfer took place. Furthermore, the Goldteam Action was discontinued while the Defendants in the Goldteam Action's motion to dismiss was pending and there was no discovery whatsoever as to the parties' assets and related documents.

Without any evidence whatsoever, Petitioners assert that this Office is in possession of responsive documents to their discovery demands to Mr. Qin due to our representation of the

Defendants (not Mr. Qin) in the Goldteam Action.

With respect to Petitioners' contentions regarding the responses and objections that were served by Seiden Law Group, as set forth above, Mr. Qin has directed that Seiden Law Group handle all matters going forward. To the extent that Petitioners have any issues with the responses and objections, Petitioners should work it out with Seiden Law Group who clearly have full access to Mr. Qin.

For the reasons set forth herein, the Motion to Withdraw should be granted. The motion to withdraw was not filed for some improper or nefarious purpose, as Petitioners allege, but rather, because Mr. Qin wants the Seiden Law Group to represent him going forward. Further, Petitioners' completely false and irresponsible accusations cannot serve as proof of any prejudice they may suffer.

Accordingly, the Motion to Withdraw shall be granted.

Thank you for your time and consideration in this matter.

Respectfully submitted,

/s/ Benjamin B. Xue
Benjamin B. Xue

Cc:   Qin Hui (via email)
      All counsels on record (via efiling)