# EXHIBIT D

# 鳌海侨乡置业有限公司与星美国际影院有限公司、青岛阳光星美影院管理有限公司威海分公司房屋租赁合同纠纷一审民事判决书

案　　由 房屋租赁合同纠纷 [点击了解更多]　　　案　　号 （2019）鲁10民初144号

发布日期 2020-04-24　　　　　　　　　　　　浏览次数 32

## 山东省威海市中级人民法院
## 民 事 判 决 书

（2019）鲁10民初144号

原告：威海侨乡置业有限公司，住所地山东省威海市金线顶路1号。

法定代表人：李文琛，董事长。

委托诉讼代理人：谭新，男，该公司法务部经理。

委托诉讼代理人：吕后军，男，该公司销售总监。

被告：星美国际影院有限公司，住所地香港特别行政区中环皇后大道99号中环中心67楼6701-2及13室，办公地址北京市朝阳区向军北里9号星美国际大厦。

法定代表人：刘智远。

被告：青岛阳光星美影院管理有限公司威海分公司，住所地山东省威海市环翠区海淀北路129号-516。

负责人：徐发韬。

原告威海侨乡置业有限公司（以下简称侨乡公司）与被告星美国际影院有限公司（以下简称星美国际公司）、青岛阳光星美影院管理有限公司威海分公司（以下简称星美影院威海分公司）房屋租赁合同纠纷一案，于2019年1月17日诉至山东省威海市环翠区人民法院，因本案系涉港民商事案件，山东省威海市环翠区人民法院于2019年5月20日裁定本案移送本院审理。本院于2019年6月26日立案后，依法适用普通程序，由审判员刘志敏、人民陪审员崔巍、人民陪审员王立民组成合议庭，于2019年8月20日公开开庭审理了本案。原告侨乡公司委托诉讼代理人谭新到庭参加诉讼，被告星美国际公司、星美影院威海分公司经本院传票传唤无正当理由拒不到庭参加诉讼。2020年4月7日，由审判员邓锐、刘志敏、人民陪审员丛丽滋另行组成合议庭继续公开开庭审理了本案。原告侨乡公司委托诉讼代理人谭新、被告星美影院威海分公司负责人徐

发辅到庭参加诉讼，星美国际公司经本院传票传唤无正当理由拒不到庭参加诉讼。本案现已审理终结。

　　侨乡公司向本院提出诉讼请求：1.确认侨乡公司单方作出的终止并解除《房屋租赁合同》之法律行为有效；2.确认侨乡公司单方所做的以物资抵销126.26万元欠款行为有效；3.判令星美影院威海分公司、星美国际公司共同偿付所欠房屋租金及水电费合计906398.55元；4.判令星美影院威海分公司、星美国际公司共同承担诉讼费、保全费。诉讼中，侨乡公司主张其计算租金的起始时间有误，应自租赁物实际交付之日即2015年7月14日起计算，将诉讼请求的金额变更为707262.55元，其中租金为680196.55元，水电费27066元。事实和理由：2013年12月31日，侨乡公司与星美国际公司签订《房屋租赁合同》，由星美国际公司承租侨乡公司海滨北路129号第五层中的部分房屋，租期15年，自2014年3月1日起至2029年2月28日止。租赁合同第8.3条约定，水电费由星美国际公司自行承担并向物业部门缴纳。后2014年4月18日，侨乡公司与星美国际公司签订了《房屋租赁合同变更协议》，第4.1条约定租赁标的物交付日为2014年4月10日，交付的条件是消防一次验收合格；第4.2条约定给予星美国际公司免租期9个月，即自2014年4月18日至2015年1月9日，此后不再享有免租权利。租赁期限变更为：自2014年4月10日起至2029年4月9日止（免租期计入租赁期）；第5.2条约定租金计算方式为："保底租金"与"净票房抽成租金"，两者较高者为实际租金标准（两者均包含物业费）。第5.2.1条约定保底租金为90万元/年，抽成租金因未有达到条件不再叙述。第5.5条约定，星美国际公司应向侨乡公司支付20万元定金。合同签订后，侨乡公司按约定交付了租赁标的物，星美国际公司在威海成立了星美影院威海分公司，并将承租物交由星美影院威海分公司具体经营。由于星美影院威海分公司所形成的票房收入全额进入到星美国际公司管理账户，而星美影院威海分公司未能及时支付租金和水电费，导致长期拖欠租金，且水电费亦由侨乡公司垫付，截止2018年6月15日共计拖欠租金累计2515000元；欠水电费102759.76元（合计2617759.76元）。侨乡公司遂向星美国际公司发出了"全面履行《房屋租赁合同》的催告函"，催告其务必在2018年6月30日前将所欠到期债务偿付完毕，并告知其拒不履行合同侨乡公司将依据合同法第94条的相关规定，单方终止并解除租赁合同。同时在该函件当中，还善意邀请星美国际公司速派人前来威海进行协商。但是星美国际公司一直没有任何信息反馈。2018年8月7日侨乡公司向星美国际公司发出了"解除《房屋租赁合

同》告知书"，告知星美国际公司因其拒绝履行合同主要义务，侨乡公司自2018年8月15日零时起即终止和解除双方签订的《房屋租赁合同》及《房屋租赁合同变更协议》。解除合同告知书发出后，星美影院威海分公司派会计送来20万元支票一张，要求恢复合同履行，侨乡公司认为其缺乏继续履行合同的诚意，没有接受，口头告知星美影院威海分公司转达侨乡公司意见，如果有诚意，应当派出高层级代表前来洽谈，但无果。直到2018年10月29日，侨乡公司委托评估机构出具评估报告，对星美国际公司在承租场地内的资产进行了清点和评估，用物资折抵欠款126.26万元。

星美影院威海分公司辩称，其对侨乡公司主张的事实、租金计算的时间没有异议，对欠付租金和水电费的金额不清楚。其主张星美国际公司与星美影院威海分公司均隶属于星美集团总部。租金和水电费的支付资金由星美影院威海分公司向总部申请，由总部下拨，使用和支付都要总部授权。其已将侨乡公司发送的解除合同通知告知了总部。

星美国际公司未作答辩。

侨乡公司围绕诉讼请求依法提交了租赁标的物的房屋所有权证书、土地使用权证书、《房屋租赁合同》、《房屋租赁合同变更协议》、欠费催告催缴函、房租欠费催缴通知、全面履行《房屋租赁合同》的催告函、关于解除《房屋租赁合同》的告知书、告知书、侨乡公司与星美影院威海分公司和星美国际公司间会计业务往来单据、价格评估报告以及星美国际公司出具的将案涉租赁物无偿提供给青岛阳光星美影院管理有限公司用于经营其投资设立的威海分公司的证明复印件，并申请星美影院威海分公司原负责人吕某就星美影院威海分公司和星美国际公司的关系出庭作证。

证人吕某出庭证实，《房屋租赁合同》是星美国际公司的领导来威海签订的，星美影院威海分公司注册时借用了青岛阳光星美影院管理有限公司的名义。侨乡公司提交的证明是星美国际公司为了星美影院威海分公司工商注册出具的，星美影院威海分公司管理上不隶属青岛阳光星美影院管理有限公司，都归总部负责。星美影院威海分公司对于票房收入没有支配权，付的租金都要走流程审批，用茶叶和红酒顶的租金都是由总部负责协调借调的。证人认为星美国际公司与星美影院威海分公司是上下级关系。

本院组织当事人进行了质证，星美影院威海分公司对侨乡公司提交证据和证人证言无异议。本院经审查认为，侨乡公司提交的证据和证人证言真实、合法，与待证事

实具有关联性，本院予以采信。星美国际公司未到庭应诉，视为放弃答辩、质证的权利。

　　根据当事人陈述和经审查确认的证据，本院认定事实如下：

　　2013年12月31日、2014年4月18日，侨乡公司（甲方）与星美国际公司（乙方）先后签订了《房屋租赁合同》《房屋租赁合同变更协议》，约定星美国际公司承租侨乡公司开发建设的"侨乡城市广场（二期）"的侨乡优购世界五层用于经营影院，租赁期限15年，自2014年4月10日起至2029年4月9日止（免租期计入租赁期），免租期9个月，自2014年4月10日（暂定日）至2015年1月9日，租金计算方式分为"保底租金"与"净票房抽成租金"，两者较高者为实际租金标准（两者均包含物业费）。保底租金90万元，按月结算，每月的租金暂按年保底租金的十二分之一计算。首月租金自免租期届满次日起5个工作日内交纳；此后每月届满前15个工作日内交纳。星美国际公司应向侨乡公司支付20万元订金。订金交付后，订金的本金冲抵自按照合同约定的租赁期限开始之日起的相应租金。该租金的冲抵以第一次的租金支付日为开始之日，于以后连续的各租金支付日进行，直至订金冲抵完前，星美国际公司不需另行支付租金。当订金余额不足以支付一个月租金时，星美国际公司需支付其不足部分。此后的租金按合同的规定交纳。《房屋租赁合同》第八条"物业管理费及公共事业费用"8.3约定，公共事业费用按照为乙方单独设置的计数设备所显示的数额实际收取。本合同的公共事务费用当中的水费由甲方安装计量表，由乙方向水务管理部门直接缴纳；电费由物业公司统一代收，分为乙方专用加公共分摊，乙方应当按照物业公司抄表后计算出来的具体费用向物业公司交纳。具体分摊方式为：结合各个物业使用人所占用的物业建筑面积（或使用面积）并结合各自使用公共物业的具体时间合理分摊该项费用。空调费按照乙方建筑面积并结合使用时间由乙方向物业公司或供暖（冷）单位交纳。第十一条"违约责任"11.5约定，乙方未按本协议约定及时支付租金或其他费用的，甲方有权选择提前解除本合同。第十二条"转租、抵押、转让及权利转移"12.6约定，甲方理解乙方将委托其关联公司在当地设立该影城运营管理公司，甲方承诺配合办理该影城运营管理公司工商设立的相关手续并提供相应文件，待该管理公司正式成立后，甲方同意配合乙方签署相关协议将本合同的权利义务全部转让给该管理公司。第十四条"合同的终止及撤离"14.2约定，如本合同到期或提前终止，乙方应在期满或终止后30日内，自费将其所有的可移动物品搬离，将租赁标的

（包括所有的固定装置和设备）交回甲方，且不得破坏原有的不可移动之装修部位。租赁标的（包括所有的固定装置和设备）应保持与交付给乙方时同样良好的状态，自然磨损和自然损坏除外。在本合同期满或提前终止后，若乙方未能按时搬出物品、把租赁标的的占有权交还甲方，应视为乙方放弃相关物品的所有权，甲方有权处分。第十六条"法律适用及争议解决"16.1约定，合同的订立，效力、解释、履行和争议的解决适用中华人民共和国法律（但中华人民共和国香港、澳门特别行政区的法律、法规除外）。16.2约定，因履行本合同发生的争议，双方首先应通过友好协商解决，如通过友好协商不能解决，任何一方均有权将争议提交租赁标的物所在地有管辖权的人民法院裁决。

　　合同签订后2014年5月13日，星美国际公司通过北京星美汇餐饮管理有限公司向侨乡公司支付20万元订金。2015年1月30日，星美影院威海分公司成立。侨乡公司向星美影院威海分公司交付了侨乡城市广场二期五层，用于星美影院威海分公司的经营。因未达到抽成租金的支付条件，双方按底租金90万元/年履行。经营期间，星美影院威海分公司于2017年12月8日交付租金8万元、于2017年12月22日以酒抵顶租金8万元、于2018年2月28日转账交付租金20万元、于2018年2月28日以茶叶抵顶租金20万元。

　　因星美影院威海分公司未按期支付租金、水电费、空调费，2017年1月22日，侨乡公司向星美影院威海分公司发出"欠费催告催缴函"，向星美影院威海分公司催缴2016年夏季空调费和截止到2017年1月的冬季空调费110687.41元、2016年8月18日至2016年12月17日的水电费50981元、2016年6月至2017年1月的租金600000元，并表示如不按期缴清上述费用，侨乡公司有权单方行使解除权。星美影院威海分公司工作人员窦海涛签收了上述催缴函。2017年3月24日，侨乡公司又向星美影院威海分公司发出"房租欠费催缴通知"，要求支付2016年6月至2017年3月的租金。

　　2018年6月25日，侨乡公司向星美影院威海分公司负责人徐发韬送达"全面履行《房屋租赁合同》的催告函"，催告函载明：计租时间应当自2015年7月14日开始计算，计算到2018年6月30日，共计2年零11.5个月，生成租金2665479.45元，星美国际公司已实际支付560000元，尚欠2105479.45元。截止2018年5月31日，欠水电费102759.76元。要求星美国际公司于2018年6月30日将所欠租金及费用清偿完毕。如逾

期，侨乡公司根据合同法的规定单方终止和解除租赁合同，收回租赁场地，并对在地内的部分物资予以限制转让，用以充抵所欠债务。

2018年8月7日，侨乡公司向星美影院威海分公司负责人徐发韬送达"关于解除《房屋租赁合同》的告知书"（以下简称解除合同通知），载明：侨乡公司要求在2018年8月14日前将所欠租金2218904.11元，水电费123893.44元，违约金205804.60元，共计2548602.15元全额支付。并表明，逾期未全额支付，侨乡公司根据合同法第94条的规定，定于2018年8月15日0：00时，单方解除《房屋租赁合同》。同时要求星美国际公司将涉及到租赁标的物地址与第三方的协议尽早解除。租赁场地内的设备、物品因在限定时间内未有前来清算，视为单方放弃，侨乡公司将邀请第三方对其进行评估，评估物的剩余价值优先抵顶星美国际公司所欠债务，不足部分将保留追索权。

2018年8月9日，侨乡公司收到星美影院威海分公司20万元支票，侨乡公司用该20万元抵扣了2017年11月至2018年7月其代缴的水电费123892.44元后，余款76107.56元抵扣了租金。2018年7月18日至2018年9月18日，星美影院威海分公司欠付水电费26202元，2018年9月19日至10月31日欠付电费864元。截止2018年8月15日，星美国际公司尚欠租金680196.55元。

2018年10月，侨乡公司委托山东永平房地产评估有限公司对星美影院威海分公司经营的影院内的部分装修、配套设备等进行了价格评估，评估基准日为2018年10月24日，评估价格为126.26万元。2018年10月31日，侨乡公司向星美影院威海分公司负责人徐发韬发送"告知书"一份，将其评估了租赁物中的物资、并用物资抵顶相应欠款一事进行了告知。至此，星美影院威海分公司工作人员撤离租赁物。

本院认为，本案被告星美国际公司系香港特别行政区登记注册的公司，本案系涉港民商事案件，应参照适用涉外民事诉讼程序的规定审理。《房屋租赁合同》第十六条对争议的法律适用和管辖问题均有明确约定，涉案租赁标的物在本院辖区内，本院依据约定对本案享有管辖权。双方当事人约定内地法律作为处理争议所适用的法律，本院予以确认。

本院认为，涉案《房屋租赁合同》《房屋租赁合同变更协议》系侨乡公司和星美国际公司的真实意思表示，内容合法、形式完备，应认定为合法有效，当事各方应依合同约定全面履行义务。侨乡公司依约将符合合同约定的租赁物交付星美国际公司，星美国际公司应依约履行支付租金的义务。星美国际公司委托青岛阳光星美影院管理

有限公司在威海设立星美影院威海分公司负责运营管理影院，并向侨乡公司支付了部分租金。经侨乡公司多次催缴，星美影院威海分公司未支付欠付租金。根据《中华人民共和国合同法》第六十五条"当事人约定由第三人向债权人履行债务的，第三人不履行债务或者履行债务不符合约定，债务人应当向债权人承担违约责任"的规定，星美影院威海分公司未支付租金，应由星美国际公司向侨乡公司承担违约责任。根据合同约定，星美国际公司未按约定及时支付租金或其他费用的，侨乡公司有权选择提前解除合同。现侨乡公司将解除合同通知发送给星美影院威海分公司负责人，星美影院威海分公司负责人将通知内容告知了总部，侨乡公司将解除合同通知送达到星美影院威海分公司即产生合同解除的效力，本院对涉案《房屋租赁合同》《房屋租赁合同变更协议》于2019年8月15日解除的事实予以确认。侨乡公司以租赁物实际交付之日起至合同解除之日止作为计算租金的期间，有事实依据，本院予以确认。

合同解除后，侨乡公司有权要求星美国际公司支付欠付租金，并要求星美国际公司将租赁物内所有可移动物品搬离，将租赁物交回侨乡公司。因星美国际公司未将租赁物内的设备、物品搬离，根据合同约定，视为星美国际公司放弃相关物品的所有权，侨乡公司有权处分。现侨乡公司将相关设备、物品进行了评估，并将评估结果以及用设备、物品抵顶欠款一事告知了星美国际公司，星美国际公司未提出异议，侨乡公司的抵顶行为不损害星美国际公司的利益，本院予以确认。

根据合同约定，租赁期间的水电费应由星美国际公司向相关部门进行缴纳，现侨乡公司代星美国际公司缴纳了相关水电费，星美国际公司应予偿还，侨乡公司要求星美国际公司偿还代垫的水电费有事实和法律依据，本院予以支持。

关于星美影院威海分公司是否应对星美国际公司的债务承担责任问题。本院认为，根据合同约定，星美国际公司委托其关联公司设立影城运营管理公司即星美影院威海分公司，侨乡公司同意配合星美国际公司签署相关协议将合同的权利义务全部转让给星美影院威海分公司。但自星美影院威海分公司成立至今，星美国际公司未就房屋租赁合同中承租人权利义务转让事宜与侨乡公司签订协议，合同主体未发生变更，房屋租赁合同对星美影院威海分公司不具有约束力。星美国际公司和星美影院威海分公司不存在办公地址、人员、管理上混同的事实，侨乡公司主张星美国际公司和星美影院威海分公司混同证据不足，侨乡公司主张星美影院威海分公司应对星美国际公司的债务承担责任，于法无据，本院不予支持。

综上，侨乡公司诉讼请求中有事实及法律依据的部分，本院依法予以支持，侨乡公司诉讼请求中不合理的部分，本院不予支持。酿成本案纠纷的责任在星美国际公司，诉讼费用应由星美国际公司承担。依照《中华人民共和国合同法》第八条、第六十五条、第九十三条、第一百零七条、第二百一十二条、第二百二十七条，《中华人民共和国涉外民事关系法律适用法》第四十一条，《中华人民共和国民事诉讼法》第一百四十四条、第二百五十九条、《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第五百五十一条规定，判决如下：

一、确认威海侨乡置业有限公司解除房屋租赁合同行为有效；

二、确认威海侨乡置业有限公司以租赁物内物品抵顶星美国际影院有限公司126.26万元欠款的行为有效；

三、星美国际影院有限公司于本判决生效后十日内支付威海侨乡置业有限公司租金680196.55元；

四、星美国际影院有限公司于本判决生效后十日内偿还威海侨乡置业有限公司代垫水电费27066元；

五、驳回威海侨乡置业有限公司对青岛阳光星美影院管理有限公司威海分公司的诉讼请求。

如果未按本判决确定的期间履行金钱给付义务，应当依照《中华人民共和国民事诉讼法》第二百五十三条规定，加倍支付迟延履行期间的债务利息。

案件受理费15073元，财产保全费1010元，共计16083元，由星美国际影院有限公司负担。

如不服本判决，威海侨乡置业有限公司、青岛阳光星美影院管理有限公司威海分公司可以在判决书送达之日起十五日内，星美国际影院有限公司可以在判决书送达之日起三十日内向本院递交上诉状，并按对方当事人或者代表人的人数提出副本，上诉于山东省高级人民法院。

审　判　长　　邓　锐

审　判　员　　刘志敏

人民陪审员　　丛丽滋

二〇二〇年四月二十一日

书　记　员　　李英男
