# EXHIBIT E

# 仲裁申请书

**申请人一：**湖州创泰融元投资管理合伙企业（有限合伙）

执行事务合伙人：中泰创展（深圳）资本管理有限公司

住所地：浙江省湖州市红丰路 1366 号 3 幢 1215-1

**申请人二：**湖州汇恒赢股权投资合伙企业（有限合伙）

执行事务合伙人：北京中泰创汇股权投资基金管理有限公司

住所地：浙江省湖州市红丰路 1366 号 3 幢 1214-15

**申请人三：**湖州汇荣晟股权投资合伙企业（有限合伙）

执行事务合伙人：北京中泰创汇股权投资基金管理有限公司

住所地：湖州市红丰路 1366 号 3 幢 1214-16



**申请人一、申请人二、申请人三合称"申请人"，代理人信息如下：**

委托代理人：束建华，北京中泰创汇股权投资基金管理有限公司员工、联系电话 18911399119，送达地址：北京市朝阳区大望京商务区保利国际广场 T1 座 29 层。

委托代理人：北京市安理律师事务所　郑玮/方梅/李峥/屈晨希/朱华艺/孙奇敏，联系电话：13811882637（郑玮）、13810311010（屈晨希）、18810925687（朱华艺）、18607365438（孙奇敏）



**被申请人一：**深圳星美圣典文化传媒集团有限公司

法定代表人：黄金诚，执行董事

住所地：深圳市福田区福强路 3030 号福田体育公园文化产业总部大厦 18 层、19 层、20 层

联系人：唐月云　　　　　　　联系电话：0755-82955188

**被申请人二**：覃辉，男，1968 年 ▓▓▓▓▓ 生，汉族
身份证号码：▓▓▓▓▓▓▓0015
住址：北京市朝阳区怡景园北里 1 楼 14 层 18B
联系电话：13901055555

**被申请人三**：星美国际影院有限公司
住所地：香港中环皇后大道中 99 号中环中心 67 楼 6701-02 及 13 室
董事：魏裕泰 WAI Yee Tai，新加坡护照号：E5164453L
联系人：黄荣舜　　　　　　　　联系电话：00852-39155800

**被申请人四**：成都润运文化传播有限公司
法定代表人：刘建军，董事长
住所地：四川省成都市武侯区玉林东路 5 号 2-3-5
联系人：王超　　　　　　　　联系电话：17001860092

**被申请人一、被申请人二、被申请人三、被申请人四，合称 "被申请人"**

**仲裁依据：**

1. 2017 年 3 月 15 日，申请人一、申请人二、申请人三分别与被申请人一深圳星美圣典文化传媒集团有限公司（以下简称"被申请人一"或"星美圣典公司"）、被申请人三星美国际影院有限公司（以下简称"被申请人三"或"星美国际公司"）、成都润运文化传播有限公司（以下简称"成都润运公司" 或"标的公司"）签订编号为（2017）资字第 06 号-1、-2、-3《关于成都润运文化传播有限公司的增资协议》（以下合称"《增资协议》"），第 14.3 款约定：**"若各方当事人未能在发生争议之日起 60 天内通过友好协商的方式达成解决方案，则该争议应提交中国国际经济贸易仲裁委员会（北京），按照申请仲裁时该会届时有效的仲裁规则在北京进行仲裁"**。

2

2. 同日，申请人与被申请人一、被申请人二签订《关于成都润运文化传播有限公司增资协议之补充协议》（以下简称"《补充协议》"）第 14.2 款约定："**对于本协议各方在履行过程中发生的争议，由各方协商解决，协商不成，各方同意将争议提交至中国国际经济贸易仲裁委员会，仲裁地为北京，并依照其在争议提交时有效的仲裁规则仲裁解决**"。

**仲裁请求：**

1. 裁决被申请人一、被申请人二共同向申请人一、申请人二、申请人三分别支付股权购买价款（购买标的为三位申请人分别持有的成都润运公司 3.12% 股权，股权购买价款按照《补充协议》第 4.2 款约定计算至被申请人共同向申请人实际支付完毕购买价款之日止，并扣减相应财务顾问费；暂计至 2020 年 3 月 12 日，被申请人一、被申请人二应共同向申请人一、申请人二、申请人三支付的股权购买价款分别为 706,666,666.67 元、696,458,333.33 元、 696,041,666.67 元，共计 2,099,166,666.67 元）；

2. 裁决被申请人一、被申请人二立即向申请人一、申请人二、申请人三转让成都润运公司 5% 的股权，5% 的股权在三名申请人中平均分配；

3. 裁决被申请人一、被申请人二共同向申请人一、申请人二、申请人三各支付迟延支付股权购买价款的违约金 2.25 亿元，总计 6.75 亿元；

4. 裁决被申请人一、被申请人二共同向申请人一、申请人二、申请人三分别支付保证金收益（以三位申请人各自支付的 50,000,000.00 元保证金为基数，按照年收益 15% 计算，自 2017 年 3 月 22 日分别计至 2017 年 5 月 8 日、2017 年 6 月 27 日、2017 年 6 月 30 日期间的收益，分别为 1,000,000.00 元、2,041,666.67 元、2,104,166.67 元，共计 5,145,833.33 元），以及因迟延支付保证金收益的违约金（对申请人一的保证金收益违约金以 1,000,000.00 元为基数，自 2017 年 5 月 9 日起按照年化 24% 计算至全部清偿之日止，以上违约金暂计至 2020 年 3 月 12 日为 692,666.67 元；对申请人二的保证金收益违约金以 2,041,666.67 元为基数，自 2017 年 6 月 28 日起计算至全部清偿之日止，以上违约金暂计至 2020 年 3 月 12 日为

1,346,138.89 元；对申请人三的保证金收益违约金以 2,041,666.67 元为基数，自 2017 年 7 月 1 日起计算至全部清偿之日止，以上违约金暂计至 2020 年 3 月 12 日为 1,383,138.89 元。截至 2020 年 3 月 12 日，申请人的保证金收益违约金共计为 3,421,944.45 元）

5. 裁决被申请人三、被申请人四对第一项和第三项仲裁请求应承担连带赔偿责任。

6. 裁决被申请人共同赔偿申请人为本案仲裁所支出的费用，包括律师费 500,000.00 元、保全费、财产保全担保费及其他合理费用。

7. 裁决被申请人承担本案全部仲裁费用。

以上，截至 2020 年 3 月 12 日，第 1-7 项仲裁请求金额暂总计 2,783,234,444 元。

**事实与理由：**

**一、交易背景简介**

标的公司成都润运公司原注册资本 1000 万元，主营业务为电影放映及影院运营，注册于成都市武侯区。原股东被申请人一和被申请人三分别持有标的公司 51%、49%的股权。被申请人二覃辉系标的公司实际控制人（参见《补充协议》"鉴于"部分第 1、2、3 条），具体如下：



星美控股集团有限公司（以下简称"星美控股公司"）拟分拆影城资产并以成都润运公司作为该等影城资产及业务的承载主体，借壳 A 股上市公司"宇顺电子"，实现成都润运公司在国内主板上市。为此，本案三位申请人作为投资人，与标的公司、标的公司股东星美圣典公司和星美国际公司、标的公司实际控制人覃辉以及星美控股公司进行了磋商并达成《增资协议》、《补充协议》。

**二、《增资协议》、《补充协议》的约定内容**

2017 年 3 月 15 日，申请人一、申请人二、申请人三分别与被申请人一星美圣典公司、被申请人三星美国际公司、标的公司签订编号为（2017）资字第 06 号-1、-2、-3《增资协议》。同日，申请人与被申请人一、被申请人二签订《补充协议》。

上述协议共同构成本案所涉交易，相互关联，不可分割，相关条款内容如下：

1. 《增资协议》主要内容

(1) 背景第(2)款："截至本协议签署之日，公司的注册资本为人民币 1,000 万元，星美圣典持有公司 51%股权，星美国际持有公司 49%股权"。

(2) 第 2.1 款："综合考虑公司的经营状况、盈利水平、发展前景等因素，并经投资者与星美圣典、星美国际友好协商，确认公司本次增资前的估值为 135 亿元。以该等估值为参考依据，各投资人分别出资 50,000 万元，除认缴新增资本外，其余计入公司资本公积"。

附件一定义：投资者股权比例=投资者投资金额/（投前估值+本轮增资总的投资额）*100%

(3) 第 2.2 款："投资者增资后持有的公司股权比例按其新增资本占总注册资本（含本轮其他投资者认缴的注册资本）的比例计算"。

(4) 第 5.1 款："各方同意，自投资者根据本协议第 4.3 条之规定将出资款付至验资账户后 60 个工作日内，共同配合并促使公司完成以下事项：(c)向注册地工商局办理完毕与增资相关的工商变更登记手续"。

(5) 第 6.1 款："为上市运作之目的，投资者承诺，将无条件同意并支持、配合公司在本协议签署前后进行影院资产收购（被收购方为初始股东的关联方及/或独立第三方）、下属影院资产重组及整合"。

(6) 第 6.2 款："各方同意，尽一切努力、行动和措施配合公司后续以符合法律法规的方式实现上市运作。为上市运作之目的，公司本协议签署之后发生股权转让、增资等股权权益变动事宜，最终以公司及其股东

6

签署的相关交易协议的约定为准"。

(7) 第 7.1 款，标的公司和星美圣典、星美国际向投资者陈述和保证：…（c）公司和星美圣典、星美国际签署及履行本协议没有也不会……（iv）违反对其作出的任何法院判决或仲裁裁决，或任何政府或主管机构的决定或规定；（e）公司的股权上不存在质押或者其他权利负担……（h）星美圣典、星美国际保证公司于上市运作前的控制权稳定。

(8) 第 11.2 条之约定，如违约方未在本协议第 11.1 条所述的补救期内予以补救，则除本协议第 12.1 条（c）项或相关中国法律项下的权利之外，受损害方还可以就违约引起的损失提出索赔，违约方应赔偿其因违约而给受损害方造成的直接和间接损害。

## 2. 《补充协议》主要内容

(1) 第 1.1 款："原股东指星美圣典公司及覃辉"、"标的股权指甲方因履行增资协议而获得的全部标的公司股权，指标的公司 9.37%的股权"；"成功上市指标的公司直接或间接的方式实现 A 股上市"；"净利润指按照中国会计准则审计的扣除非经常性损益的净利润"。

(2) 第 2.1 款影院资产的重组："原股东应以包括但不限于收购股权等方式向标的公司装入更多影院资产（不限于同一控制下）。原股东应在最后一个增资日（含当日）起满 12 个月的对应日前将其控制的所有影院资产全部整合重组至标的公司"。

(3) 第 2.2 款解除协议控制并同意分拆上市："原股东应促使星美控股的股东大会通过解除对标的公司的协议控制并同意星美控股依据联交所相关规定提出的在中国 A 股分拆上市申请"。

(4) 第 2.3 款："原股东将标的公司在中国 A 股以直接或间接的方式实现成功上市"。

(5) 第 3 条："原股东承诺，标的公司 2017 年经审计的净利润为 7.8788 亿

元；2017 年后至成功上市前，标的公司每年度经审计的净利润增长率不低于 15%"。

(6) 第 4.1 款："出现下列情况之一的，无论任何主观或客观原因，投资方有权要求原股东按照本协议 4.2 条约定的价格购买投资方持有的标的公司的股权：4.1.1 增资日起满 24 个月的对应日后的任何时间；4.1.2 标的公司未完成本协议第三条约定的业绩承诺指标的；4.1.3 原股东在最后一个增资日（含当日）起满 18 个月的对应日前未能完成如下事宜的：a)解除本协议第 2.2 款相关的控制协议，并履行完毕一切合法程序，包括但不限于促使星美控股董事会、股东大会通过关于解除控制协议的相关决议；b)促使星美控股股东大会通过标的公司以重大资产重组或单独 IPO 实现在 A 股上市的相关决议；4.1.4 截至最后一个增资日起满 60 个月的对应日，标的公司仍未完成功上市的。4.1.5 原股东违反本协议第 10.2 款相关承诺的"。

(7) 第 4.2 款："购买价格 = 增资款×(1+15%×投资天数/360)−投资方已经取得的财务顾问费用及股份（或股权）收益"。

(8) 第 4.3 款："原股东应于收到投资方要求购买股权的书面通知之日起 90 日内完成购买义务"。

(9) 第 4.4 款："原股东未能依照本协议第 4.2 款和 4.3 款约定履行股权购买义务的，投资方有权要求原股东以 1 元对价向投资方转让标的公司 5%的股权作为违约赔偿。违约赔偿不影响购买义务的继续履行。原股东应自通知送达之日起协助投资方办理本条前述的股权补偿的变更登记（股权过户）手续，原股东应在 10 个工作日内准备完毕全部变更登记所需的书面文件并向相关部门递交书面变更申请"。

(10) 第 6.1 款："增资日后，投资方有权向标的公司提名一名董事，原股东应确保标的公司股东会表决同意投资方提名董事人选"。

(11) 第 10.2 款："原股东承诺，在标的公司成功上市前，原股东不得对外转让股权，也不得通过转让标的公司股权形式间接转让股权，即覃辉

先生对标的公司的实际控制地位不能改变，但在不改变实际控制人控制地位的前提下可以进行企业内部的股权重组"。

(12) 第 11.2 款："原股东违反本协议约定延期支付款项的，除依照本协议其他条款承担责任外，每延期一日，应向投资方支付延期部分的 5‰作为违约金，违约金应与延期款项一同支付给投资方"。

(13) 第 11.4 款："支付违约金不影响守约方要求违约方赔偿损失、继续履行协议或解除协议的权利。"

### 三、申请人已按约定履行全部义务

1. 2017 年 3 月 22 日，三位申请人分别向标的公司缴付 50,000,000 元的保证金。成都润运公司分别于 2017 年 5 月 8 日、2017 年 6 月 27 日、2017 年 6 月 30 日向申请人一、申请人二、申请人三退还保证金，实际占用时间分别为 48 日、98 日、101 日。

2. 申请人一、申请人二、申请人三分别于 2017 年 5 月 8 日、2017 年 6 月 26 日、2017 年 6 月 28 日向标的公司支付增资款 5 亿元，共计 15 亿元。

### 四、被申请人的违约行为及其应承担的责任

**（一）由于标的公司未实现业绩目标，且已实质无法完成上市目标，被申请人一、被申请人二应共同承担三位申请人股权购买义务，向申请人支付股权购买价款。（针对仲裁请求 1）**

**1. 因标的公司未能实现净利润目标承诺，被申请人一、被申请人二应共同承担股权购买义务，向申请人支付股权购买价款。**

根据《补充协议》第 3 条约定，被申请人一、被申请人二承诺 2017 年经审计的净利润为 7.8788 亿元。

根据中喜会计师事务所 2018 年 7 月 12 日出具的《成都润运文化传播有限公

司备考财务报表之审计报告》（中喜审字[2018]第1751号）显示，成都润运公司2017年经审计的净利润仅为312,829,162.33元，远低于《补充协议》第3条约定的标准。

根据《补充协议》第4.1.2款约定，由于标的公司未能完成上述业绩承诺指标，本案被申请人一、被申请人二应当承担购买本案三位申请人持有的标的公司的股权的义务。

**2. 由于标的公司存在对上市的实质性阻碍条件，已无法按约定完成上市，被申请人一、被申请人二应共同承担股权购买义务，向申请人支付股权购买价款。**

（1）标的公司股份被多轮司法查封。

星美圣典公司持有的成都润运公司51%股权已被采取5轮冻结措施，分别为：被上海市第一中级人民法院冻结，期限为2018年8月20日至2021年8月19日；被上海市浦东新区人民法院冻结，未公示冻结期限；被广东省深圳市中级人民法院冻结，期限为2019年4月29日至2022年4月28日；被江西省高级人民法院冻结，期限为2019年5月6日至2022年5月5日；被广东省深圳市福田区人民法院冻结，期限为2019年6月4日至2022年6月3日。

星美国际持有的成都润运公司49%的股权已被采取3轮冻结措施，分别为：贵州省贞丰县人民法院冻结150万元，期限2019年1月17日至2020年1月16日；呼和浩特市中级人民法院冻结490万元，期限2019年4月26日至2022年4月25日；辽宁省铁岭市昌图县人民法院，冻结100万股，期限自2019年9月10日至2022年9月9日。

（2）被申请人二作为标的公司的实际控制人，被采取证券市场禁入措施。

2018年8月30日，根据中国证券监督委员会作出的[2018]14号《中国证监会市场禁入决定书》，标的公司实际控制人覃辉（被申请人二）被采取5年证券

市场禁入措施。

（3）标的公司被列为失信被执行人。

成都润运公司分别于 2018 年 8 月 15 日，2018 年 11 月 6 日、2020 年 3 月 12 日，因未履行(2018)辽 0204 执 1590 号、(2018)粤 1973 执 9269 号、(2020) 京 0105 执恢 592 号执行裁定书规定的义务，被列为失信被执行人。

（4）上述事实对于标的公司采取首次公开发行股票方式上市（IPO）构成实质性阻碍。

根据中国证监会《首次公开发行股票并上市管理办法》第十二条规定："发行人最近 3 年内主营业务和董事、高级管理人员没有发生重大变化，实际控制人没有发生变更"；第十三条规定："发行人的股权清晰，控股股东和受控股股东、实际控制人支配的股东持有的发行人股份不存在重大权属纠纷"；第十六条规定："发行人的董事、监事和高级管理人员符合法律、行政法规和规章规定的任职资格，且不得有下列情形：（一）被中国证监会采取证券市场禁入措施尚在禁入期的…"。

据此，星美国际、星美圣典皆被成都润运公司的实际控制人覃辉所控制，其持有的成都润运公司股权被司法冻结，违反"受实际控制人支配的股东持有的发行人股份不存在重大权属纠纷"的要求，并可能最终导致实际控制人发生变更；覃辉作为实际控制人被市场禁入，也将对成都润运首次公开发行股票并上市造成实质性阻碍。成都润运公司无法通过 IPO 路径上市。

（5）上述事实对于标的公司采取重大资产重组方式上市（借壳上市）构成实质性阻碍。

中国证监会《上市公司重大资产重组管理办法》第十一条规定，" 上市公司

实施重大资产重组，应当就本次交易符合下列要求作出充分说明，并予以披露：规定：……（二）不会导致上市公司不符合股票上市条件"。据此，即重组上市标准应等同于首次公开发行股票上市标准。

另外，中国证监会《上市公司收购管理办法》第五条规定："收购人包括投资者及与其一致行动的他人"。第六条规定："有下列情形之一的，不得收购上市公司：（一）收购人负有数额较大债务，到期未清偿，且处于持续状态；（二）收购人最近 3 年有重大违法行为或者涉嫌有重大违法行为；（三）收购人最近 3 年有严重的证券市场失信行为；（四）收购人为自然人的，存在《公司法》第一百四十六条规定情形；（五）法律、行政法规规定以及中国证监会认定的不得收购上市公司的其他情形。"

据此，覃辉作为成都润运公司的实际控制人，可能构成《上市公司收购管理办法》所规定的收购人，其被中国证监会采取行政处罚，属于收购人"有严重的证券市场失信行为"；成都润运公司因涉及多项诉讼查封且被列为失信被执行人，属于收购人"负有数额较大债务，到期未清偿，且处于持续状态"以及"有严重的证券市场失信行为"。综上，成都润运公司构成《上市公司收购管理办法》规定的不得收购上市公司的情形。

综上，成都润运公司无法通过重大资产重组（借壳）路径上市。

（6）标的公司无法完成上市，已触发被申请人一、被申请人二购买三位申请人股份的条件，应当履行相应的购买义务。

根据《补充协议》第 4.1.4 条约定，标的公司应当在最后一个增资日（2017 年 6 月 28 日）起满 60 个月的对应日（2022 年 6 月 27 日）前上市。根据前述意见，标的公司已实际无法实现该上市目标。

据此，申请人有权依据《补充协议》第 4.1、4.2、4.3 款约定，要求被申请人一、被申请人二共同履行购买义务。

**3. 股权购买价价求的确定标准**

本案中，三位申请人分别于 2017 年 5 月 8 日、2017 年 6 月 26 日、2017 年 6 月 28 日向标的公司支付增资款 5 亿元，共计 15 亿元。暂计至 2020 年 3 月 12 日，投资天数分别为 1016 日、967 日、965 日。此外，三位申请人已经分别取得的财务顾问费用 10,000,000 元。

《补充协议》第 4.2 款约定："购买价格 = 增资款×(1+15%×投资天数/360)-投资方已经取得的财务顾问费用及股份（或股权）收益"。

根据该约定的计算方式，暂计至 2020 年 3 月 12 日，被申请人一、被申请人二应共同向申请人一、申请人二、申请人三分别支付的股权购买价款为 701,666,666.67 元、691,458,333.33 元、691,041,666.67 元，共计 2,084,166,666.67 元，具体如下：

| 股权购买价款计算表 | | | | | | | |
|---|---|---|---|---|---|---|---|
| 主体 | 增资金额 | 支付时间 | 暂计终止时间 | 投资天数 | 年利率 | 股权购买价款 | 备注 |
| 创泰融元（申请人一） | 500,000,000.00 | 2017/5/8 | 2020/3/12 | 1016 | 15% | 706,666,666.67 | 已减财务顾问费 1000 万元 |
| 汇恒赢（申请人二） | 500,000,000.00 | 2017/6/26 | 2020/3/12 | 967 | 15% | 696,458,333.33 | 已减财务顾问费 1000 万元 |
| 汇荣晟（申请人三） | 500,000,000.00 | 2017/6/28 | 2020/3/12 | 965 | 15% | 696,041,666.67 | 已减财务顾问费 1000 万元 |

**（二）被申请人一、被申请人二迟延履行购买义务，应当向申请人转让标的公司 5%股权。（针对仲裁请求 2）**

2018 年 9 月 19 日，申请人向被申请人一、被申请人二寄送了《履行购买义务通知书》，要求其收到通知后 90 日内履行购买义务。被申请人一拒收该通知；被申请人二于 2018 年 9 月 20 日签收该通知，但被申请人二至今未履行购买义务。2018 年 9 月 26 日，申请人再次向被申请人一寄送了《履行购买义务通知书》，要求其收到通知后 90 日内履行购买义务。被申请人一于 2018 年 9 月 29 日签收该通知，但至今未履行购买义务。

因此，被申请人一、被申请人二已迟延履行购买义务。根据《补充协议》第 4.4 条款的约定，申请人有权要求被申请人一、被申请人二以 1 元对价向申请人转让其持有的成都润运公司 5%股权。

2019 年 12 月 20 日，申请人向被申请人一、被申请人二分别寄送了《履行赔偿义务通知书》，要求其按上述约定转让股权。2019 年 12 月 23 日，被申请人一、被申请人二均已签收该《履行赔偿义务通知书》。此外，申请人一已于 2019 年 12 月 26 日向被申请人一支付股权转让款人民币 1 元。

据此，被申请人一、被申请人二应当按照《补充协议》第 4.4 条的约定，向申请人转让其持有的成都润运公司 5%股权。

**（三）被申请人一、被申请人二因未按时支付股权购买价款，应向申请人支付相应的迟付股权购买价款的违约金。（针对仲裁请求 3）**

《补充协议》第 4.3 款约定，被申请人一、被申请人二应于收到申请人要求购买的书面通知之日起 90 日内完成股权购买。自 2018 年 9 月 29 日被申请人

一收到《履行购买义务通知书》计算，90 日履行期届满日为 2018 年 12 月 29 日。因此，被申请人一、被申请人二应自 2018 年 12 月 30 日起开始就迟付股权购买价款承担违约金。

根据《补充协议》第 11.2 款约定，被申请人一、被申请人二应按照每日迟付金额的千分之五共同向申请人一、申请人二、申请人三支付违约金。具体计算方法为，以每日迟付股权购买价款为基数，按照每日千分之五计算，自 2018 年 12 月 30 日起计算至实际付款之日止，合计约 42 亿元。

考虑到该数额较高，三位申请人同意根据《合同法》第一百一十三条予以适当调整。申请人与被申请人签订《增资协议》及《补充协议》时一致认可的成都润运投前估值 135 亿，申请人因对方违约将获得的 5%股权，该部分股权价值 6.75 亿元即为被申请人订立合同时预见到或应当预见到的因违反合同可能造成的损失。据此，申请人主张将迟付股权购买价款的违约金减为 6.75 亿元，此笔违约金在申请人中平均分配。

**（四）就三位申请人支付的保证金，被申请人一、被申请人二应当支付该保证金的收益及迟延支付该收益的违约金。（针对仲裁请求 4）**

1.被申请人一、二应当支付保证金的收益。

《补充协议》第 5.1 条第三款约定，被申请人一、被申请人二应支付申请人在《增资协议》项下缴付的保证金的收益，按照年利率 15%计算；第 5.2.1 条第

15

二款约定，被申请人一、被申请人二应于保证金支付至验资账户之日向申请人结清并支付保证金收益，收益计算自投资方支付保证金至指定账户之日起至保证金转至验资账户之日止。

2017 年 3 月 22 日，三位申请人分别向标的公司各支付了 5000 万元保证金。2017 年 5 月 8 日、2017 年 6 月 27 日、2017 年 6 月 30 日，标的公司分别向申请人一、申请人二、申请人三退还保证金，实际占用保证金时间分别为 48 日、98 日、101。按照上述约定，被申请人一、被申请人二应按照单利年利率 15%在保证金返还之日共同向申请人一、申请人二、申请人三分别支付资金占用期间的收益 1,000,000.00 元、2,041,666.67 元、2,104,166.67 元【保证金收益=保证金金额×资金占用天数×年利率 15%÷360 天】，合计人民币 5,145,833.33 元。具体如下：

| 保证金收益计算表 | | | | | | |
|---|---|---|---|---|---|---|
| 主体 | 保证金金额 | 支付时间 | 返还时间 | 资金占用天数 | 年利率 | 保证金收益 |
| 创泰融元 | 50,000,000.00 | 2017/3/22 | 2017/5/8 | 48 | 15% | 1,000,000.00 |
| 汇恒赢 | 50,000,000.00 | 2017/3/22 | 2017/6/27 | 98 | 15% | 2,041,666.67 |
| 汇荣晟 | 50,000,000.00 | 2017/3/22 | 2017/6/30 | 101 | 15% | 2,104,166.67 |

2. 被申请人一、被申请人二应就上述迟付保证金收益，支付违约金。

因被申请人一、被申请人二未能在标的公司返还保证金的同时支付保证金收益，已构成违约。按照《补充协议》第 11.2 款约定，申请人一、被申请人二应

就迟付保证金收益期间的利息损失共同向申请人一、申请人二、申请人三赔偿。

因保证金已退回，保证金收益是固定金额约 515 万元，按《补充协议》11.2 条约定的标准即每日 5‰计算（折合为每年 180%）标准过高。申请人同意将保证金收益的违约金按照年利率 24%进行调减。

| 迟付保证金收益之违约金计算表 | | | | | | |
|---|---|---|---|---|---|---|
| 主体 | 保证金收益 | 应付时间 | 暂计终止日 | 迟付时间 | 年利率 | 迟付违约金 |
| 创泰融元 | 1,000,000.00 | 2017/5/9 | 2020/3/12 | 1039 | 24% | 692,666.67 |
| 汇恒赢 | 2,041,666.67 | 2017/6/28 | 2020/3/12 | 989 | 24% | 1,346,138.89 |
| 汇荣晟 | 2,104,166.67 | 2017/7/1 | 2020/3/12 | 986 | 24% | 1,383,138.89 |

**（五）关于被申请人三、被申请人四的违约责任及赔偿义务（针对仲裁请求 5）**

《增资协议》第 6.2 款约定，"各方同意，尽一切努力、行动和措施配合公司后续以符合法律法规的方式实现上市运作。"。

《增资协议》第 7.1 款约定，标的公司和星美圣典、星美国际向投资者陈述和保证：……（c）公司和星美圣典、星美国际签署及履行本协议没有也不会……（iv）违反对其作出的任何法院判决或仲裁裁决，或任何政府或主管机构的决定或规定；(e)公司的股权上不存在质押或者其他权利负担……（h）星美圣典、星美国际保证公司于上市运作前的控制权稳定。

《增资协议》第 11.1 款"违约及补救"约定，除本协议其他条款另有约定，如果一方（就本条定义为"违约方"）未履行其在本协议项下任何一项义务或违反了本协议，则对方（就本条定义为"受损害方"）可向违约方发出书面通知，说明违约的性质及范围，并且要求违约方在通知中规定的合理期限内自费予以补救。11.2 款，如果违约方未在本协议第 11.1 条所述的补救期内予以补救，则除本协

议第 12.1 条（c）项或相关中国法律项下的权利之外，受损害方还可以就违约引起的损失提出索赔，违约方应赔偿其因违约而给受损害方造成的直接和间接损失。

《增资协议》12.1 款：本协议可因下列任一情形而终止：……（c）因乙方未履行其在本协议项下主要义务或根本违反了本协议，另一方解除本协议……

成都润运公司涉及多项诉讼查封，被列为失信被执行人；星美国际、星美圣典在本协议履行期间，其持有标的公司的股权出质，设置权利负担，且被多轮司法查封，亦形成了权利负担。故，成都润运公司、星美国际、星美圣典均违反了《增资协议》第 7.1 条（c）(e) 的约定。

成都润运公司、星美国际、星美圣典的上述情况直接导致成都润运公司不能通过 IPO 或借壳方式上市，成都润运公司、星美国际、星美圣典还违反了《增资协议》第 6.2 条的约定。

以上违约情况严重影响了申请人的投资收益和合法权益，已给投资人造成了严重损失，但成都润运公司和星美圣典、星美国际对投资人均没有任何通知和安排，股权购买义务人亦不履行股权购买义务，致使申请人产生了股权购买价款和相应的迟延支付股权购买价款违约金的直接经济损失。

2018 年 11 月 30 日申请人用顺丰快递向成都润运公司和星美国际发出通知，要求成都润运公司和星美国际就投资者的损失立即采取补救措施，向申请人支付相当于股权购买价款的现金。《增资协议》第 18.2 条约定，通知如以经公认的快递服务发送，则在递交快递公司之日的次日的 3 个工作日即视为送达。通知送达后，标的公司和星美国际亦未履行补救义务。

2020 年 3 月 3 日，申请人又向星美国际、成都润运公司用 EMS 发出了《履行补救义务通知书》，星美国际、成都润运公司仍未履行补救义务。

故星美圣典、星美国际、成都润运就此依据《增资协议》第 11.2 条承担赔偿义务，因星美圣典本身还应依据《补充协议》履行股权购买义务和违约赔偿义务，义务范围大于依据《增资协议》第 11.2 条的赔偿责任的范围，故申请人将《增资协议》11.2 条的赔偿义务主体明确为星美国际、成都润运公司，且赔偿范围限定为股权购买价款和相应的迟延支付股权购买价款违约金。

18

**（六）被申请人应当承担申请人为本案仲裁支出的费用及本案全部仲裁费用。（针对仲裁请求 6、7）**

因被申请人存在上述违约行为，除应承担违约责任外，被申请人还应按照《补充协议》第 14.2 款约定以及《中国国际经济贸易仲裁委员会仲裁规则》(2015版)第五十二条规定赔偿申请人因本案而支出的仲裁费、律师费、保全费、保全担保费等合理费用，并承担本案全部仲裁费用。

综上，被申请人一、被申请人二拒不履行股权购买义务、迟延支付股权购买价款，在申请人支付了 1 元的股权转让款后并发出《履行赔偿义务通知书》后拒不履行赔偿义务，且迟延支付保证金收益等已严重损害了申请人的利益；被申请人三、被申请人四严重违反《增资协议》关于上市运作和陈述和保证的约定、造成损害事实屡在申请人屡次通知下不采取补救措施，已造成申请人发生实际的直接的经济损失，应承担相应的赔偿责任。申请人与被申请人已无法协商解决争议，申请人特向贵委申请仲裁。恳请贵委查明事实，依法支持申请人的全部仲裁请求。

此致

中国国际经济贸易仲裁委员会

【本页以下无正文】

**【本页无正文，为湖州创泰融元投资管理合伙企业（有限合伙）、湖州汇恒赢股权投资合伙企业（有限合伙）、湖州汇荣晟股权投资合伙企业（有限合伙）《仲裁申请书》签章页】**

申请人一：湖州创泰融元投资管理合伙企业（有限合伙）

执行事务合伙人：中泰创展（深圳）资本管理有限公司

二〇二〇年三月　　日

【本页无正文，为湖州创泰融元投资管理合伙企业（有限合伙）、湖州汇恒赢股权投资合伙企业（有限合伙）、湖州汇荣晟股权投资合伙企业（有限合伙）《仲裁申请书》签章页】

申请人二：湖州汇恒赢股权投资合伙企业（有限合伙）

执行事务合伙人：北京中泰创汇股权投资基金管理有限公司

二〇二〇年三月　　 日

【本页无正文，为湖州创泰融元投资管理合伙企业（有限合伙）、湖州汇恒赢股权投资合伙企业（有限合伙）、湖州汇荣晟股权投资合伙企业（有限合伙）《仲裁申请书》签章页】

申请人三：湖州汇荣晟股权投资合伙企业（有限合伙）

执行事务合伙人：　北京中泰创汇股权投资基金管理有限公司

二〇二〇年三月　　　日