UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | | |
|---|---|---|
| HUZHOU CHUANGTAI RONGYUAN INVESTMENT MANAGEMENT PARTNERSHIP, HUZHOU HUIHENGYING EQUITY INVESTMENT PARTNERSHIP, and HUZHOU HUIRONGSHENG EQUITY INVESTMENT PARTNERSHIP, | : : : : : : : | |
| | : | 21 Civ. 9221 (KPF) |
| Petitioners/Judgment-Creditors, | : : | |
| v. | : : | |
| HUI QIN, | : : | |
| Respondent/Judgment-Debtor. | : | |

---------------------------------------------------------------------x


**PETITIONERS'/JUDGMENT-CREDITORS' MEMORANDUM OF LAW
IN OPPOSITION TO XUE & ASSOCIATES, P.C.'S MOTION TO QUASH**

## TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................ 1

II. ARGUMENT .............................................................................................................. 2

    A.  Xue's Refusal to Comply with the Subpoena for Deposition on Written
        Questions is Based Upon an Inapplicable Provision of the CPLR. .................................... 2

    B.  Xue's Objection to the Subpoenas as Premature is Improper. ........................................... 2

    C.  Standard for a Motion to Quash ..................................................................................... 3

    D.  Xue's Objections to the Document Subpoena Are Meritless ............................................ 4

        1.  Xue's Objection to the Subpoenas as Overbroad and
            Burdensome Is Without Merit. ............................................................................... 4

        2.  Petitioners Seek Facts, Not Privileged Information. ...................................................... 7

        3.  Xue's Objection Based Upon Qin's Possible Possession
            of Documents is Meritless. .................................................................................... 8

        4.  Xue's Objection to the Ten-Day Deadline Is Meritless. .............................................. 9

CONCLUSION ................................................................................................................. 9

Petitioners/Judgment-Creditors Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") respectfully submit this memorandum in opposition to the motion ("Motion" or "Mot.") filed by Xue & Associates, P.C. ("Xue"), seeking an order quashing the subpoenas ("Subpoenas") issued by Petitioners to Xue under CPLR R5224(a)(1) ("Deposition Subpoena") and (a)(2) ("Document Subpoena," and, together with the Deposition Subpoena, the "Subpoenas").

## I.    INTRODUCTION

Exactly one week after this Court granted Xue's motion to withdraw as counsel for Respondent/Judgment-Debtor Hui Qin ("Qin") based in large part on assurances made to this Court that Xue would cooperate with Petitioners' ongoing post-judgment discovery efforts, Xue moved to quash Petitioners' Subpoenas.  The documents sought—*e.g.*, the retainer agreement and invoices—are not privileged and would immediately help Petitioners in their judgment collection efforts.  To date, *Qin has not paid a single penny* in response to this Court's judgment, and *Qin has not produced a single page* in discovery in response to this Court's order accelerating post-judgment discovery.  (*See* Dkt. No. 64.)  Rather than simply produce these non-privileged documents, the Xue Firm ironically argues for nearly a dozen pages that compliance "would be unduly burdensome."  This alone is enough to refute their argument about burden.

Putting aside Xue's unsupported burden arguments with respect to the Subpoena Duces Tecum, Xue refuses to even address Petitioners' Subpoena for Deposition on Written Questions under CPLR 5224(a)(1) by falsely claiming it is void for failure to include the certification required for subpoenas issued under 5224(a)(3).  Likewise, Xue's argument that it does not have to respond to the Subpoenas because Qin has moved to vacate the Judgment is frivolous.  Qin's motion does not stay enforcement of the judgment, and Xue should be directed to comply with the Subpoenas.

## II.    ARGUMENT

### A.    Xue's Refusal to Comply with the Subpoena for Deposition on Written Questions is Based Upon an Inapplicable Provision of the CPLR.

Xue refuses to answer any of the questions contained in the Subpoena for Deposition on Written Questions because it is purportedly missing a "required certification." (*See* Mot. at 11). It is not.  That certification is required for "*information subpoenas* served pursuant to . . . subparagraph" (a)(3).   CPLR R5224(a)(3)(i) (emphasis added).   The Deposition Subpoena, however, is clearly identified as a "Subpoena for Deposition on Written Questions" issued "pursuant to CPLR . . . R5224(a)(1)" (Dkt. No. 79-2 at 2, 3).  The Deposition Subpoena is therefore valid.

Xue lodges this objection in an apparent attempt to avoid answering five straightforward, discrete questions that are limited in scope.  They ask Xue to identify (i) Qin's email addresses, (ii) Qin's mailing addresses, (iii) Qin's telephone numbers, (iv) Qin's banks or financial institutions, and (v) the source of funds, if any, used to settle the Goldteam Group matter.  (Dkt. 79-2 at 8).  Xue doubtless objects because none of the objections it makes to the Document Subpoena (which fail, as discussed *infra* § II.D) can even remotely apply to the five discrete questions in the Deposition Subpoena.  Instead of answering these five questions by providing information it has at its fingertips, Xue opted to make this Motion, which is far more burdensome and time consuming.  Accordingly, Xue should be ordered to immediately respond to the Subpoena for Deposition on Written Questions.

### B.    Xue's Objection to the Subpoenas as Premature is Improper.

Xue's argument that it does not have to comply with the Subpoenas because Qin's new lawyers have filed a motion to vacate which, if granted, "would make the Subpoenas moot" (Mot. at 12) is likewise frivolous.  It is improper to object to the Subpoenas as premature based on the

motion to vacate (*see* Dkt. Nos. 66-69)—which Xue does without citation to any authority.  (Mot. at 12.)  A motion to vacate does not stay enforcement of the judgment.  Fed. R. Civ. P. 60(c)(2) ("The motion [under Rule 60(b)] does not affect the judgment's finality or suspend its operation."). The Subpoenas were properly served despite Qin's pending Rule 60(b) motion.

Xue's remaining arguments in support of its motion are without merit as they do not satisfy the standard for quashing a subpoena in this context.

### C.      Standard for a Motion to Quash

Fed. R. Civ. P. 45(d)(3) permits a court to quash or modify a subpoena "that: (i) fails to allow a reasonable time to comply; … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A); *Somaxon Pharm., Inc. v Actavis Elizabeth LLC*, 22 MISC. 162 (KPF), 2022 WL 3577904, at *2 (S.D.N.Y. Aug. 18, 2022).  Importantly, "[m]otions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court.'" *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Group, LLC*, 15-CV-7505, 2016 WL 6208288, at *2 (S.D.N.Y. Oct. 18, 2016), quoting *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).

The burden of showing that a subpoena requires disclosure of privileged or other protected matter falls on the party moving to quash the subpoena.  *Benthos Master Fund, Ltd. v. Etra*, 20-CV-3384 (VEC), 2022 WL 4467249, at *6 (S.D.N.Y. Sept. 26, 2022).  Notably, "[a]bsent special circumstances, retainer agreements, a client's identity, invoices and the payment of fees are not subject to the attorney-client privilege." *HK Capital LLC v Rise Dev. Partners LLC*, 74 Misc 3d 1201(A), 1 (N.Y. Sup. Ct. 2022); *see First Capital Estate Investments LLC v. SDDCPO Brokerage Advisors LLC*, 18-CV-2013 (JGK)(KNF), 2020 WL 353100 (S.D.N.Y. Jan. 21, 2020).  In addition, information commonly found in either bank or other financial records and in documents submitted

to governmental agencies is not subject to attorney-client privilege simply because the client revealed such information in confidence to an attorney. *Id.*

To evaluate whether a subpoena imposes an undue burden on the subpoenaed party, the court must weigh the burden to the subpoenaed party against the value of the information to the serving party. *Amtrust*, 2016 WL 6208288 at *4. "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Morelli v Alters*, 1:19-CV-10707-GHW, 2020 WL 6508858, at *5 (S.D.N.Y. Nov. 5, 2020). Whether a subpoena imposes an undue burden depends on factors such as relevance, the need of the party issuing the subpoena for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed. *Id.*; *Amtrust*, 2016 WL 6208288 at *4. Here, Xue's claims of privilege and undue burden fail.

**D.    Xue's Objections to the Document Subpoena Are Meritless**

      1.    <u>Xue's Objection to the Subpoenas as Overbroad and Burdensome Is Without Merit.</u>

Urging the Court to grant its motion to withdraw as counsel for Qin, Xue assured this Court that it would cooperate with Petitioners' post-judgment discovery requests and that its withdrawal would not impede Petitioners' post-judgment discovery efforts. Lee Decl. ¶¶ 4-6. Now, Xue refuses to cooperate.

Xue objects to the Document Subpoena as an overbroad "fishing expedition to find the existence of evidence." (Mot. at 4.) This is not true. Petitioners' requests are targeted to documents that they reasonably believe will lead to evidence. For instance, Petitioners know Xue represented Qin in this case and certain Relevant Individuals in the Goldteam Group Case, and requested engagement letters relating thereto. (Dkt. No. 79-1 at 13.) In Xue's reply in support of

4

its motion to withdraw as counsel, Xue detailed Qin's financial involvement with such individuals and entities.  (*See* Dkt. No. 74 at 4, n.1) (describing BVI company associated with Qin that owned and transferred property at issue).  Thus, Xue's assertion that Petitioners' post-judgment discovery requests relating to these individuals and entities is "based upon nothing but pure speculation" (Mot. at 10) is belied by Xue's own prior submissions to this Court.

Xue also claims that complying with the Document Subpoena would be burdensome, citing *Riverside Capital Advisors, Inc. v. First Secured Capital Corp.*, 28 A.D.3d 457, 460 (2d Dep't 2006) in support.  (Mot. at 9.)  But "[u]nlike the case at bar, the information subpoena in *Riverside* related to a lengthy questionnaire." *Jackson Hewitt Inc. v. Adams*, 22 Misc. 3d 1126(A), at *3 (Sup. Ct., Nassau Cnty. Feb. 24, 2009).  The Document Subpoena contains eleven targeted document demands contained on one page, identifying discrete and specific categories of documents, which can hardly be considered lengthy.[1]  Moreover, the Xue Firm provides no specific facts regarding its alleged burden. Any objection based on undue burden must "show facts justifying its objection" "in light of the benefits to be secured." 8 Charles Alan Wright & Arthur R. Miller, Federal Practices, [Section] 2008.1 n.20; *see also First American Corp. v. Price Waterhouse LLP*, 988 F.Supp. 353, 366 (S.D.N.Y. 1997) (the "importance of the documents" outweighs even "significant" burden). Here, the cost of compliance—producing documents—is far less than the cost the Xue Firm has already willingly incurred to oppose compliance.  The cost is miniscule compared to the benefits of upholding and enforcing this Court's $400 million judgment.[2]

---

[1] Specifically, nos. 1-4 request engagement letters, nos. 5-7 request invoices and documents showing sources of funds and who paid those funds, no. 8 requests documents produced in the Goldteam case, and nos. 9-11 request Qin's contact information and financial institutions.  (*See* Dkt. 79-1 at 13.)

[2] Further, as a litigation boutique, the Xue Firm cannot portray itself as akin to a small mom-and-pop shop that does not understand litigation or how to comply with a subpoena. This is the very work that litigation boutiques do on a

Moreover, Xue's argument that Petitioners should bear the costs of any compliance (Mot. at 9) is without merit.  Xue cites to *In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ. 241 (PAE), 2019 WL 2428704 (S.D.N.Y. June 11, 2019) for support, but in that case, the nonparty law firm objected to a subpoena for a bankruptcy proceeding in which neither it nor its former client was involved requiring the production of approximately *25,000* responsive documents—which the court found presented a "substantial" burden.  *Id.* at *1-2, *5.

In fact, courts in this district have held that the producing party must bear the costs of production in circumstances like the ones here.  *See In re Honeywell Intern., Inc. Sec. Litig.,* 230 FRD 293, at 302-303 (S.D.N.Y. 2003) ("[T]he required '[p]rotection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance.... [A] non-party can be required to bear some or all of its expense where the equities of a particular case demand it.") (Citation omitted).  Requiring the producing party to bear the costs of production is appropriate here because Xue is not a "classic disinterested party."  *See id.* at 303.  *See also Top Jet Enterprises, Ltd. v. Kulowiec*, No. 21-MC-789 (RA) (KHP), 2022 WL 280459, at *6 (S.D.N.Y. Jan. 31, 2022) (denying former counsel's request for cost of production pursuant to a subpoena, noting that being judgment-debtor's former counsel "puts him in a different category than a non-party").

Cost-shifting must be denied here because Xue "has not provided any specifics about how many documents are actually responsive to the subpoena, or how long [Xue] reasonably believes it would take to collect and produce such documents."  *See Integrity Elecs. Inc. v. Garden State Distributors, Inc.*, No. 09 CV 2367 (1LG), 2010 WL 11626842, at *2 (E.D.N.Y. July 12, 2010).

---

daily basis. Of all entities, a litigation boutique cannot complain of burden in complying with a subpoena. To allow a litigation boutique to escape responding to a subpoena based on "burden" would devastate third-party discovery, as any and all entities could now refuse to comply with subpoenas by citing far stronger claims of burden.

2.    Petitioners Seek Facts, Not Privileged Information.

Xue also objects that the Document Subpoena "implicate[s] not only attorney-client privilege for Mr. Qin, but also implicate attorney-client privilege for [Xue's] other clients." (Mot. at 4). Not so. The Document Subpoena seeks *facts*, not attorney-client privileged communications. Facts are not privileged. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."). Nor has Xue even attempted to demonstrate which specific documents responsive to the Subpoena would be privileged. "Documents obtain no special protection because they are housed in a law firm; '[a]ny other rule would permit a person to prevent disclosure of any of his papers by the simple expedient of keeping them in the possession of his attorney.'" *Ratliff v. David Polk & Wardwell*, 354 F.3d 165, 170-71 (2d Cir. 2003) (quoting *Colton v. United States*, 306 F.2d 633, 639 (2d Cir. 1962)). *See also, e.g.*, *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, 04 CIV. 2271 (RWS), 2006 WL 3771010, at *7 (S.D.N.Y. Dec. 15, 2006) (Sweet, J.) ("Courts in this Circuit . . . have refused to uphold a claim of privilege in response to a subpoena when no privilege log has been produced in compliance with Federal Rule of Civil Procedure 45(d)(2).")

Xue's cited cases are inapposite. Petitioners do not seek legal invoices with "detailed . . . information about discovery, trial strategy, factual investigation, and the legal services rendered" as did the plaintiff in *Robinson v. De Niro*, No. 19-CV-9156-LJL-KHP, 2022 WL 704922, at *10 (S.D.N.Y. Mar. 9, 2022). Here, Petitioners seek the amounts paid, who paid them, and how. As the Second Circuit has held, "[i]n New York, attorney time records and billing statements are not privileged when they do not contain detailed accounts of the legal services rendered." *DiBella v. Hopkins*, 403 F.3d 102, 120 (2d Cir. 2005).

Likewise, in *Grotallio* the subpoena duces tecum requested "any and all" records of several categories, including "the contents of [insurer']s entire claim file as well as any accident reports prepared by [the insured]." *Grotallio v. Soft Drink Leasing Corp.*, 97 A.D.2d 383, 383 (1983). The court held the requests "may well" include privileged documents because an insurer's claim file prepared for litigation is privileged, and because the subpoenas there "uniformly fail[ed] to specify with reasonable precision the records sought." *Id.* Unlike the entire claim files sought in that matter, Petitioners here seek specific records tailored to Qin's asset locations. *See, e.g., Soho Generation of New York, Inc. v. Tri-City Ins. Brokers, Inc.*, 236 A.D.2d 276, 277 (1997) ("[T]he use of 'any and all' was not overbroad in this context.").

3.   Xue's Objection Based Upon Qin's Possible Possession of Documents is Meritless.

Xue argues that Petitioners' "**actions are particularly egregious**" because Petitioners have not made any "**showing that the documents they are seeking cannot be obtained from Mr. Qin and Liu Clients**." (Mot. at 9) (emphasis in original). Despite Xue's bold font, Xue cites no authority for this proposition. That is because there is no obligation on Petitioners to make such a showing. Indeed, in a similar context, a court compelled the subpoenaed party – the former financial auditor of the defendant corporation – to produce certain files even though the same documents may be available from the defendant, the auditor's former client. *See In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003). Specifically, the court found that the financial auditor's "files are relevant and the fact that the same documents may be available from [defendant] is not persuasive. The documents in [the financial auditor's] possession may differ slightly from [the defendant's] copies." *Id.* Accordingly, this is not an appropriate ground to quash the Subpoenas.

8

    4.    <u>Xue's Objection to the Ten-Day Deadline Is Meritless.</u>

Petitioners served the Subpoenas shortly after Xue moved to withdraw as counsel.  The Subpoenas included a ten-day deadline pursuant to CPLR R5224(c) and in light of the Court-ordered expedited discovery (*see* Dkt. No. 64 at 2).  Xue never contacted Petitioners to seek additional time to comply with the Subpoenas—which Petitioners would have granted, as they have for the banks they subpoenaed.  *See, e.g.,* Ex. A.  Regardless, Xue's complaint rings hollow, because, as the Motion makes clear, Xue had no intention of complying with the Subpoenas regardless of how long of a deadline Petitioners included.

## **CONCLUSION**

Based on the foregoing, Petitioners respectfully request an order denying the Motion and requiring the Xue Firm to reimburse Petitioners for the legal fees incurred in opposing the Motion, and for such other relief as may be appropriate, in law or in equity.

Dated: December 2, 2022
    New York, New York

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Andrew C. Smith*
    Andrew C. Smith
    Geoffrey Sant
    Carol Lee
    31 West 52nd Street
    New York, New York 10019
    Tel: (212) 858-1000
    Fax: (212) 858-1500
    andrew.smith@pillsburylaw.com
    geoffrey.sant@pillsburylaw.com
    carol.lee@pillsburylaw.com

    Attorneys for Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership