UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HUZHOU CHUANGTAI RONGYUAN
INVESTMENT MANAGEMENT PARTNERSHIP,
HUZHOU HUIHENGYING EQUITY
INVESTMENT PARTNERSHIP, and HUZHOU
HUIRONGSHENG EQUITY INVESTMENT
PARTNERSHIP,

Case No.: 1:21-cv-09221-KPF

                        Petitioners,

    v.

HUI QIN

                        Respondent.
-----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF XUE & ASSOCIATES, P.C.'S MOTION TO QUASH**

Xue & Associates, P.C.
1 School Street, Suite 303A
Glen Cove, NY 11542
Phone: (516) 595-8887
Facsimile: (212) 219-2276
Email: BenjaminXue@XueLaw.Com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................... 1
Factual and Procedural Background ......................................................................................... 1
ARGUMENT .............................................................................................................................. 2
    I.   Legal Standard ............................................................................................................... 2
    II.  The Document Subpoena Seeks Disclosure of Privileged Information ........................ 2
    III. The Document Subpoena Is Unduly Burdensome ........................................................ 5
CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

Cases

*Robinson v De Niro*, 2022 US Dist LEXIS 42101 [SDNY Mar. 9, 2022, No. 19-CV-9156 (LJL) (KHP)]) .................................................................................................................... 3

*Cessna Fin. Corp. v Al Ghaith Holding Co. PJSC*, 2021 US Dist LEXIS 46926 (SDNY Mar. 12, 2021, No. 15-CV-9857 (PGG) (KNF) ...................................................................... 2

*DiBella v. Hopkins*, 403 F.3d 102 (2d Cir. 2005) ......................................................... 3

*In re Loeb & Loeb LLP*, 2019 US Dist LEXIS 97896 [SDNY June 11, 2019 .............................. 4

*OneBeacon Ins. Co. v. Forman Int'l, Ltd.,* 04 CIV. 2271 (RWS) 2006 WL 3771010 (S.D.N.Y. Dec. 15, 2006) (Sweet, J.) .................................................................................... 4

*W. 16th Realty Co. v Ali*, 176 Misc 2d 978 [Civ Ct, New York County 1998] .............................. 5

## PRELIMINARY STATEMENT

Movant Xue & Associates, P.C. ("Movant"), respectfully submits this memorandum of law in support of its motion (the "Motion") to quash the subpoena duces tecum dated November 15, 2022, served by Petitioners to Movant (the "Document Subpoena"), to quash the subpoena for deposition on written questions dated November 15, 2022, issued by Petitioners to Movant (the "Deposition Subpoena") (the Deposition Subpoena and Document Subpoena collectively the "Subpoenas") and for such other relief as may be just and proper. For the reasons set forth below, the Subpoenas shall be quashed.

## Factual and Procedural Background

A detailed summary of the factual and procedural background can be found in Movant's memorandum in support of the Motion and other supporting documents, which are incorporated herein for the sake of brevity. All capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in Movant's memorandum in support of the Motion.

Petitioners have made several factually inaccurate and prejudicial statements about this Office's motion to withdraw and its relation to the Subpoenas. Movant did not address the Subpoenas at all in our motion to withdraw, as they were not the basis of our motion to withdraw. In fact, the motion to withdraw was fully submitted on November 14, 2022, before Petitioners even served the Subpoenas on or about November 15, 2022. It should be noted that, while Movant believes the Subpoenas should be quashed, Movant has stated that we will comply with the Court's directives if the Court finds documents are properly demanded and Petitioners are entitled to documents in Movant's possession. Movant will not further elaborate our

objections to the false and prejudicial statements made by Petitioners' counsel as they are not material and relevant to this Motion.

## ARGUMENT

### I. Legal Standard

At the outset, Movant notes that the Subpoenas were fashioned pursuant to the CPLR. The form in which Petitioners fashioned the Subpoenas are determinative of the procedural requirements. See *Cessna Fin. Corp. v Al Ghaith Holding Co. PJSC*, 2021 US Dist LEXIS 46926, at *19 (SDNY Mar. 12, 2021, No. 15-CV-9857 (PGG) (KNF). In other words, the standard for quashing the Subpoenas is not based upon the Federal Rules of Civil Procedure, but rather, based upon State Law, set forth previously.

Nevertheless, the standard cited by Petitioners, namely, Fed. R. Civ P. 45(d)(3), while inapplicable, would nevertheless still require that the Subpoenas be quashed, as they require the disclosure of privileged information, and subject Movant to an undue burden.

### II. The Document Subpoena Seeks Disclosure of Privileged Information

Petitioners contend that the Document Subpoena "seeks *facts*, not attorney-client privileged communications". Dkt. 83 at 7. If that were the case, Petitioners should have narrowed the scope of the documents that they demanded. However, Petitioners demands are so overbroad that they do not just seek facts, but also seek attorney-client privileged communications. Petitioners also argue that Movant has not "even attempted to demonstrate which specific documents responsive to the Subpoena would be privileged". Dkt. 83 at 7. This is patently false.

Movant has identified specific categories of documents that would be privileged – specifically, Movant's invoices, along with written communications with Mr. Qin and his agents/other counsels.

As to the invoices Petitioners assert that they are not privileged. However, Petitioners themselves specifically noted a critical exception in one of the very cases that they cite. Invoices are not privileged "when they do not contain detailed accounts of the legal services rendered". *DiBella v. Hopkins*, 403 F.3d 102, 120 (2d Cir. 2005). Movant's invoices are not bareboned invoices that only show the "amounts paid, who paid them, and how". They are "detailed in showing services, conversations, and conferences between counsel and others" to such an extent that "to allow access to [the] material would disclose . . . trial strategy and reveal the . . . legal work that has been done by [the party's attorneys]" are privileged. *Robinson v De Niro*, 2022 US Dist LEXIS 42101, at *27 [SDNY Mar. 9, 2022, No. 19-CV-9156 (LJL) (KHP)]). As such, Movant's invoices are privileged.

Additionally, as previously set forth, demands numbered 9-10 generally seek all documents showing Mr. Qin's contact information, as well as all documents showing the contact information of those used to contact Mr. Qin indirectly. As previously set forth, this office utilized email, among other things, to correspond with Mr. Qin, his counsels, and his agents. These demands, as worded, are not just demanding *facts*, i.e. the email addresses or physical addresses. They are seeking production of *all documents* containing this information. That would include the *contents* of these documents, i.e. the confidential communications protected by attorney-client privilege.

Movant also notes that while Petitioners cited a case stating that "Courts in this Circuit… have refused to uphold a claim of privilege in response to a subpoena when no privilege log has been produced in compliance with Federal Rule of Civil Procedure 45(d)(2)" (*OneBeacon Ins. Co. v. Forman Int'l, Ltd.,* 04 CIV. 2271 (RWS) 2006 WL 3771010, at *7 (S.D.N.Y. Dec. 15, 2006) (Sweet, J.)), that no privilege log was produced at this time since doing so would be entirely premature as "the question whether the Subpoena is overbroad logically precedes the question whether responsive materials are privileged so as to require creation of a privilege log". See *In re Loeb & Loeb LLP*, 2019 US Dist LEXIS 97896, at *13 [SDNY June 11, 2019].

As Petitioners demands clearly seek the production of documents protected by attorney-client privilege, the Document Subpoena shall be quashed.

Movant also re-emphasizes that the Document Subpoena seeks confidential and privileged information of the Liu Clients, who are not even parties to the instant litigation (including confidential and private financial information). Movant emphasizes that it has requested that in the event that the Court does not quash the Document Subpoena the Court should issue a protective order limiting the use of any documents concerning Liu Clients confidential and private financial information for attorneys' eyes only, a request which Petitioners have not opposed in their opposition. Movant has a duty to protect Liu Clients' private and financial information. We have to move to quash when Petitioners have not demonstrated in any way that they are entitled to those documents, especially when they are not material or relevant to the enforcement of judgment against Mr. Qin. Petitioners seem to believe that a judgment against Mr. Qin gives them an unlimited free pass to inquire about any third party's private financial and other information just because they believe that third party has some connection with Mr. Qin. It should also be noted that Movant was informed by Liu Clients that

4

they were not notified by Petitioners that Subpoenas seeking Liu Clients confidential and private documents were served on Movant, and that Liu Clients have raised objections to the Subpoenas.

### III. The Document Subpoena Is Unduly Burdensome

At the outset, Movant notes that under the case law Petitioners cited, the Motion should be granted. Petitioners assert that "To evaluate whether a subpoena imposes an undue burden on the subpoenaed party, the court must weigh the burden to the subpoenaed party against the value of the information to the serving party", and that "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden.". Dkt. 83 at 4. Movant notes that **nowhere in Petitioners opposition does Petitioner state the value of any of the demands requested**, and as such, there is not even any need to shift the burden to Movant to demonstrate undue burden. Movant notes that it explicitly argues that the demands were irrelevant, which Petitioners did not dispute. Movant particularly notes demand number 11, which demanded "all documents showing the financial institutions at which You are aware Qin and any of the Relevant Individuals and/or Relevant Entities have accounts". Movant noted that these demands are entirely irrelevant the Goldteam Action was dismissed with no finding of any fraudulent transfer on the part of Mr. Qin or Liu Clients. Petitioners did not oppose this relevancy issue anywhere in their opposition.

Petitioners assert that the Document Subpoena seeks the production of "discrete and specific categories of documents which can hardly be considered lengthy" and that Movant "provides no specific facts regarding its alleged burden". (Dkt. 83 at 5). It is true that *some* of the demands seek discrete and specific categories of documents (*i.e.* requests numbers 1-4, seeking engagement letters, however, Movant notes that these demands are improper when grouped with an otherwise overbroad and improper subpoena. **Where "requests are palpably overbroad, the**

**court will not prune the requests to 'cull the good from the bad'"** (*W. 16th Realty Co. v Ali*, **176 Misc 2d 978, 980 [Civ Ct, New York County 1998]).** The otherwise proper demands are grouped with grossly overbroad demands, which would require production of hundreds of emails between Movant and Mr. Qin and/or his agents/counsels for the entire period of time Movant has known Mr. Qin.

Petitioners assert that Movant "provides no specific facts regarding its alleged burden" (Dkt. 83 at 5). This is also demonstrably false. The Document Subpoena would require production of these voluminous communications, many of which contain confidential and privileged attorney-client communications. This would involve reviewing hundreds, if not thousands of communications to redact them and create a privilege log.

Movant is a small firm, with only two attorneys. Complying with the Document Subpoena would require a significant amount of time and expense. Petitioners' assertion that "this is the very work that litigation boutiques do on a daily basis" is simply untrue. Movant has received very, very few post-judgment collection subpoenas in the past, and in any event, Movant is not arguing that it does not know how to a respond to the Subpoena, simply that doing so would be costly and unduly burdensome.

Additionally, Movant notes that as to demands numbered 9-10, which, generally, seeks all documents showing Mr. Qin's contact information, as well as all documents showing the contact information of those used to contact Mr. Qin indirectly, the undue burden clearly outweighs the importance of these documents. If Petitioners goal is truly to obtain Mr. Qin's contact information, it would clearly be unduly burdensome to require Movant to produce every single correspondence it has ever had with Mr. Qin (many of which are confidential and privileged) just for Petitioners to obtain Mr. Qin's contact information.

Movant re-emphasizes that while the Subpoenas should be quashed, to the extent that court orders compliance with the Subpoenas, the costs should be shifted to Petitioners for the reasons set forth previously.

Movants note Petitioners have asserted that "the cost is miniscule compared to the benefits of upholding this Court's $400 million judgment". Dkt. 83 at 5. If that is so, Petitioners should have no problem paying those costs, since they are comparatively "miniscule".

## **CONCLUSION**

For the foregoing reasons, Movant's Motion must be granted in its entirety.

Dated: December 7, 2022
        Glen Cove, NY

                                 XUE & ASSOCIATES, P.C.

                By:    /s/ Benjamin B. Xue
                        Benjamin B. Xue
                        1 School Street, Suite 303A
                        Glen Cove, NY 11542
                        (516) 547-8548
                        BenjaminXue@Xuelaw.com