UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

HUZHOU CHUANGTAI RONGYUAN
INVESTMENT MANAGEMENT
PARTNERSHIP, HUZHOU HUIHENGYING
EQUITY INVESTMENT PARTNERSHIP, and
HUZHOU HUIRONGSHENG EQUITY
INVESTMENT PARTNERSHIP,

      Petitioners/Judgment-Creditors,

        v.

HUI QIN,

      Respondent/Judgment-Debtor.

------------------------------------------------------------------x

:
:
:
:
:
:
:
:
:   1:21:cv-09221-KPF
:
:
:
:
:
:
:

## STIPULATED PROTECTIVE ORDER

Pursuant to the parties' stipulation, and having found good cause, the Court hereby enters this Protective Order:

1.   As used in this Protective Order, these terms have the following meanings:

   (a)   The term "Action" means the above-captioned civil action;

   (b)   "Confidential" documents are documents, discovery responses, pleadings, deposition testimony, exhibits of any kind, and other information or material designated "Confidential" pursuant to paragraph 2;

   (c)   "Documents" are all materials within the scope of Federal Rule of Civil Procedure 34;

   (d)   The term "Parties" means the parties to this Action;

   (e)   The term "Attorneys" means attorneys and their respective law firms who serve as counsel for the Parties; and,

   (f)   The term "Judgment" shall refer to the judgment entered in this Action on

October 11, 2022 (Docket No. 46).

2.      A Party may designate a document or information of any kind "Confidential" when the public disclosure such document or information is restricted by law or will cause harm to the business, commercial, financial or personal interest of the producing person and/or third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3.      Confidential information shall be designated with the label "Confidential" on each page containing such Confidential information prior to production.   If any Confidential information cannot reasonably be labeled on each page with the appropriate designation, it shall be placed in a sealed envelope or other container or portable media, such as a CD or DVD, that is in turn marked "Confidential," or shall be designated as "Confidential" in any other manner agreed upon in writing by the Parties or their Attorneys.

4.      The Parties acknowledge that post-judgment discovery in this action is likely to involve confidential documents or information (such as information about Respondent's bank accounts, tax returns, and divorce-related documents) the public disclosure of which will cause harm to the producing person and/or third parties to whom a duty of confidentiality is owed.

Prior to designating any material as Confidential, the designating party must make a bona fide

determination that the material in fact contains such information, and that the dissemination of

such information would significantly damage the designating party.

5.      All Confidential documents, along with the information contained in the

documents, shall be used solely in connection with enforcing and collecting the Judgment

entered in this Action.  No person receiving such documents shall, directly or indirectly, use,

transfer, disclose, or communicate in any way the documents or their contents to any person

other than those specified in this Protective Order.  Any other use is prohibited.

6.      Access to any Confidential document or information shall be limited to:

(a)      the Court and its staff;

(b)      Attorneys, their law firms, and vendors retained by such counsel;

(c)      persons or entities shown on the face of a document to have authored or

received the Confidential document or Confidential information;

(d)      any actual or prospective deponent or witness (including fact witnesses as

well as expert witnesses), provided such person has first executed a Non-Disclosure

Agreement in the form annexed hereto;

(e)      court reporters and videographers retained to transcribe or record

testimony;

(f)      the Parties;

(g)      financial institutions or entities that have been disclosed through post-

judgment discovery that may hold or control assets that may satisfy part or all of the

judgment, provided that the Confidential information disclosed to such institutions or

entities relates to the judgment debtor's assets which are held or managed by such institutions or entities; and

(h)     outside independent persons (i.e., persons not identified above and not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert consulting or investigative services, or to provide insurance or claim supervision to the Parties or their Attorneys, provided such persons have first executed a Non-Disclosure Agreement in the form annexed hereto.

7.     Recipients of documents or information that have been designated as Confidential under this Protective Order may use such material solely for the purpose of enforcing the Judgment (to the extent it has not been vacated) and specifically (by way of example and not limitation) may not use Confidential documents or information for any business, commercial, or competitive purpose.   Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

8.     Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the Parties to the Action.   A copy of the Protective Order shall be served along with any subpoena served in connection with this action or upon any recipient of a subpoena served prior to the date of the Protective Order.

9.      Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential.  In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

10.     All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

11.     The inadvertent production of any confidential or private information, document, or material without a designation of "Confidential" shall not constitute a waiver of the rights of a Party to subsequently designate such materials as "Confidential" or to otherwise assert confidentiality with respect to any document, material, or information.  Any Party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.

Any Party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents, including, without limitation, all copies of such improperly-designated documents.   Any information, document, or material subsequently designated as "Confidential" shall be treated as if it had been so designated when first produced or made available and shall be subject to the terms of this Protective Order from such date.   Neither the provisions of this Protective Order, nor any designation or failure to designate any particular information, document, or material by either Party as "Confidential" shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

13.     Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned.   The receiving Party shall return such inadvertently produced documents, including all copies, summaries, and abstracts, within 14 days of receiving such a written request.   The Party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. The inadvertent production of such documents shall not, however, be deemed to waive the privilege or other immunity from discovery so long as the Party who inadvertently produced the documents asserts the privilege promptly after discovering the inadvertent production.

13.     When a Party files with the Court documents or information designated as Confidential, the Party shall provisionally file such documents or information under seal, pending a determination by the Court regarding the propriety of maintaining such documents or information under seal.

14.     Nothing herein shall preclude a Party from using or filing any document or item it has designated as "Confidential" as such Party sees fit.

15.     Any Party may request a change in the designation of any information designated "Confidential."  Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the Action may be affected.  The Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

16.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential documents and information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

17.     Within 60 days of the satisfaction or vacating of the Judgment, each Party shall destroy or return to the opposing Party all documents designated by the opposing Party as "Confidential," and all copies of such documents.  Each Party shall also destroy all extracts or data taken from such documents.  Following this 60-day period, each Party, upon request, shall provide a certification as to the return or destruction of documents designated as "Confidential"

and as to compliance with this paragraph.  Notwithstanding this paragraph, Parties and Attorneys shall be entitled to retain copies of all documents filed with the Court and all correspondence generated in connection with the Action.  If a regulatory authority, accounting oversight body, or other such person or entity requests access to any such records at any time, the producing Party shall be promptly notified before such access is granted.

18.    Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19.    The obligations imposed by the Protective Order shall survive the termination of the Action.

SO STIPULATED AND AGREED.

Amiad Kushner, Esq.
SEIDEN LAW GROUP LLP
322 Eighth Avenue, Suite 1704
New York, New York 10001
Tel: (646) 766-1914
akushner@seidenlawgroup.com
*Attorneys for Respondent*

Andrew C. Smith, Esq.
PILLSBURY WINTHROP
SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019-6131
Tel: (212) 858-1743
andrew.smith@pillsburylaw.com
*Attorneys for Petitioners*

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated: _____, 2022
New York, New York

8

[FORM OF NON-DISCLOSURE AGREEMENT]

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

HUZHOU CHUANGTAI RONGYUAN     :
INVESTMENT MANAGEMENT     :
PARTNERSHIP, HUZHOU HUIHENGYING     :
EQUITY INVESTMENT PARTNERSHIP, and     :
HUZHOU HUIRONGSHENG EQUITY     :
INVESTMENT PARTNERSHIP,     :
     :     1:21:cv-09221-KPF
     Petitioners/Judgment-Creditors,     :
     :
     v.     :
     :
HUI QIN,     :
     :
     Respondent/Judgment-Debtor.     :

-------------------------------------------------------------------x

KATHERINE POLK FAILLA, United States District Judge:

     I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of documents or information that have been designated as Confidential. I agree that I will not disclose such Confidential documents or information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy any such documents or information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____
Recipient:

9