UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

HUZHOU CHUANGTAI RONGYUAN
INVESTMENT MANAGEMENT
PARTNERSHIP, HUZHOU HUIHENGYING
EQUITY INVESTMENT PARTNERSHIP, and
HUZHOU HUIRONGSHENG EQUITY
INVESTMENT PARTNERSHIP,

            Petitioners,

            v.

HUI QIN,

            Respondent.

21 Civ. 9221 (KPF)

------------------------------------------------------------------x

**DECLARATION OF CAROL LEE IN SUPPORT OF PETITIONERS'**
**<u>MOTION FOR ATTORNEY'S FEES</u>**

1. I am an attorney at Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). Pillsbury represents Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership (collectively, "Petitioners") in the above-captioned action.

2. I am licensed and in good standing to practice law in the State of New York.

3. I submit this declaration in support of Petitioners' Motion for Attorney's Fees ("Motion").

**Petitioners' Offers to Stipulate to the Fee Award**

4. After the Court ordered Respondent Hui Qin ("Qin") to pay Petitioners' reasonable expenses and attorney's fees incurred in connection with Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt against Qin ("Sanctions Motion"), counsel for Petitioners met and conferred with counsel for Qin on April 20, 2023.

5. At the April 20, 2023 meet and confer, Petitioners offered to stipulate to an amount of the attorney fee award in the low six figures. Petitioners asked Qin's counsel to discuss this proposal with their client and to provide a counterproposal in response.

6. Qin's counsel never provided any counterproposal in response to Petitioners' April 20, 2023 offer to stipulate.

7. On May 8, 2023, Petitioners' counsel wrote to Qin's counsel following up on the proposal to stipulate to the amount of the fee award. Petitioners' counsel stated that the actual fees incurred were close to $▆▆▆▆ and actual costs were approximately $2,500, but offered to agree to a stipulated fees and costs award of $▆▆▆▆. Petitioners stated that a stipulation would "reduce the costs for the parties and limit the burden on the Court."

8. Petitioners' offer in the May 8, 2023 email amounted to a haircut of over 50% on Petitioners' actual fees.

9. At 5:24pm on May 8, 2023, Qin's counsel replied to Petitioners' message, describing Petitioners' offer as a "generous offer." They stated that they had "forwarded [Petitioners'] proposal to Mr. Qin and have not received his response yet."

10. At 5:59pm on May 9, 2023, Qin's counsel responded to Petitioners' message, stating that Qin "is unable to afford $▆▆▆▆ under the current circumstances" and offered a counterproposal of $▆▆▆▆ conditioned on Petitioners terminating the instant motion for attorney's fees and costs.

11. At 7:00 pm on May 9, 2023, Petitioners' counsel responded to Qin's counsel rejecting Qin's counterproposal.

12. A true and correct copy of the May 8-9, 2023 email correspondence between Petitioners' counsel and Qin's counsel is attached hereto as Exhibit A.

**Petitioners' Fees Incurred in Connection with the Sanctions Motion**

13. The primary timekeepers who worked on the Sanctions Motion are as follows: Geoffrey Sant (Partner), Andrew C. Smith (Partner), Ronald Cheng (Partner), Carol Lee (Counsel), Sarah Madigan (Associate), and Fangwei Wang (Associate). Additional timekeepers who worked on the Sanctions Motion on an as-needed basis are: Yang Wang (Associate), Nika Yeo (Associate) and Andrea Shang (Associate).

14. The standard hourly rate for each of the above primary timekeepers is as follows:

   a. Geoffrey Sant: $█████/hour

   b. Andrew C. Smith: $█████/hour

   c. Ronald Cheng: $█████/hour

   d. Carol Lee: $█████/hour

   e. Sarah Madigan: $████/hour

   f. Fangwei Wang: $████/hour

15. Petitioners' counsel charges Petitioners a fixed hourly rate for all timekeepers of $███ per hour. Petitioners are only seeking fees for the following three attorneys: Geoffrey Sant, Andrew C. Smith, and Carol Lee. The $████ hourly rate represents ████████████████████ ████████████████████████████████████

   a. Geoffrey Sant: ████

   b. Andrew C. Smith: ████

   c. Carol Lee: ████

3

16. In connection with the Sanctions Motion, Petitioners incurred $███████ in attorney's fees and $████ in costs.[1]

17. In order to reduce the amount being sought, Petitioners have voluntarily removed from their submission all time entries from partner Ronald Cheng, and from associates Sarah Madigan, Fangwei Wang, Yang Wang, Nika Yeo and Andrea Shang.

18. Counting only the amounts charged by Mr. Sant, Mr. Smith, and Ms. Lee, Petitioners incurred $161,374.50 in attorney's fees and $2,500 in costs.

19. A true and correct copy of Petitioners' invoices incurred in connection with the Sanctions Motion is attached hereto as Exhibit B.

20. A true and correct copy of Petitioners' lodestar calculation is attached hereto as Exhibit C.

21. A true and correct copy of a list of timekeepers for whom fees are sought in this Motion, including a summary of their experience and their role in connection with the Sanctions Motion, is attached hereto as Exhibit D.

**Rates Charged by Qin's Counsel**

22. Qin's engagement letter with Seiden Law ████████████████████ ████████████████████. The lead counsel handling this matter for Qin, Amiad Kushner, is ████████████████████.

23. A true and correct copy of Qin's engagement letter with Seiden Law is attached hereto as Exhibit E.

---

[1] The costs are charged to Petitioners in RMB, but Petitioners have converted them to USD for purposes of this Motion.

24. According to an invoice related to this matter from Seiden Law to Qin dated November 15, 2022, Seiden Law is charging Qin rates as high as $▮▮▮ per hour.

25. A true and correct copy of the November 15, 2022 invoice to Qin is attached hereto as Exhibit F.

**Other Supporting Documents**

26. A true and correct copy of this Court's April 18, 2023 hearing transcript (the "April 18, 2023 Order") is attached hereto as Exhibit G.

27. A true and correct copy of 7 Moore's Federal Practice, §37.23, is attached hereto as Exhibit H.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on May 9, 2023.

_____
Carol Lee