# Exhibit H

# 7 Moore's Federal Practice - Civil § 37.23

*Moore's Federal Practice - Civil > Volume 7: Analysis: Civil Rules 30–37 > Volume 7 Analysis: Civil Rules 30–37 > Chapter 37 Failure to Make Disclosures or to Cooperate in Discovery; Sanctions > A. MOTIONS AND ORDERS TO COMPEL DISCOVERY OR MANDATORY DISCLOSURE > 2. ORDER ON MOTION TO COMPEL DISCOVERY OR MANDATORY DISCLOSURE*

## § 37.23 Presumption in Favor of Granting Expense Shifting Sanctions to Prevailing Party on Motion to Compel

**[1] Sanctions Generally *Must* Be Awarded to Prevailing Party**

After deciding a motion to compel discovery, a district court *must* award the prevailing party its reasonable expenses, including attorney's fees, unless one of three exceptions applies.[1] If the motion to compel is granted in part and denied in part, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.[2] Expense shifting sanctions are defined as the "reasonable expenses incurred" in making or opposing the motion, including attorney's fees (*see* [6], *below*).[3]

If the moving party prevails, the opposing party may rebut the presumption in favor of expense shifting sanctions by demonstrating that:[4]

---

[1] **Rule 37 requires award of sanctions in absence of three exceptions**. See *Fed. R. Civ. P. 37(a)(5)(A)*, *(B)*.

2d Circuit See *Underdog Trucking, L.L.C. v. Verizon Services Corp., 273 F.R.D. 372, 377 (S.D.N.Y. 2011)* (citing **Moore's**, court noted that Rule 37(a)(5)(A) establishes rebuttable presumption in favor of awarding sanctions against party that complies with discovery demands after filing of motion to compel).

4th Circuit See *Proa v. NRT Mid Atl., Inc., 633 F. Supp. 2d 209, 212–213 (D. Md. 2009)* (fees awarded because plaintiffs, as losing parties, failed to demonstrate their position was substantially justified).

6th Circuit See *Martinez v. Blue Star Farms, Inc., 325 F.R.D. 212, 219–220 (W.D. Mich. 2018)* (award of expenses incurred in bringing motion to compel "is the norm, rather than the exception").

8th Circuit See also *Foxley Cattle Co. v. Grain Dealers Mutual Ins. Co., 142 F.R.D. 677, 679 (S.D. Iowa 1992)* (sanctions against opponent to successful motion to compel are mandatory unless court finds that opposition was substantially justified).

9th Circuit **Reygo Pac. Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982)** (expenses ordinarily awarded unless court finds that losing party acted justifiably in carrying point to court).

11th Circuit *DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993)* (no requirement of bad faith before sanctions awarded).

D.C. Circuit *Doe I v. Exxon Mobil Corp., 539 F. Supp. 3d 59, 70 (D.D.C. 2021)* (court was required to order reasonable expenses, including attorney's fees, because defendants offered no justification for their deponent's failure to answer questions, and there was no reason to think awarding expenses would be unjust).

[2] *Fed. R. Civ. P. 37(a)(5)(C)*.

[3] See *Fed. R. Civ. P. 37(a)(5)(A)*, *(B)*.

- The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action (*see* § 37.05[4]),

- The opposing party's nondisclosure, response, or objection was substantially justified (*see* [2], *below*), or

- Other circumstances make an award of expenses unjust (*see* [3], *below*).

If the party opposing the motion to compel prevails, the moving party may rebut the presumption in favor of expense shifting sanctions by demonstrating that:[5]

- The motion was substantially justified (*see* [2], *below*), or

- Other circumstances make an award of expenses unjust (*see* [3], *below*).

The presumption in favor of imposing expense shifting sanctions against a party who unsuccessfully litigates a motion to compel reflects the importance of using monetary sanctions to deter abusive or otherwise unjustifiable resort to the judiciary in the discovery process. Courts have long understood that the administration of justice will be gravely jeopardized unless the discovery and disclosure systems are largely self-executing.[6] The resources of the courts would be taxed beyond endurance if more than a tiny percentage of discovery or disclosure proceedings generated disputes that judges were forced to resolve. Thus, one purpose of presumptive expense shifting sanctions is to press counsel and parties to understand that it is their responsibility to operate the systems for sharing and generating evidence before trial without substantial intervention by the judiciary.[6.1]

Moreover, a principal purpose of the presumption in favor of imposing expense shifting sanctions against a party who unsuccessfully litigates a motion to compel is to encourage judges to be more alert to abuses occurring in the discovery process. Courts did not often use the power they had been granted pursuant to the older formulation of the Rule to impose sanctions when a party's opposition to discovery was not substantially justified. The 1970 amendments, which established the present formulation of the rule, was intended to "[press] the court to address itself to abusive practices" and to "utilize the most important available sanction to deter abusive resort to the judiciary."[7]

Concern that the 1970 amendments had not succeeded in making the courts more assertive in monitoring discovery behavior and in sanctioning discovery abuse[8] was in part responsible for the adoption in 1983 of Rule 26(g), which made imposition of some kind of sanction mandatory if an attorney or party violated the certification requirement set forth in that new subdivision.[9] That new Rule, however, gave judges considerable discretion in determining whether the certification requirement had been violated. What effect, if any, the addition of subdivision (g) to Rule 26 has had on levels of judicial assertiveness in imposing sanctions for failures to meet discovery obligations remains unclear. A major survey of lawyers conducted in late 1988 reported that attorneys continued to feel that judges did not often impose sanctions for discovery or other

---

[4] *Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii)*.

[5] *Fed. R. Civ. P. 37(a)(5)(B)*.

[6] *See, e.g.,* Brazil, *The Adversary Character of Civil Discovery: A Critique and Proposals for Change,* 31 Vanderbilt L. Rev. 1295, 1298–1303 (1978).

[6.1] **Sanctions against moving party.** *See* Interactive Prods. Corp. v. a2z *Mobile Office Solutions, Inc., 326 F.3d 687, 700–701 (6th Cir. 2003)* (sanctions were properly imposed against party who unsuccessfully brought motion to compel because: (1) counsel for that party failed to attempt non-judicial resolution of dispute, (2) record failed to support moving party's claims of misconduct on part of opposing party, and (3) information sought could have been obtained by other means).

[7] *See Fed. R. Civ. P. 37* advisory committee's note (1970) (*reproduced verbatim at § 37App.03[2]*).

[8] *See* Brazil, *Civil Discovery: Lawyers' Views of Its Effectiveness, Its Principal Problems and Abuses,* 1980 Am. B. Found. Res. J. 787, 824–825, 862–867 (Fall 1980).

[9] *See* **Fed. R. Civ. P. 26(g)** advisory committee's note (1983).

litigation abuses.[10] The number of cases reported under Rule 26(g) has escalated as courts and counsel have become aware of its importance.

**[2] No Expense Shifting Sanctions If Unsuccessful Position Was Substantially Justified**

One of the ways that an unsuccessful party on a motion to compel may rebut the presumption in favor of expense shifting sanctions (*see* [1], *above*) is by demonstrating that its position was substantially justified.[11] *Substantial justification* is an elusive term.

In *Pierce v. Underwood*,[12] the Supreme Court established the meaning of *substantial justification* within the context of the Equal Access to Justice Act,[13] which authorizes an award of reasonable attorney's fees against the federal government, unless the government's position was substantially justified. In the course of its opinion, the Court recognized, and tacitly approved, the meaning lower courts had given to the phrase *substantial justification* in the context of expense shifting sanctions in connection with a motion to compel.[14] Based on this Supreme Court decision, the lower courts have concluded that a legal position is "substantially justified" if there is a genuine dispute as to proper resolution or if a reasonable person could think it correct. In other words, a position is "substantially justified" if it has a reasonable basis in law and fact.[14.1]

The Supreme Court noted that the standard for satisfying the requirement of substantial justification has never been understood as demanding a showing of a high degree of justification. Rather, courts have held, consistent with the drafters' intent, that the substantial justification standard is met when a party demonstrates that the dispute about the matter was "genuine," meaning that reasonable lawyers could disagree about the appropriateness of the disputed position.[15]

---

[10] *See* Louis Harris and Associates, *Procedural Reform of the Civil Justice System* (a study conducted for the Foundation for Change; March 1989), at 31, 37.

[11] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii); Fed. R. Civ. P. 37(a)(5)(B).

[12] **Pierce case.** Pierce v. Underwood, 487 U.S. 552, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).

[13] 28 U.S.C. § 2412(d)(1)(A).

[14] **Meaning of substantial justification.** Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988) (discussed in text).

[14.1] **"Substantial justification" defined.**

2d Circuit *See* Underdog Trucking, L.L.C. v. Verizon Services Corp., 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (conduct is substantially justified if reasonable people could differ as to appropriateness of contested action, and plaintiffs failed to satisfy this standard).

4th Circuit Proa v. NRT Mid Atlantic, Inc., 633 F. Supp. 2d 209, 213 (D. Md. 2009) (losing parties have burden of demonstrating their requests and positions were substantially justified).

7th Circuit *See* Smith v. Nexus RVs, LLC, 331 F.R.D. 491, 498 (N.D. Ind. 2019) (court declined to award expenses because losing party presented arguments and legal authority exposing "a challenging procedural issue requiring careful consideration of the unique circumstances of this case").

[15] **Substantial justification established.** *See* Fed. R. Civ. P. 37(a) advisory committee's note (1970) (*reproduced verbatim at § 37App.03[2]*); *see also* Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997) (district court abused its discretion in awarding attorney's fees to defendant when it compelled plaintiffs to produce tax records, because plaintiffs were substantially justified in relying on out-of-circuit cases holding tax forms privileged when there was no conflicting in-circuit case law).

The courts also have made it clear that the substantial justification standard is objective. That means that the source of the norms for determining whether the standard has been satisfied is the courts' view about the range of behavior that a hypothetical reasonable lawyer would engage in if confronted with the circumstances presented in the particular case. Since the standard is objective reasonableness, a prevailing party can secure an expense sanction award without proving that the losing party acted in bad faith, and proof by the losing party that it acted in subjective good faith is not sufficient to defeat a request for sanctions.[16]

Despite the objectivity of the test, the meaning of *substantial justification* eludes crisp articulation. The imprecision of the standard necessarily gives district judges substantial discretion in applying it. In short, whether the position of a particular attorney or party satisfies the standard often is a matter of judgment. In exercising their judgment about such matters, district judges are to attend to all the pertinent circumstances in the case at hand. Their determinations are very fact and case specific.

It also appears from the reported cases that there is a substantial range of attitudes among judges about how demanding the substantial justification test should be. Some courts appear to believe, despite the purposes that prompted adoption of the presumption, that they should err on the side of leniency when ruling on motions for expense sanctions.[17] This attraction to leniency is generally expressed by judges who remain committed to traditional views of the adversary system, or who are especially concerned about chilling the creative or ambitious use of advocacy to change substantive law. There also are a number of reported cases, however, that reflect less patience with parties who lose motions to compel, even when their positions were at least nominally based on interpretations of law.[18]

---

[16] **Objective standard of reasonableness.** *Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 262–263 (S.D.N.Y. 1995)* (failure to present any evidence indicates lack of substantial justification pursuant to objective standard of reasonableness).

2d Circuit *Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 262–263 (S.D.N.Y. 1995)* (failure to present any evidence indicates lack of substantial justification pursuant to objective standard of reasonableness).

9th Circuit *Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 186 (E.D. Cal. 1991)* (lack of substantial justification does not require bad faith, even negligent failure to allow reasonable discovery may establish cause for imposing sanctions).

11th Circuit *DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993)* (1970 revisions to *Fed. R. Civ. P. 37* specifically eliminate possibility of reading bad faith requirement into Rule).

[17] **Leniency.** *See, e.g., Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 265 (S.D.N.Y. 1995)* (leniency necessary given fact that attorneys must advocate for their clients).

2d Circuit *See, e.g., Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 265 (S.D.N.Y. 1995)* (leniency necessary given fact that attorneys must advocate for their clients).

3d Circuit *See, e.g., Frazier v. Southeastern Pennsylvania Transp. Auth., 161 F.R.D. 309, 314 (E.D. Pa. 1995)* (position was not completely without basis in law).

6th Circuit *See, e.g., Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 297 (W.D. Mich. 1995)* (unsuccessful party's opposition to motion to compel was substantially justified because it involved unsettled question of law concerning communications between expert witness and counsel).

[18] **Strict interpretation of substantial justification.** *See, e.g., DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993)* (unanswered interrogatories involved straightforward, clearly discoverable matters, and defendant failed to petition for extensions of time and did not allege any hardship).

5th Circuit *See Shumpert v. City of Tupelo, 905 F.3d 310, 325–326 (5th Cir. 2018)* (plaintiffs were not substantially justified in failing to comply with discovery deadlines or respond to discovery requests when only justification offered was that plaintiffs' counsel was busy with professional and personal obligations).

Not surprisingly, when parties fail to respond at all to a motion to compel, or when their opposition is patently anemic, courts are likely to impose expense shifting sanctions.[19]

In the vast majority of the reported cases where expense shifting sanctions have been imposed, the party sanctioned has been charged with failing to respond adequately to discovery probes. There are relatively few reported cases where the sanctioned party was the movant. Some of the reasons for judicial reluctance to impose sanctions when a motion to compel discovery is denied are reflected in a Ninth Circuit opinion.[20] In that case, the appellate court reversed a trial court order imposing sanctions on a plaintiff's attorney who had lost a motion to compel answers to interrogatories. While several factors influenced the decision by the circuit court of appeals, its underlying concern seems to have been to honor the broad scope of discovery that was then less clearly restricted by proportionality requirements, and fear that imposing sanctions too freely on parties who lost motions to compel would create too great a risk of chilling legitimate efforts to uncover evidence needed to vindicate important rights. En route to its holding, the appellate panel pointed out that the disputed interrogatories were not patently improper, that plaintiff's counsel had not attempted to harass the defendant with onerous discovery requests, and had not engaged in any other objectionable conduct. Counsel cannot be confident, however, that appellate courts would address these kinds of issues in the same spirit today, given the additional efforts to curb discovery abuses and encourage judicial activism that are reflected in the 1983 and 1993 amendments to the discovery rules, especially Rule 26(g)(2).

For example, the Sixth Circuit upheld the imposition of expense shifting sanctions against a party who unsuccessfully brought a motion to compel discovery. In that case, the plaintiff actually brought a motion "for leave" to take the depositions of counsel for the defendants. The motion was based on allegations that, during the deposition of defendant's president, defendant's counsel were signaling answers to the witness and, during breaks in the deposition, defendant's counsel had "inappropriate conversations" with the witness. The magistrate judge denied the motion, treated it as a Rule 37(a) motion to compel, and then awarded the defendant reasonable expenses incurred in defending the motion, including attorney's fees. The district court overruled the plaintiff's objection to the magistrate judge's order, finding that the magistrate judge had properly characterized the motion as a motion to compel. On appeal, the circuit court affirmed, finding that the district court did not abuse its discretion in its characterization of the motion or in its conclusion that the plaintiff was not "substantially justified" in bringing the motion.[20.1]

---

8th Circuit *See, e.g., Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 680 (S.D. Iowa 1992)* (plaintiff asserted failure to comply with discovery request was due to ongoing settlement negotiations, but did not assert any agreement to voluntarily stay discovery).

9th Circuit *See, e.g., Freeman v. San Diego Ass'n of Realtors, 322 F.3d 1133, 1156–1157 (9th Cir. 2003)* (there is no requirement that party's objections to discovery requests be "tested" before court imposes sanctions under former Rule 37(a)(4) (now see Fed. R. Civ. P. 37(a)(5)), and magistrate judge properly entered sanctions against defendant after finding that defendant's objections were not substantially justified); *Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 182 (E.D. Cal. 1991)* (defendant made a blanket claim of privilege that completely contravened well settled law and offered no authority for its position).

11th Circuit *See, e.g., DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154 (11th Cir. 1993)* (unanswered interrogatories involved straightforward, clearly discoverable matters, and defendant failed to petition for extensions of time and did not allege any hardship).

[19] **Inadequate response to motion.** *Brown v. State of Iowa, 152 F.R.D. 168, 173–174 (S.D. Iowa 1993)* (opponent who failed to file response to motion to compel was not substantially justified (citing **Moore's**)); *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 680 (S.D. Iowa 1992)* (opponent to motion could not justify noncompliance with discovery request (citing **Moore's**)).

[20] **Expense shifting sanctions denied.** *Reygo Pac. Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982)* (citing **Moore's**)).

[20.1] **Expense shifting sanction imposed against unsuccessful moving party.** *See* Interactive Prods. Corp. v. a2z *Mobile Office Solutions, Inc., 326 F.3d 687, 700–701 (6th Cir. 2003)* (sanctions were properly imposed against party who unsuccessfully

### [3] Other Circumstances Might Make an Award of Expense Shifting Sanctions Unjust

One of the ways that an unsuccessful party on a motion to compel may rebut the presumption in favor of expense shifting sanctions (*see* [1], *above*) is by demonstrating that "other circumstances make an award of expenses unjust."[21]

There are few reported cases that discuss which kinds of other circumstances would make an award of expenses unjust. The drafters suggest that one such circumstance might arise when "the prevailing party also acted unjustifiably."[22] In what is perhaps a variation on this theme, one court refused to award expenses to a party who had prevailed on a motion to compel, in part because that party had failed to bring to the court's attention controlling precedent, and in part because it had relied to a considerable extent in its papers on conclusory affidavits.[23]

Courts also might conclude that an award of expense shifting sanctions would be unjust when the party who lost the motion was proceeding pro se, was not sophisticated about the law, and whose position appeared to have been the product of a good faith misunderstanding of his or her rights and obligations pursuant to the discovery or mandatory disclosure rules. The effect of the expense-shifting on the parties or counsel is a proper consideration for the court to take into account in determining whether the shifting is, in the circumstances, unjust. Other relevant considerations might include the state of mind of the losing party or counsel; their pertinent knowledge, experience and expertise; any prior misconduct; the risk of chilling effects; and any other prejudice suffered by the prevailing party (e.g., in the preparation of the case).

### [4] Persons or Parties Against Whom Expense Shifting Sanctions May Be Imposed

#### [a] Expense Shifting Sanctions May Be Imposed Against Party, Attorney, or Both

Expense shifting sanctions may be imposed against any party or attorney who is responsible for taking the position that the court rejected when it ruled on a motion to compel. Expense shifting sanctions may be imposed on both counsel and client.[24]

Attorneys may not hide behind their clients with respect to expense shifting sanctions,[25] just as clients who are responsible for providing clearly inadequate disclosures or discovery responses may not hide behind their attorneys. Thus, when the responsibility for an unjustifiable position taken with respect to a motion to compel rests solely with a party's attorney, courts may order that attorney to pay expense shifting sanctions.[26] It is not contemplated, however, that an expense shifting sanction will be imposed on an

---

brought motion because: (1) counsel for that party failed to attempt non-judicial resolution of dispute before bringing motion; (2) record failed to support moving party's claims of misconduct on part of opposing party and counsel; and (3) information sought could have been obtained by other means).

[21] *See* [Fed. R. Civ. P. 37(a)(5)(A)(iii)](); [Fed. R. Civ. P. 37(a)(5)(B)]().

[22] *See* [Fed. R. Civ. P. 37(a)]() advisory committee's note (1970) (*[reproduced verbatim at § 37App.03[2]]()*).

[23] **Refusal to award expense shifting sanctions.** *See* [Solomon v. Scientific Am., Inc., 125 F.R.D. 34, 39 (S.D.N.Y. 1988)]() (court said both parties should bear their own costs).

[24] **Sanction may be imposed against client and attorney.** [Fed. R. Civ. P. 37(a)(5)(A)](), [(B)](); *see* [Mugavero v. Arms Acres, Inc., 680 F. Supp. 2d 544, 575 (S.D.N.Y. 2010)]() (citing **Moore's**, court noted that Rule 37(a) sanction may be imposed on either the attorney or party or both).

[25] **Attorneys may not hide behind clients.** [DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993)]() (sanctions exist, in part, to remind attorneys that service to clients must coexist with responsibilities toward court, the law, and fellow attorneys).

Nika Bederman

attorney merely because the party he or she represents is indigent.[27] In fact, an attorney may only be sanctioned for *personally* violating a discovery order or for advising a client to do so.[27.1]

If fault is to be apportioned between attorney and client, the character of the apportionment is committed to the sound discretion of the trial court.[28]

Moreover, because the apportionment of fault is the court's responsibility, the fact that a motion for expense shifting sanctions formally targets only an opposing party does not insulate that party's attorney from potential liability for those expense shifting sanctions. The motion merely creates the occasion for the court to determine who is responsible for the unjustifiable position. Thus, every motion for expense shifting sanctions places both the party and the party's counsel on notice that the court may assess sanctions against either or both, unless they provide the court with substantial justification for their conduct (*see* [2], *above*), or other circumstances make an award of expense shifting sanctions unjust (*see* [3], *above*).[29]

### [b] Court May Apportion Expenses When Motion to Compel Is Granted in Part and Denied in Part

---

[26] **Attorney solely responsible.** *DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993)* (failure of counsel to resolve numerous discovery problems contributed substantially and unnecessarily to litigation costs to benefit of neither party).

3d Circuit *Frazier v. Southeastern Pennsylvania Transp. Auth., 161 F.R.D. 309, 316–317 (E.D. Pa. 1995)* (attorney bore exclusive responsibility for profane language, frequent interruptions, and frequent objections at deposition, thereby necessitating motion to compel).

6th Circuit *See Siser N. Am., Inc. v. Herika G. Inc., 325 F.R.D. 200, 210 (E.D. Mich. 2018)* (to extent possible, sanctions should be imposed only on person responsible—in this case, defendant's attorney—and there was no evidence that defendant was aware that responses violated discovery rules).

7th Circuit *Smith v. Logansport Community Sch. Corp., 139 F.R.D. 637, 651 (N.D. Ind. 1991)* (counsel directed party not to answer deposition questions without any cause, and submitted nothing in opposition to other party's subsequent motion to compel).

11th Circuit *DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993)* (failure of counsel to resolve numerous discovery problems contributed substantially and unnecessarily to litigation costs to benefit of neither party).

[27] *Fed. R. Civ. P. 37(a)* advisory committee's note (1970) (*reproduced verbatim at § 37App.03[2]*).

[27.1] **Attorney personally responsible for discovery violation.** *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 185–186 (3d Cir. 2003)* (trial court erred in imposing sanctions against attorney without finding that discovery deficiencies resulted from counsel's acts or omissions).

[28] **Court may apportion fault.** *DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993)* (judge is most familiar with facts, and is in best position to assess responsibility).

2d Circuit *Mugavero v. Arms Acres, Inc., 680 F. Supp. 2d 544, 575 (S.D.N.Y. 2010)* ("Given that the relative culpability of Plaintiff and her counsel in perpetrating these discovery abuses is not clear, Plaintiff and Plaintiff's counsel will be held equally liable for the attorneys' fee award ultimately imposed").

7th Circuit *Castillo v. St. Paul Fire & Marine Insurance Co., 938 F.2d 776, 779 (7th Cir. 1991)* (when plaintiff and attorney engaged in overwhelming and continuing abuse of discovery process, fees and expenses were divided equally between them).

11th Circuit *DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993)* (judge is most familiar with facts, and is in best position to assess responsibility).

[29] **Motion places party and attorney on notice.** *Fed. R. Civ. P. 37(a)(5)(A)*, *(B)*; see also *DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1160 (11th Cir. 1993)* (court addressed this sua sponte).

Nika Bederman

If a motion to compel discovery or disclosure is granted in part and denied in part, the court, after giving every affected party or person an opportunity to be heard, may "apportion the reasonable expenses for the motion." In this circumstance, the court also may enter any protective order authorized by Rule 26(c) (*see § 37.21*).[30] For discussion of protective orders authorized by Rule 26(c), see *Ch. 26, Duty to Disclose; General Provisions Governing Discovery*. Part D, *Protective Orders.*

If a motion for an order to compel is granted in part and denied in part, and there is a determination that many of the discovery objections were substantially justified, courts frequently refuse to award expense shifting sanctions to either party.[31]

**[c] Split in Authority as to Imposition of Expense Shifting Sanctions Against Nonparty Deponent**

There is a split in authority as to whether expense shifting sanctions may be imposed against a nonparty deponent, properly subpoenaed for deposition. One court has held that two nonparty deponents who were properly subpoenaed to give testimony and produce documents, and who served objections to the subpoena on the date set for deposition, but who failed to appear for the deposition, were liable for expense shifting sanctions.[32] The judge reasoned that the objections that had been served might excuse only the failure to produce documents, but not the failure to attend the deposition, and that the nonparties should have applied for a protective order. The Ninth Circuit has also found that expense shifting sanctions may be imposed against a nonparty. The court based its finding on the language of the Rule which provides that if a motion to compel discovery is granted "the party or deponent" shall be required to pay the moving party's reasonable expenses unless opposition to the motion was "substantially justified."[32.1]

A different court, however, has reached a contrary conclusion on essentially the same issue. In ruling that a nonparty deponent was not liable for expense shifting sanctions arising out of a failure to appear at a scheduled deposition, the court held that Rule 37 applies only to parties, and that the only authority for imposing sanctions on a nonparty for failure to comply with a subpoena is found in Rule 45, which

---

[30] *Fed. R. Civ. P. 37(a)(5)(C)*; *see also* **Fed. R. Civ. P. 26(c)**.

[31] **Motion granted in part.** *Smith v. The Conway Org., 154 F.R.D. 73, 78 (S.D.N.Y. 1994)* (order compelled production of fewer than six documents requested).

2d Circuit *Smith v. The Conway Org., 154 F.R.D. 73, 78 (S.D.N.Y. 1994)* (order compelled production of fewer than six documents requested).

3d Circuit *Caruso v. Coleman Co., 157 F.R.D. 344, 350 (E.D. Pa. 1994)* (decision concerning answers and production was mixed, neither party was overall winner or loser).

6th Circuit *See Waskul v. Washtenaw Cty. Cmty. Mental Health, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021)* (court ordered defendants to reimburse plaintiffs half of attorney's fees and costs expended in moving to compel).

7th Circuit *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co., 138 F.R.D. 530, 538–539 (C.D. Ill. 1991)* (only some of requested documents were ordered produced); *Bd. of Educ. of Evanston Township v. Admiral Heating & Ventilating, Inc., 104 F.R.D. 23, 37 (N.D. Ill. 1984)* (both sides contributed to protraction of discovery dispute, each should bear its own costs).

11th Circuit *Cal Dive Int'l, Inc. v. M/V Tzimin, 127 F.R.D. 213, 218 (S.D. Ala. 1989)* (an apportionment of 70% of the related expenses to one side and 30% to the other was based on rate of success on motions to compel and was appropriate (citing **Moore's**)).

[32] **Expense shifting sanctions imposed.** *Aetna Cas. & Sur. Co. v. Rodco Autobody, 130 F.R.D. 2, 4 (D. Mass. 1990)* (costs recoverable).

[32.1] **Language of rule permits sanctions on nonparty.** *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324, 1325 (9th Cir. 1983)* (magistrate judge's conclusion that deponent was immune from former Rule 37(a)(4) (now see *Fed. R. Civ. P. 37(a)(5)*) sanctions as a nonparty witness was "contrary to law").

Nika Bederman

authorizes an order of contempt.[33] Since no such order had been obtained, the court ruled that the nonparty deponent was not liable for expense shifting sanctions.[34] For discussion of subpoenas directed to nonparties, see *Ch. 45, Subpoena*.

It is unclear why, as a matter of policy, a nonparty should not be exposed to expense shifting sanctions if that nonparty unjustifiably refuses to comply with a subpoena to appear at a deposition and give testimony, and then refuses to negotiate a resolution of the dispute, thus compelling the party seeking the discovery to file and obtain a motion to compel. Indeed, it appears that the drafters intended expense shifting sanctions to apply to nonparty deponents. The phrase "the party *or deponent*" (emphasis provided) is used to identify the persons who may be sanctioned.[35] If the drafters had intended expense shifting sanctions to apply only to parties, there would have been no need to include the words "or deponent." Likewise, courts are permitted to "apportion the reasonable expenses."[36]

It is arguable that courts may impose expense shifting sanctions on a nonparty who refuses to comply with a subpoena only through an order of contempt. In support of this argument, the only sanction provided by Rule 45 for a nonparty's failure to comply with a subpoena is an order of contempt.[37] In addition, both the language and structure of Rule 37(b) support an inference that a nonparty deponent who refuses to respond to appropriate questions is subject only to an order of contempt.[38] However, this argument is weakened by the fact that subdivisions (a) and (b) of Rule 37 apply in different situations; subdivision (a) governs motions for orders compelling disclosure or discovery, and subdivision (b) applies only after there has been a failure to comply with a court order. It is quite possible that the drafters saw no tension between them, and did intend to authorize courts to impose the expense shifting provisions of Rule 37(a) on a nonparty deponent.

In sum, neither the language of the pertinent rules nor the few cases that have addressed this matter offer a clear answer to the question of whether a trial court is authorized to impose expense shifting sanctions on a nonparty under Rule 37, as opposed to Rule 45 (which plainly permits a monetary award against a nonparty for contempt). The Rule 37 issue will remain open until definitive pronouncements are made by appellate courts, or the rules are amended.

### [5] Party to Be Sanctioned Must Have Opportunity to Be Heard

Before imposing expense shifting sanctions on a party who unsuccessfully made or opposed a motion to compel discovery or mandatory disclosures (*see* [1], *above*), a court must give the persons or parties to be sanctioned an opportunity to be heard.[39]

Courts may comply with this requirement either by holding an oral hearing on adequate notice, or by considering written submissions from the affected parties.[40] There is no absolute right to present oral argument.[40.1]

---

[33] *See Fed. R. Civ. P. 45(g)*.

[34] **Expense shifting sanctions denied.** *Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994)* (attorney for nonparty witness had filed motion for protective order seeking to reschedule deposition, but court's ruling apparently was not affected by filing of that motion).

[35] *See Fed. R. Civ. P. 37(a)(5)(A)*, *(B)*.

[36] *See Fed. R. Civ. P. 37(a)(5)(C)*; *Fed. R. Civ. P. 37* advisory committee's note (1970) (*reproduced verbatim at § 37App.03[2]*).

[37] *See Fed. R. Civ. P. 45(g)*; *see also* **Ch. 45, Subpoena**.

[38] *See Fed. R. Civ. P. 37(b)(1)*,*(2)*.

[39] *See Fed. R. Civ. P. 37(a)(5)(A)*, *(B)*.

Nika Bederman

**[6] Sanctions Are Limited to Expenses Incurred in Connection with Motion to Compel**

Sanctions imposed against a party or attorney responsible for taking the position that the court rejected when ruling on a motion to compel are limited to the reasonable expenses incurred in connection with the motion, including attorney's fees.[41] This limitation stands in sharp contrast to the wide range and broad scope of sanctions that courts may impose after a court order has been violated (*see* [§ 37.50–37.51](#)).

Attorney's fees incurred in preparing a request for expense shifting sanctions are also recoverable.[42] Likewise, the costs of defending on appeal an award of expense shifting sanctions may be added to the original sanction award.[43]

However, at least in the Ninth Circuit, the costs of defending an expense shifting sanctions award against a motion for reconsideration filed at the trial court level are not recoverable under Rule 37(a), even when the position taken by the losing party in connection with the motion to compel was not substantially justified, and the motion for reconsideration lacks both legal and factual foundation.[44] Even if the language of Rule 37(a) is construed so as not to authorize expense shifting sanctions for a baseless motion to reconsider a decision on a motion to compel, courts might find authority for imposing such sanctions in their inherent authority,[45] or

---

[40] **Oral hearing or written submissions.** *See* [Fed. R. Civ. P. 37(a)](#) advisory committee's note (1993) ([reproduced verbatim at § 37App.07[2]](#)).

7th Circuit *See* [Hayden Stone, Inc. v. Brode, 508 F.2d 895, 897 (7th Cir. 1974)](#) (upholding sanctions based on deposition transcripts and memoranda written by sanctioned party, who chose not to present additional information after imposition of sanctions).

D.C. Circuit *See* [Doe I v. Exxon Mobil Corp., 539 F. Supp. 3d 59, 69 (D.D.C. 2021)](#) ("Although the opposing party must have a chance to be heard on whether expenses should be awarded, a party's written opposition to a motion requesting expenses provides that opportunity.").

[40.1] **No right to oral argument.** *See* [Rates Technology, Inc. v. Mediatrix Telecom, Inc., 688 F.3d 742, 749 (Fed. Cir. 2012)](#) (applying Second Circuit law, Federal Circuit noted that there is no general entitlement to present oral arguments before imposition of sanctions, and party had reasonable opportunity to be heard in written submissions and at status conference hearing).

[41] **Reasonable expenses.** [Fed. R. Civ. P. 37(a)(5)(A)](#), [(B)](#).

2d Circuit *See* [Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994)](#) (party withdrawing motion to compel was not entitled to expenses in preparing motion).

6th Circuit [Waskul v. Washtenaw Cty. Cmty. Mental Health, 569 F. Supp. 3d 626, 639–640 (E.D. Mich. 2021)](#) (court warned plaintiffs that bill of costs should include only expenses incurred in preparing and litigating motion to compel and plaintiffs should not submit exorbitant bill).

8th Circuit [Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 681 (S.D. Iowa 1992)](#) (disallowing expenses for various communications regarding underlying discovery request because they predated motion to compel); [Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267, 283 (D. Neb. 1989)](#) (court limited expenses to those related to obtaining order, and did not permit expenses for second deposition).

[42] **Fees incurred in preparing request.** [Sure Safe Indus. Inc. v. C & R Pier Mfg., 152 F.R.D. 625, 627 (S.D. Cal. 1993)](#).

[43] **Costs on appeal.** [Rickels v. City of South Bend, Indiana, 33 F.3d 785, 787 (7th Cir. 1994)](#) (former Fed. R. Civ. P. 37(a)(4) (now see [Fed. R. Civ. P. 37(a)(5)](#)) is fee shifting rule, and victor should be made whole).

[44] **Motion for reconsideration.** [Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group, 55 F.3d 463, 467 (9th Cir. 1995)](#) ([Fed. R. Civ. P. 37](#) does not provide sanctions for defending motion for reconsideration).

pursuant to 28 U.S.C. § 1927 (authorizing sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously"), both of which probably require a finding equivalent to bad faith.[46] The appellate panel of the Ninth Circuit that prohibited Rule 37(a) expense shifting sanctions for the filing of a baseless motion to reconsider[47] suggested that trial courts might find such authority in Rule 11. The difficulty with that suggestion, however, is that subdivision (d) of Rule 11 declares that Rule 11 does "not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."[48] Of course, if a court were to hold that a motion to reconsider a ruling on a Rule 37(a) motion is not subject to Rule 37, then Rule 11 could be deemed to apply to the motion for reconsideration. That route to a source of authority for this kind of sanction, however, certainly seems strained. For discussion of Rule 11, see *Ch. 11, Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions*.

A pro se party may not obtain an award for attorney's fees in conjunction with a motion to compel. However, that party may be awarded the reasonable expenses incurred in bringing or defending the motion.[49] The reason attorney's fees may not be awarded to a pro se litigant is because the rule requires that the expenses be "incurred." The term "incurred" means to "have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively" or to "become liable or subject to." One cannot "incur" fees payable to oneself. Furthermore, the word "attorney" connotes an agency relationship between two parties. In this sense, fees a lawyer might charge himself or herself are not "attorney's" fees. Nor are such fees a payable "expense," because there is no direct financial cost or charge associated with the expenditure of one's own time.[49.1] On the other hand, the court's inherent power may provide a basis for an award of attorney's fees to a pro se litigant. This inherent power may be used to shift attorney's fees when there has been: (1) willful disobedience of a court order or (2) conduct that is in bad faith, vexatious, wanton, or for oppressive reasons.[49.2]

The Tenth Circuit has held that when an attorney, as opposed to a pro se litigant, pursues a motion to compel, the prevailing party is entitled to recover attorney's fees "incurred in making the motion" regardless of the fee arrangement between the attorney and client. For example, the Tenth Circuit rejected the argument that a party was not entitled to recover attorney's fees because the attorney and client had entered into a flat fee agreement under which the client would pay a fixed fee for all work performed. The losing party in a motion to compel asserted that no attorney's fees were "incurred" in making the motion to compel because the prevailing party

---

[45] **Inherent authority.** *See Chambers v. NASCO, Inc., 501 U.S. 32, 43–49, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)* (courts are vested with power to manage their own affairs so as to achieve orderly and expeditious disposition of cases).

[46] *See* Joseph, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE, §§ 23(B)(1), 27 (6th ed. 2020).

[47] **Authority in Rule 11.** *See Telluride Management Solutions, Inc. v. Telluride Inv. Group, 55 F.3d 463, 467 (9th Cir. 1995)* (sanction may have been proper pursuant to Fed. R. Civ. P. 11).

[48] *See Fed. R. Civ. P. 11(d)*.

[49] **No fees for pro se party.** *Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1376 (Fed. Cir. 2002)* (former Rule 37(a)(4) (now see *Fed. R. Civ. P. 37(a)(5)*) does not empower court to award attorney's fees to pro se litigant).

2d Circuit *Walker v. Tri-Tech Planning Consultants, Inc., 149 F.R.D. 22, 23 (E.D.N.Y. 1993)* (court not aware of any authority preventing pro se litigants from recovering expenses).

Fed. Circuit *Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1376 (Fed. Cir. 2002)* (Rule 37(a)(4) does not empower court to award attorney's fees to pro se litigant).

[49.1] **Fees must be incurred.** *Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1375–1376 (Fed. Cir. 2002)* (pro se litigant in this case was, in fact, an attorney, but court concluded his time was not compensable as attorney's fees under Rule 37).

[49.2] **Court's inherent power to award fees.** *Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1378 (Fed. Cir. 2002)* (former Rule 37(a)(4) (now see *Fed. R. Civ. P. 37(a)(5)*) does not empower court to award attorney's fees to pro se litigant, but court's inherent powers may provide basis for such an award).

was not required to pay its attorney anything in addition to the flat fee as a result of bringing the motion. In rejecting this argument, the court construed the term attorney's fees to mean not the amount actually paid or owed by the party to its attorney, but the value of attorney services provided to the party.[49.3]

A magistrate judge in the Western District of New York has disagreed with the Tenth Circuit, ruling that a prevailing party on a motion to compel may not recover costs and attorney's fees when the fee arrangement is a contingency fee or flat rate. The magistrate judge reasoned that use of the phrase "reasonable expenses incurred" means that Rule 37(a)(5)(A) does not afford a remedy for an attorney who has not charged the client for the time spent in bringing the motion to compel.[49.4]

If a motion to compel is withdrawn before a determination is made, the movant is not entitled to expenses in preparing the motion.[50]

### [7] Split in Authority as to Whether Expense Shifting Sanctions Include Costs of Unsuccessful Deposition

There is a split in authority as to whether the costs of a deposition at which the deponent failed to answer questions may be awarded in connection with a successful motion to compel answers.

One court refused to award the costs of the deposition, holding that expense shifting sanctions are limited to the expenses incurred in obtaining the order to compel.[51] Another court awarded the actual, reasonable expenses incurred in connection with the attempted deposition and the motion to compel, as well as the reasonable expenses, including attorney's fees, of any later deposition of the same deponent.[52] Still another court did not require a pro se plaintiff, solely because he was indigent, to bear the costs of the deposition at which he failed to respond to the questions put to him.[53] For full coverage of depositions, including failure to respond to deposition questions,[54] see *Ch. 30, Depositions by Oral Examination*.

### [8] Court Determines Reasonableness of Expense Shifting Sanction

Judges use their experience with the case and counsel, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in connection with a request for expense shifting sanctions. Most courts use the "lodestar" formula to compute attorney's fees as part of expense shifting

---

[49.3] **Party is entitled to recover "value" of attorney's services.** See *Centennial Archeology, Inc v. AECOM, Inc., 688 F.3d 673, 678–680 (10th Cir. 2012)* ("The purpose of Rule 37 attorney-fee sanctions would be thwarted if a party could escape the sanction whenever opposing counsel's compensation is unaffected by the abuse, as when the fee arrangement is a contingency fee or, as here, a flat rate.").

[49.4] **No recovery in case of contingency or flat fee.** See *White v. Larusch, 532 F. Supp. 3d 122, 124–126 (W.D.N.Y. 2021)* ("Absent a demonstration that White is obligated to reimburse his attorney for the time spent in preparing and arguing the motion, he is not entitled to relief under Rule 37(a)(5)(A).")

[50] **No expenses for withdrawn motion.** *Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994)* (motion to compel withdrawn without judicial intervention).

[51] **Expenses may not include deposition costs.** *American Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 175–176 (D. Mass. 1985)* (court disallowed costs of deposition at which witness refused to answer questions, but allowed costs for obtaining order (citing **Moore's**)).

[52] **Expenses may include deposition costs.** *Harp v. Citty, 161 F.R.D. 398, 404 (E.D. Ark. 1995)* (although court cited former Fed. R. Civ. P. 37(a)(4)(A) (now see *Fed. R. Civ. P. 37(a)(5)(A)*) as authorizing sanctions, it referred to earlier court order overruling defendant's objections, and may have been using standards of *Fed. R. Civ. P. 37(b)*).

[53] **Pro se party did not pay.** *Minniecheske v. Gudmanson, 151 F.R.D. 107, 108–109 (E.D. Wis. 1993)* (plaintiff did not respond to motion to compel and provided no justification for failure to answer questions).

[54] See *Fed. R. Civ. P. 30(d)*.

sanctions, although not all of them articulate it as such. Pursuant to this formula, the number of hours spent by the attorneys is multiplied by the hourly rate normally charged for similar work by attorneys of like skill in the area. The party seeking reimbursement bears the burden of proving the hours spent and the prevailing rates charged. The lodestar figure may be increased or reduced as a result of consideration of a number of different factors, including the complexity of the issues involved, and the perceived skill and efficiency of counsel.[55]

A request for attorney's fees should be made in good faith, and not as an opening gambit in negotiations. Attorneys should not abandon self-restraint or careful billing judgment in an expectation that the obligation to pay the fee will be shifted to the losing party.[56]

In considering motions for expense shifting sanctions, courts can be expected to attend carefully to, and pass independent judgment on, the reasonableness of the claimed expenses.[57] Counsel who clearly overstate hours

---

[55] **Lodestar figure may be adjusted.**

1st Circuit *Astro-Med, Inc. v. Plant, 250 F.R.D. 28, 30–31 (D.R.I. 2008)* ("proper method for awarding attorneys' fees for a violation of Rule 37 is the lodestar method," and relevant market for determining reasonableness is community in which district court sits); *Am. Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 178 (D. Mass. 1985)* (amount of attorney time reduced from 13.5 hours to four hours).

2d Circuit *Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 267 (S.D.N.Y. 1995)* (lodestar amount reduced by 20 percent to account for plaintiffs' lack of success on some aspects of their motions).

4th Circuit See *Raynor v. Gas Secure Solutions (USA) Inc., 327 F. Supp. 3d 925, 948–951 (W.D.N.C. 2018)* (party seeking sanctions has burden of establishing reasonableness of both rates and time expended; claimant must set out with some specificity different tasks performed and hours allotted to each task).

6th Circuit *Martinez v. Blue Star Farms, Inc., 325 F.R.D. 212, 220–223 (W.D. Mich. 2018)* (lodestar method is starting point for determining reasonableness of amount sought, with adjustments for such factors as, among other things, novelty and difficulty of questions presented, skill needed to perform legal service properly, customary fee and awards in similar cases, and amount involved and results obtained).

7th Circuit *E.E.O.C. v. Accurate Mechanical Contractors, Inc., 863 F. Supp. 828, 834–835 (E.D. Wis. 1994)* (amount of attorney time reduced from 22 hours to five hours based on assistance of co-counsel and straightforward nature of legal issues); *Gordon v. Castle Oldsmobile and Honda, Inc., 157 F.R.D. 438, 439 (E.D. Ill. 1994)* (court found request for award of 41 hours of attorney's fees unreasonable and reduced it to eight hours).

8th Circuit *Brown v. State of Iowa, 152 F.R.D. 168, 174–175 (S.D. Iowa 1993)* ("grossly excessive" request for simple motion to compel reduced).

D.C. Circuit *Comty. Futures Trading Comm'n v. Trade Exch. Network Ltd., 159 F. Supp. 3d 5, 7 (D.D.C. 2015)* ("Attorneys' fees awarded for a violation of Rule 37 are calculated using the lodestar method: a reasonable hourly rate multiplied by a reasonable number of hours expended").

[56] **Good faith.**

6th Circuit *Thomas v. Bannum Place of Saginaw, 421 F. Supp. 3d 494, 496–497 (E.D. Mich. 2019)* (quoting **Moore's**, court found that fee request for 104.85 hours for routine motion to compel was "grossly excessive").

8th Circuit *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 680–681 (S.D. Iowa 1992)* (courts should not ignore *Fed. R. Civ. P. 1*, providing that the Federal Rules of Civil Procedure must be construed to secure just, speedy, and inexpensive determination of every action).

D.C. Circuit *Comty. Futures Trading Comm'n v. Trade Exch. Network Ltd., 159 F. Supp. 3d 5, 8 (D.D.C. 2015)* (requesting party should make good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary; hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to Rule 37).

[57] **Court will examine expenses.**

Case 1:21-cv-09221-KPF   Document 149-8   Filed 05/09/23   Page 15 of 18

Page 14 of 17

7 Moore's Federal Practice - Civil § 37.23

committed to a motion to compel, or who obviously have prosecuted the motion inefficiently, risk losing credibility in the eyes of the court, and suffering an adverse ruling on their request for expense shifting sanctions.

**[9] Belated Compliance With Discovery Obligation Does Not Avoid Expense Shifting Sanctions**

In 1993, Rule 37(a) was amended to address a problem that the drafters believed was not uncommon, but that the earlier formulations of the Rule did not reach. This amendment covers the situation where information that should have been produced without a motion to compel is produced after the motion is filed, but before it is brought on for hearing.[58]

The drafters were concerned that in some local legal cultures, it had become a common practice to object to discovery probes as initially framed to force the party seeking the discovery to file a motion, all as a matter of self-conscious adversarial tactics, and not as a matter of principled disagreement over the propriety of the discovery requests. The party resisting the discovery would know that formally opposing the motion would expose it to sanctions, so after the motion to compel was filed, the party at whom it was directed would finally agree to produce the material that it knew, from the outset, was clearly discoverable.

The 1993 amendments to Rule 37(a) expressly subject an attorney or party who engages in this form of stonewalling or harassment to expense shifting sanctions on the same grounds as if the party formally opposed the motion and lost.[59] Furthermore, the imposition of sanctions under this provision is mandatory; that is, when a party has been found to have given evasive or incomplete responses to requests for admission, and has offered no plausible justification for doing so, the court must impose sanctions, including attorney's fees, on the non-complying party.[59.1]

**[10] Award of Expense Shifting Sanctions Subject to Reversal Only for Abuse of Discretion**

Trial courts are vested with substantial discretion in determining whether the losing party on a motion to compel took a position that was substantially justified (*see* [2], *above* (discussion of *substantial justification* standard)). Thus, appellate courts apply a deferential "abuse of discretion" standard when reviewing trial court rulings with respect to expense shifting sanctions.[60]

---

1st Circuit *Am. Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 177 (D. Mass. 1985)* (disallowed $450 in unspecified "support staff fees").

6th Circuit *Thomas v. Bannum Place of Saginaw, 421 F. Supp. 3d 494, 497–499 (E.D. Mich. 2019)* (quoting **Moore's**, court vacated its award for "reasonable fees" and refused to award any fees because of plaintiff's request for "outrageously excessive fees").

8th Circuit *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 682 (S.D. Iowa 1992)* (disallowed $16 delivery charge as unreasonable when ordinary mail would have sufficed).

D.C. Circuit *See, e.g. Comty. Futures Trading Comm'n v. Trade Exch. Network Ltd., 159 F. Supp. 3d 5, 8 (D.D.C. 2015)* (courts have discretion to adjust the amount requested in light of specific objections by opposing party, and to reduce fee if requested amount is unreasonable).

[58] *See Fed. R. Civ. P. 37* advisory committee's note (1993) (*reproduced verbatim at § 37App.07[2]*).

[59] **Belated compliance.** *See, e.g.,* **Rhein Med., Inc. v. Koehler, 889 F. Supp. 1511, 1518 (M.D. Fla. 1995)** (although belated compliance may make motion to compel moot, it does not moot motion for sanctions).

[59.1] **Imposition of sanctions is mandatory.** *EEOC v. E.J. Sacco, Inc., 102 F. Supp. 2d 413, 416 (E.D. Mich. 2000)* (court was not even required to find that plaintiff's responses were insufficient because plaintiff's voluntary amendment of 18 of its 19 responses after defendant filed its motion to compel constituted *de facto* admission that its initial responses were insufficient).

[60] **Abuse of discretion standard.** *Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310–1311 (3d Cir. 1995)* (no abuse of discretion in denying motion to compel).

The United States Supreme Court, in a unanimous decision, has held that an order imposing sanctions on an attorney pursuant to the Rule is not a final decision, and is not immediately appealable, even when the attorney no longer represents a party in the case. In this case, the trial court imposed Rule 37(a) sanctions on plaintiff's attorney, and also granted the defendant's motion to disqualify her as counsel for the plaintiff due to the fact that she was a material witness in the case. The attorney immediately appealed the order imposing sanctions even though proceedings in the district court were ongoing. The United States Court of Appeals for the Sixth Circuit dismissed the appeal for lack of jurisdiction, finding that the order was not "final" and also was not appealable under the collateral order doctrine. The Supreme Court affirmed, explaining that the Rule 37 sanction imposed on the attorney would not be considered a final decision pursuant to *28 U.S.C. Section 1291* because it neither ended the litigation nor left the court only to execute its judgment. The Court also found that the collateral order doctrine, which allows for review of a category of orders that do not terminate the litigation when they resolve important questions separate from the merits, is not applicable in this case because a Rule 37 sanction does not resolve important questions separate from the merits. A Rule 37(a) sanctions order often will be inextricably intertwined with the merits of the action. For example, the reviewing court may be required to inquire into the importance of the information sought or the adequacy or truthfulness of a response. The Court acknowledged that not every discovery sanction will be inextricably intertwined with the merits, but the Court has consistently eschewed a case-by-case approach to deciding whether an order is sufficiently collateral. Finally, the Court concluded appealability of a Rule 37 sanction imposed on an attorney should not turn on the attorney's continued participation in the case. Such a rule could not be easily administered because it would be unclear precisely when representation terminates and when the time for raising an appeal would begin to run. Such a rule would also be subject to abuse if attorneys and clients strategically terminated their representation in order to trigger a right to appeal with a view to delaying the proceedings in the underlying case.[60.1]

For discussion of expenses in connection with motions for reconsideration and appeals of orders granting or denying expense shifting sanctions, *see* [6], *above.*

**[11] Expense Shifting Sanctions in Connection With Motion for Protective Order**

---

1st Circuit *United States v. One 1987 BMW 325, 985 F.2d 655, 657 (1st Cir. 1993)* (great deference given to trial court decision to impose sanctions).

3d Circuit *Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310–1311 (3d Cir. 1995)* (no abuse of discretion in denying motion to compel).

6th Circuit *Bill Call Ford, Inc. v. Ford Motor Co., 48 F.3d 201, 209 (6th Cir. 1995)* (abuse of discretion occurs when appellate court is left with definite and firm conviction that court committed clear error of judgment); *Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 297 (W.D. Mich. 1995)* (abuse of discretion to award sanctions against unsuccessful party's opposition to motion to compel that involved unsettled question of law).

7th Circuit *AHP Subsidiary Holding Co. v. Stuart Hale Co., 1 F.3d 611, 620 (7th Cir. 1993)* (conclusory denial of sanctions without explanation was abuse of discretion when record did not enable appellate court to review substance of decision); *Castillo v. St. Paul Fire & Marine Ins. Co., 938 F.2d 776, 780 (7th Cir. 1991)* (trial judge's wide discretion will not be disturbed absent clear finding of abuse of discretion).

9th Circuit **Reygo Pac. Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982)** (court abused discretion in sanctioning attorney who brought unsuccessful motion to compel answers to interrogatories); *In re Akros Installations, Inc. v. Great National Bank, 834 F.2d 1526, 1530 (9th Cir. 1987)* (trial court has great latitude in imposing sanctions); *Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 185 (E.D. Cal. 1991)* (abuse of discretion standard).

[60.1] **Rule 37 sanction against attorney is not immediately appealable.** *Cunningham v. Hamilton County, 527 U.S. 198, 204–208, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999)* (court affirmed Sixth Circuit's ruling and approved its reasoning).

Expense shifting sanctions may also be awarded in connection with a motion for a protective order.[61] Thus, a court may impose expense shifting sanctions on a party or nonparty who, without substantial justification, unsuccessfully moved for or opposed a motion for a protective order.[62] In one case, the motion for a protective order against further discovery was not timely filed, but the court granted the motion, and conditioned its enforceability on the payment of the opposing party's reasonable expenses.[63]

The interplay between Rules 26(c) (governing protective orders), 37(a) (governing motions to compel disclosure or discovery), and 45 (governing discovery from nonparties), remains a subject of debate when discovery is sought from, or a protective order is litigated by, a nonparty.[64] For example, the Fifth Circuit has suggested that expense shifting sanctions in connection with a motion to compel (*see* § 37.23) might only be available against a party who resists discovery, and not against a party who seeks overbroad discovery from a nonparty.[65] This suggestion, however, contradicts the provisions of Rule 37(a), which clearly permit courts to award expense shifting sanctions against parties who, without substantial justification, unsuccessfully move to compel overbroad, unduly burdensome, or otherwise unjustifiable discovery requests.[66] Also, because a nonparty who is the target of an unjustifiable discovery probe clearly is authorized to move for a protective order,[67] it is not at all clear why the nonparty would not have access to an expense shifting sanction if he or she prevails on the motion to compel, and the court concludes that the party who sought the discovery was without substantial justification in seeking the discovery (*see* [2], *above* (discussion of *substantial justification* standard)).

The uncertainty in this arena stems in large measure from the fact that Rule 45, dealing with nonparty discovery, makes no explicit mention of Rule 26(c), governing protective orders.[68] Rather, the procedure that is explicitly described in Rule 45 for resolving disputes regarding discovery from nonparties requires the nonparty to make a timely objection to the discovery request, and the party seeking discovery to file a motion to compel in the appropriate court.[69] Rule 45(d)(1) stands as an independent source of authority to sanction a party who breaches its obligation to protect nonparties from unjustifiable discovery requests,[70] and Rule 45(d)(3)

---

[61] **Fed. R. Civ. P. 26(c)**; *see also* Fed. R. Civ. P. 37(a)(5).

[62] **Expense shifting sanctions available.** Rickels v. City of South Bend, Indiana, 33 F.3d 785, 786 (7th Cir. 1994) (nonparty with no relationship to plaintiff's litigation sought protective order to prevent ongoing subpoenas and other discovery requests by plaintiff).

7th Circuit Rickels v. City of South Bend, Indiana, 33 F.3d 785, 786 (7th Cir. 1994) (nonparty with no relationship to plaintiff's litigation sought protective order to prevent ongoing subpoenas and other discovery requests by plaintiff).

9th Circuit In re Akros Installations, Inc. v. Great Nat'l Bank, 834 F.2d 1526, 1530 (9th Cir. 1987) (when attorney for corporation without officers sought protective order, court noted that protective order must be on behalf of someone).

[63] **Conditioned protective order.** Cole v. Ruidoso Mun. Sch., 137 F.R.D. 357, 358–359 (D.N.M. 1991) (citing application of **Fed. R. Civ. P. 26(c)** and former Fed. R. Civ. P. 37(a)(4) (now see Fed. R. Civ. P. 37(a)(5)) in imposing condition of payment).

[64] *See* **Fed. R. Civ. P. 26(c)**, 37(a), 45.

[65] **Availability of expense shifting sanctions.** *See* Tiberi v. Cigna Ins. Co., 40 F.3d 110, 111 (5th Cir. 1994) ("the rules appear to apply only to persons refusing to comply with a valid discovery request and not to persons seeking overbroad discovery").

[66] *See* Fed. R. Civ. P. 37(a)(5)(B).

[67] *See* **Fed. R. Civ. P. 26(c)(1)** (motion may be brought by a "party or any person from whom discovery is sought").

[68] *See* Fed. R. Civ. P. 45.

[69] Fed. R. Civ. P. 45(d)(2)(B).

[70] **Independent source of authority.** *See* Fed. R. Civ. P. 45(d)(1); *see also* Tiberi v. Cigna Ins. Co., 40 F.3d 110, 112 (5th Cir. 1994) (noting availability of sanctions under Fed. R. Civ. P. 45(c)(1) (now Rule 45(d)(1))).

Nika Bederman

contemplates motions to quash or modify subpoenas that seek overbroad or otherwise objectionable discovery from nonparties.[71] Nevertheless, courts have assumed that nonparties have standing to file motions for protective orders.[72] Thus, if a nonparty were to file such a motion (after trying unsuccessfully to resolve the matter through negotiations) and prevail, and if the court were to conclude that the party pursuing the discovery had resisted the motion without substantial justification, sanctions would appear to be appropriately based either on Rule 45(d)(1) or Rule 37(a)(5)(B), the latter being expressly made applicable to disputes about protective orders through Rule 26(c)(3).

For complete discussion of protective orders, see *Ch. 26, Duty to Disclose; General Provisions Governing Discovery*, Part D, *Protective Orders.* Nonparty discovery is discussed in *Ch. 45, Subpoena*.

Moore's Federal Practice - Civil
Copyright 2023,  Matthew Bender & Company, Inc., a member of the LexisNexis Group.

**End of Document**

---

[71] *Fed. R. Civ. P. 45(d)(3)*.

[72] **Standing of nonparty.** *Micromotion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1322–1323 (Fed. Cir. 1990)* (nonparty subpoenaed for testimony and production of documents may move for protective order, including order that discovery not be had).