

**MEMO ENDORSED**

Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue | Miami, FL 33131 | tel 786.913.4900 | fax 786.913.4901

Geoffrey Sant
tel: 212.858.1162
geoffrey.sant@pillsburylaw.com

May 9, 2023

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

 Re: *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin,* Case No. 21 Civ. 9221 (KPF) – **Petitioners' Request for Leave to File Documents with Redactions and Under Seal**

Dear Judge Failla:

We write on behalf of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") to request leave to file certain documents with redactions and certain documents under seal, pursuant to the parties' Stipulated Protective Order dated January 3, 2023, Dkt. No. 92.

In conjunction with Petitioners' Motion for Attorney's Fees and Costs filed contemporaneously herewith, Petitioners respectfully request to file the following documents with redactions pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases: (i) the Memorandum of Law; and (ii) the Declaration of Carol Lee, dated May 9, 2023 ("Lee Decl."). Petitioners respectfully request to file under seal the following exhibits to the Lee Decl. pursuant to Rule 9(C) of Your Honor's Individual Rules of Practice in Civil Cases:[1]

| Exhibit | Description |
|---|---|
| **Lee Decl. Ex. A** | Correspondence between Petitioners' counsel and Qin's counsel dated May 8-9, 2023 |
| **Lee Decl. Ex. B** | Petitioners' invoices reflecting charges incurred in connection with Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt |

---

[1] Petitioners seek to file the following documents under seal to be accessed by Your Honor and Respondent Hui Qin ("Qin"). Petitioners have kept certain items redacted in the sealed version of Lee Decl. Ex. B. These items reflect the time entries for which Petitioners are not seeking an award. Exhibits E and F to the Lee Decl. were produced with redactions.

www.pillsburylaw.com

The Honorable Katherine Polk Failla
May 9, 2023
Page 2 of 2

| Lee Decl. Ex. C | Petitioners' lodestar calculation |
|---|---|
| Lee Decl. Ex. D | A document introducing the attorneys for whom fees are sought and the hourly rate charged to Petitioners in this matter |
| Lee Decl. Ex. E | A document produced by Seiden Law LLP f/k/a Seiden Law Group LLP in this action, marked Confidential |
| Lee Decl. Ex. F | A document produced by Seiden Law LLP in this action, marked Confidential |

Pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the Memorandum of Law, the Lee Decl., and Lee Decl. Exhibits A, B, C, D, E, and F each contain sensitive business information, such as attorney rates and fees charged by Petitioners' counsel and Qin's counsel to their respective clients. They also contain sensitive financial information, such as regarding Qin's bank account information. Certain of these documents were also marked Confidential pursuant to the Stipulated Protective Order by Seiden Law LLP. The parties' interest in protecting confidential information, specifically sensitive business information that pertains to their clients as well as personal bank account information, overcomes the presumption of access.

Because these documents contain confidential information of the kind that is deserving of protection and restricting public access, Petitioners respectfully request that the Court grant their request to redact their Memorandum of Law and the Lee Decl., and to file Lee Decl. Exhibits A, B, C, D, E, and F under seal.

Respectfully submitted,

*/s/ Geoffrey Sant*
Geoffrey Sant

cc:     All counsel of record (via ECF)

Application GRANTED.  The Clerk of Court is directed to maintain docket entries 150 and 152 under seal, viewable to the parties and the Court.

Dated:   May 10, 2023          SO ORDERED.
         New York, New York

                               HON. KATHERINE POLK FAILLA
                               UNITED STATES DISTRICT JUDGE