# SEIDEN | LAW

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

June 6, 2023

Re:   *Huzhou Chuangtai Rongyuan Inv. Mgm't P'ship et al. v. Qin*, No. 1:21-cv-9221-KPF

Dear Judge Failla,

Pursuant to Rules 9(B) and 9(C) of Your Honor's Individual Rules, we write on behalf of Respondent Hui Qin ("Qin") to request leave to seal his motion papers (ECF 156 and 167) in opposition to Petitioners' Motion for Attorneys' Fees (ECF 148), and to re-file these documents with redactions.

On June 2, 2023, Qin filed (1) a Memorandum of Law (ECF 157) and, (2) Xintong Zhang's Declaration (with supporting exhibits) (ECF 156). On June 6, 2023, Petitioners' counsel contacted us requesting that we seal Qin's previous opposition papers and re-file these documents with redactions of the hours and amounts that they billed as well as all associated time entries.

As we explained to Petitioners, Qin's opposition papers did not disclose any confidential or privileged information, and the precedent in this District is on an attorney fee application, the party seeking fees cannot seal records of its hours worked and amounts billed.[1] Without waiver of Qin's position that his opposition papers did not disclose anything improper (and in the interest of avoiding a dispute over a collateral matter that would burden the parties and the Court), Qin respectfully requests that the Court seal his previous submissions (ECF 156 and 157), and permit him to re-file these papers with redactions.

Respectfully Submitted,

  */s/ Xintong Zhang*
  Xintong Zhang

cc: All counsel of record (via ECF)

---

[1] *See, e.g.*, *NetSoc, LLC v. Chegg Inc.*, No. 18-CV-10262 (RA), 2020 WL 7264162, at *3 (S.D.N.Y. Dec. 10, 2020) (denying motion to seal where fee-seeking party attempted to "redact all documentation containing its attorney's hourly rate and hours worked," and stating that "[w]eighing against sealing these documents is their critical nature to the motion for attorney's fees"); *Doe v. Quest Diagnostics, Inc.*, 318 F.R.D. 707, 712 (S.D.N.Y. 2016), *vacated on other grounds*, 2017 WL 1102663 (S.D.N.Y. Mar. 23, 2017) ("Defendant's billing records submitted in support of its motion for attorneys' fees are judicial records. These records are the basis for determining the amount of the award of attorney's fees in this case, and the hourly billing rates are critical to the determination that the requested fee is reasonable. This information accordingly receives heavy presumption of access that outweighs [the fees seeking party] and its counsel's privacy interest. Accordingly, [the fees seeking party] may not redact the hourly fees that it actually charged and that are the basis for the award.").