**MEMO ENDORSED**



Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue | Miami, FL 33131 | tel 786.913.4900 | fax 786.913.4901

Geoffrey Sant
tel: 212.858.1162
geoffrey.sant@pillsburylaw.com

June 12, 2023

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re: *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin*, Case No. 21 Civ. 9221 (KPF) – **Petitioners' Request for Leave to File Documents with Redactions and Under Seal**

Dear Judge Failla:

We write on behalf of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") to request leave to file certain documents with redactions and certain documents under seal, pursuant to the parties' Stipulated Protective Order dated January 3, 2023, Dkt. No. 92.

In conjunction with Petitioners' Reply Memorandum of Law in Further Support of Petitioners' Motion for Attorney's Fees and Costs ("Reply Memorandum of Law") filed contemporaneously herewith, Petitioners respectfully request to file the following documents with redactions pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases: (i) the Reply Memorandum of Law; and (ii) the Declaration of Carol Lee, dated June 12, 2023 ("Lee Decl."). Petitioners respectfully request to file under seal the following exhibits to the Lee Decl. pursuant to Rule 9(C) of Your Honor's Individual Rules of Practice in Civil Cases:[1]

| Exhibit | Description |
|---|---|
| **Lee Decl. Ex. 1** | A copy of an engagement letter dated April 14, 2022, marked Confidential and produced in this action |
| **Lee Decl. Ex. 2** | A copy of an engagement letter dated April 19, 2022, marked Confidential and produced in this action |

[1] Petitioners seek to file the following documents under seal to be accessed by Your Honor and Respondent Hui Qin ("Qin"). Lee Decl. Exs. 1-3 and 11 were produced to Petitioners with redactions.

| | |
|---|---|
| **Lee Decl. Ex. 3** | A copy of an engagement letter dated October 28, 2022, marked Confidential and produced in this action |
| **Lee Decl. Ex. 4** | A scan of a check from Qin, marked Confidential and produced in this action |
| **Lee Decl. Ex. 5** | An incoming wire transfer, marked Confidential and produced in this action |
| **Lee Decl. Ex. 6** | A copy of a retainer agreement dated June 12, 2020, marked Confidential and produced in this action |
| **Lee Decl. Ex. 7** | A copy of a retainer agreement dated July 1, 2020, marked Confidential and produced in this action |
| **Lee Decl. Ex. 8** | A copy of a retainer agreement dated December 20, 2021, marked Confidential and produced in this action |
| **Lee Decl. Ex. 9** | A copy of a retainer agreement dated May 7, 2022, marked Confidential and produced in this action |
| **Lee Decl. Ex. 10** | A copy of a retainer agreement dated September 17, 2020, marked Confidential and produced in this action |
| **Lee Decl. Ex. 11** | A copy of invoices submitted by Xue & Associates, P.C. (the "Xue Firm"), marked Confidential and produced in this action |
| **Lee Decl. Ex. 12** | An email exchange between Petitioners' counsel and Seiden Law LLP ("Seiden") dated June 5-6, 2023 |
| **Lee Decl. Ex. 15** | A document containing images from a brokerage listing for one of Qin's residences |
| **Lee Decl. Ex. 16** | An excerpt of the transcript of the Qin deposition, dated April 24, 2023, marked Confidential |
| **Lee Decl. Ex. 17** | An excerpt of the transcript of the Qin deposition, dated April 25, 2023, marked Confidential |

Pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the Memorandum of Law, the Lee Decl., and Lee Decl. Exhibits 1-12 and 15-17 each contain sensitive business information, such as attorney rates and fees charged by Petitioners' counsel and Qin's counsel to their respective clients. They also contain sensitive personal and/or financial information, such as a check submitted by Qin to his counsel which shows personal bank account information. Certain of these documents were also marked Confidential pursuant to the Stipulated

Protective Order by Seiden and the Xue Firm. The parties' interest in protecting confidential information, specifically sensitive business information that pertains to their clients as well as Qin's personal information, overcomes the presumption of access.

Because these documents contain confidential information of the kind that is deserving of protection and restricting public access, Petitioners respectfully request that the Court grant their request to redact their Reply Memorandum of Law and the Lee Decl., and to file Lee Decl. Exhibits 1-12 and 15-17 under seal.

Respectfully submitted,

*/s/ Geoffrey Sant*
Geoffrey Sant

cc: All counsel of record (via ECF)

Application GRANTED. The Clerk of Court is directed to maintain docket entries 168 and 169 under seal, viewable only to the parties and the Court.

The Clerk of Court is further directed to terminate the motion at docket entry 165.

Dated: June 13, 2023
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE