



Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue | Miami, FL 33131 | tel 786.913.4900 | fax 786.913.4901

Geoffrey Sant
tel: 212.858.1162
geoffrey.sant@pillsburylaw.com

June 21, 2023

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

> Re: *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin,* Case No. 21 Civ. 9221 (KPF) – **Petitioners' Request for Leave to File Documents with Redactions and Under Seal**

Dear Judge Failla:

We write on behalf of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") to request leave to file certain documents with redactions and certain documents under seal, pursuant to the parties' Stipulated Protective Order dated January 3, 2023, Dkt. No. 92.

In conjunction with Petitioners' Renewed Motion to Compel, for Sanctions, and for an Order of Civil Contempt against Respondent Hui Qin ("Renewed Contempt Motion") filed contemporaneously herewith, Petitioners respectfully request to file their Memorandum of Law in Support of their Renewed Contempt Motion (the "Memorandum of Law") with redactions pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases. Petitioners respectfully request to file under seal the following exhibits to the Declaration of Carol Lee, dated June 21, 2023 ("Lee Decl.") pursuant to Rule 9(C) of Your Honor's Individual Rules of Practice in Civil Cases:[1]

| Exhibit | Description |
|---|---|
| Lee Decl. Ex. 2 | A copy of Respondent's Objections and Responses to Petitioners' Supplemental Post-Judgment Demands for Production of Documents to Hui Qin, dated April 21, 2023 |

---

[1] Petitioners seek to file the following documents under seal to be accessed by Your Honor and Respondent Hui Qin ("Qin").

The Honorable Katherine Polk Failla
June 21, 2023
Page 2 of 3

| | |
|---|---|
| **Lee Decl. Ex. 3** | A copy of Respondent's Responses and Objections to Petitioners/Judgment Creditors' First Set of Post-Judgment Interrogatories to Respondent, dated April 21, 2023 |
| **Lee Decl. Ex. 4** | A copy of a document containing certain of Qin's bank account statements, marked Confidential and produced in this action |
| **Lee Decl. Ex. 5** | A copy of a document containing an email from Qin's counsel to another law firm, dated May 4, 2023, marked Confidential and produced in this action |
| **Lee Decl. Ex. 6** | A copy of the transcript of the May 2, 2023 conference before the Court, requested to be designated as Confidential by Respondent's counsel |
| **Lee Decl. Ex. 7** | A copy of a screenshot of WeChat communications, marked Confidential and produced in this action |
| **Lee Decl. Ex. 8** | A copy of a screenshot of WeChat communications, marked Confidential and produced in this action |
| **Lee Decl. Ex. 9** | A copy of a screenshot of WeChat communications, marked Confidential and produced in this action |
| **Lee Decl. Ex. 10** | A copy of a document dated August 30, 2018, marked Confidential and produced in this action |
| **Lee Decl. Ex. 11** | A copy of the transcript of the deposition of Hui Qin in this action, dated April 24, 2023 and marked Confidential |
| **Lee Decl. Ex. 12** | A copy of the transcript of the deposition of Hui Qin in this action, dated April 25, 2023 and marked Confidential |
| **Lee Decl. Ex. 13** | A copy of the transcript of the deposition of Hui Qin in this action, dated May 3, 2023 and marked Confidential |
| **Lee Decl. Appendix 1** | A chart containing excerpts of Qin's Responses to Petitioners' Interrogatories and excerpts of the Qin deposition |
| **Lee Decl. Appendix 2** | A chart containing excerpts of the Qin deposition |
| **Lee Decl. Appendix 3** | A chart containing excerpts of Qin's Responses to Petitioners' Interrogatories and excerpts of the Qin deposition |

Pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the Memorandum of Law and Lee Decl. Exhibits 2-13 and Appendices 1-3 each contain sensitive personal and/or financial information, such as Qin's bank account information, addresses,

The Honorable Katherine Polk Failla
June 21, 2023
Page 3 of 3

tax return information, properties, and minor family members. Certain of these documents were also marked Confidential pursuant to the Stipulated Protective Order by Qin. The parties' interest in protecting confidential information, specifically sensitive business information that pertains to their clients as well as Qin's personal information, overcomes the presumption of access. Indeed, Your Honor has previously granted Petitioners' request to file under seal certain exhibits to protect certain sensitive personal and/or financial information, which was clearly visible. *See* Dkt. 112.

Because these documents contain confidential information of the kind that is deserving of protection and restricting public access, Petitioners respectfully request that the Court grant their request to redact the Memorandum of Law and to file Lee Decl. Exhibits 2-13 and Appendices 1-3 under seal.

Respectfully submitted,

*/s/ Geoffrey Sant*
Geoffrey Sant

cc:   All counsel of record (via ECF)

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entries 175 and 176 under seal, viewable only to the
parties and the Court.  The Clerk of Court is further directed to
terminate the motion at docket entry 171.



Dated:    June 22, 2023               SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE