# SEIDEN | LAW

July 7, 2023

VIA ECF

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:    *Huzhou Chuangtai Rongyuan Inv. Mgm't P'ship et al. v. Qin*, No. 1:21-cv-9221-KPF

Dear Judge Failla,

We write on behalf of Respondent Hui Qin ("Qin") to request leave to file certain documents with redaction and certain documents under seal, pursuant Rules 9(B) and 9(C) of Your Honor's Individual Rules of Practice in Civil Cases ("Individual Rules") as well as the parties' Stipulated Protective Order dated January 3, 2023. ECF 92.

In connection with response to Petitioners' renewed Motion for Sanctions and for an Order of Civil Contempt, Qin respectfully requests to file the following documents with redactions: (1) Qin's Memorandum of Law and (2) Qin's Declaration ("Qin's Decl.").

Qin further respectfully requests to file certain exhibits attached to Qin's Decl. to be filed under seal.

| Exhibit | Description |
| --- | --- |
| Qin's Decl. Exhibit 4 | A Chart indicating the transaction history of a residential property |

Pursuant to Rule 9 of Your Honor's Individual Rules, Qin needs to demonstrate the purpose of redactions or filing under seal must be consistent with the presumption in favor of public access of judicial documents. The Second Circuit has long established that "[t]here is a common law presumption in favor of permitting public access of judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 453 F. 3d 110 (2d. Cir. 2006). A court may balance this common law presumption of access against competing comparisons, including the "privacy interests of these resisting disclosure." *Id*., at 120. The court recognizes that defendant and third-party's "privacy interests [] outweigh the presumption of the public access." *See PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-civ-07577-KMK, 2022 WL 4956050 (S.D.N.Y. Aug. 26, 2022)

Here, Qin's Decl. (including Exhibit 4) and Qin's Memorandum of Law contain sensitive personal identifying information, such as Qin's family relationship, immigration status, addresses, bank account information, tax returns, and assets information. In addition, most of

**SEIDEN | LAW**

these documents have been marked as "confidential" pursuing to the parties' Stipulated Protective Order. Thus, Qin's interest in protecting his confidential and privacy information, *e.g.*, personal identification information, family member inforamtion and assets inforamtion, outweighs the common law presumption of access.

Therefore, Qin respectfully request that the Court grant his application to redact his Memorandum of Law, his Declaration, and to file Exhibits 4 of Qin's Declaration under seal.

Respectfully Submitted,

  */s/ Xintong Zhang*  
Xintong Zhang

cc: All counsel of record (via ECF)