

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Andrew C. Smith
tel: 212.858.1743
andrew.smith@pillsburylaw.com

July 11, 2023

**VIA ECF**




The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re: *Huzhou Chuangtai Rongyuan Inv. Mgmt. Partnership, et al. v. Hui Qin*, Case No. 21 Civ. 9221 (KPF) – **Request for Order Compelling Third-Party Deposition Appearance**

Dear Judge Failla:

We respectfully submit this letter motion on behalf of Petitioners, pursuant to Rule 3C of Your Honor's Individual Rules of Practice in Civil Cases and Federal Rule of Civil Procedure 45, to request an informal conference regarding the failure of non-party Duo (Emma) Liu ("Liu" and, with Petitioners, the "Parties") to comply with a June 9, 2023 Subpoena to Testify at a Deposition in a Civil Action (as amended, the "Deposition Subpoena"). (Ex. 1.) The Parties met and conferred unsuccessfully. Liu failed to appear at her twice-extended deposition on July 7, 2023, even though Liu was available on that date. After Liu failed to appear for her July 7 deposition, her counsel stated that she would *never* attend an in-person deposition, and also that she would not appear remotely until two months after the subpoena, on Saturday, July 29. This is far too late—and it is suspiciously (i) three days before Liu leaves the United States; and (ii) on a date the Court is unavailable. Petitioners seek an order directing Liu to appear immediately for an in-person deposition at Pillsbury's New York office.

**Liu Has Been on Notice of the Deposition Since June 9.** On June 9, 2023, Petitioners served the Deposition Subpoena (and a document subpoena) on Liu at her residence in Old Westbury, NY, within 100 miles of Pillsbury's offices, setting her deposition for June 21. (Ex. 1.) Petitioners gave notice to Seiden Law LLC, Qin's counsel, and also to the Xue Law Firm, which previously represented Qin and also represented Liu (in a matter relating to one of Qin's entities) (Exs. 2, 3). Petitioners offered "to discuss dates if she is not available on [June 21.]" (*Id.*) After receiving no response, on June 14 Petitioners asked each firm whether they represented Liu in her subpoena responses; both stated they did not. (*Id.*) Petitioners emailed Liu on June 15 and 19 to ask if she was represented by counsel, noting the subpoenas' June 21 deadlines. (Ex. 4.) Liu never replied.

**Petitioners Meet and Confer with Liu's Counsel.** On June 20, the day before the deposition and the document response deadline, Angus Ni, Esq. informed Petitioners he had "just been engaged to represent Ms. Liu," and requested an extension. (Ex. 5 at 11.) Petitioners granted Liu a one-week extension to June 28 and scheduled a meet-and-confer the next day. *Id.* At that June 21 meet-and-confer, the Parties discussed at length both the document requests and that the deposition would concern the location of documents and assets. In an email later that day memorializing the discussion, Mr. Ni agreed that "written objections to the document subpoena is extended by one week," but commented that a deposition "next week" (the week of June 26) "would be tough." (Ex. 5 at 10.) In response, Petitioners further extended Liu's deposition until July 7, two and a half weeks from the original deposition date and four weeks after service. (Ex. 5 at 9.)

**Liu Refuses to Appear in Person on July 7—or Ever.** On June 28, Liu's counsel stated, for the first time, that Liu would not produce documents until "mid-July," and that the deposition should be in "late August" or else never.[1] (Ex. 5 at 8.) In his June 28 email, Mr. Ni listed many dates that Liu was unavailable, which did not include July 7. (*Id.*) Petitioners responded that late August was unacceptable, and that Petitioners planned to go forward on the noticed date of July 7. (*Id.* at 7.) On Monday, July 3, Petitioners repeated that Liu's deposition would go forward absent an order from the Court: "We have attempted to work with you on timing, but 'late August' is simply not reasonable. According to your June 28 email, Ms. Liu is available on July 7, and you have provided no reasonable alternative. We expect her to appear as noticed, absent an order from the Court quashing the subpoena." (Ex. 5 at 5.) Liu's counsel did not respond. On July 5, Petitioners asked him to provide names of those attending the deposition for building security purposes. (Ex. 7.)

Liu's counsel did not respond to either email or move to quash the Deposition Subpoena. Instead, on July 6 – the day before the noticed deposition – Liu's counsel wrote that Liu was not available for a deposition until "after August 21" based on her "overwhelming domestic duties," classes she takes in New Haven on Mondays through Wednesdays, and a trip to Europe from August 1 to August 21 "to accompany the kids to camp." (Ex. 5 at 4.) Petitioners responded that Mr. Ni still had "not identified any unavailability on Ms. Liu's part for her deposition" on *Friday, July 7*, and scheduled another meet-and-confer. (Ex. 5 at 2.) During that discussion, Petitioners informed Mr. Ni they were moving forward with the deposition the next day, unless a reasonable date could be agreed upon. (Ex. 8 at 6-7.) Mr. Ni committed to getting dates in July from Liu prior to the deposition. (*Id.* at 7.) But Mr. Ni never contacted Petitioners again prior to the noticed deposition. Liu simply failed to appear, and a Certificate of Non-Appearance was recorded. (Ex. 8.)

Only after Liu failed to appear for her deposition did Mr. Ni write again, offering Liu for a remote deposition on Saturday, July 29. Liu had "reserved that window to pack for Europe, but will squeeze packing into evening time on other days." (Ex. 5 at 1.) The proposed date is *three days*

[1] Liu's counsel also asserted, for the first time, manufactured procedural objections to the Deposition Subpoena, claiming (incorrectly) that the witness fee was not tendered and "[w]e have no basis to know what topics you'd like to depose Ms. Liu about." (Ex. 5 at 8.) Petitioners provided Mr. Ni with proof of service of the witness fee (Ex. 6), and the Parties had already discussed the deposition topics at length during the June 21 meet-and-confer (Ex. 5 at 3, 5, 7). Petitioners also served an amended Deposition Subpoena with the extended July 7, 2023 date and the document subpoena attached as Exhibit A, mooting any purported objection. (Ex. 1.) In any case, the initial deposition subpoena was not defective. Fed. R. Civ. P. 45 does not require a subpoena to list the deposition topics; Liu was served with the document subpoena on June 9; and the topics were expressly discussed during the June 21 meet-and-confer.

before Liu leaves for Europe, creating the risk that Petitioners will have no recourse if she again fails to attend, fails to cooperate, or if she reveals needed documents. Given the urgency of post-judgment discovery, Liu should be deposed in person well in advance of leaving the country. Liu should also not be allowed to avoid a deposition for months, or to schedule it on a day this Court is unavailable.

**Liu's Deposition Testimony is Critical.** Liu possesses key documents and information relating to Petitioners' efforts to enforce their $450 million judgment against Qin. (*See, e.g.*, ECF 185 at 11-13; 108-11 at 197:7-18; 176-9 at 271:9-14; 339:15-340:18). Liu controls at least seven companies, and many of these companies are paying Qin or financing this litigation. ECF 185 at 12-13; 183-8; 196-5. Qin gives Liu blank checks, which she uses to, among other things, make deposits into a trust company with offshore operations. ECF 108-2; 108-11 at 191:5-193:16. Qin claims to know nothing about these trusts; he states Liu has this information. *See* ECF 191 at 7.

Given the significance of Liu's involvement in these post-judgment proceedings, Petitioners should be permitted to depose Liu in person—and this is especially true given Liu's deceitful conduct in these proceedings. Liu helped Qin avoid service of Petitioners' initial papers by falsely claiming that they no longer live together and that she has no contact with him, when in fact he stays at her home, *see* ECF 50 at 9-10; 51 ¶¶ 11, 14. They each told this Court that they are divorced even though Qin admits he tells the world at large that they are still married, and even though Liu formally holds herself out as Qin's wife. *Compare* ECF 51-2; 51-3; 115 ¶ 20 n.3, 116 at 13-14 *with* (Ex. 9) (Liu's online bio stating that she "lives in New York with her husband and their two children"). This Court cited the multimillion transfers of assets from Qin to Liu and her mother (without any consideration) as grounds for expediting discovery. *See* ECF 61 at 2-3.

Liu's "burden" – that she "has a life to live and teenagers to take care of" – does not justify a remote deposition. (Ex. 5 at 5.) Liu chooses to spend three days a week in another state taking unspecified "classes"; she clearly arranges childcare for half the week already and can do so on the day of her deposition.[2] She lives in a $15 million mansion and owns two penthouses at the Plaza Hotel. (ECF 111 at 3; 185 at 12-13.) She arranges cars for Qin, including, apparently, a Rolls Royce (ECF 108-11 at 77:21-22, 203:9-12; 176-9 at 295:9-13). If she can spend three days a week in another state, she can attend a deposition less than 30 miles from her home. Delaying her deposition will prejudice Petitioners by preventing them from obtaining information key to enforcing the judgment against Qin. Petitioners respectfully request that the Court order Liu to immediately appear for an in-person deposition prior to July 21, 2023.

Respectfully submitted,

*/s/ Andrew C. Smith*
Andrew C. Smith

cc: All counsel of record (via ECF)
Angus Ni, Esq. (via email and FedEx)

---

[2] Liu clearly has childcare for her "younger kid" while she is "in Connecticut Monday through Wednesday" to take classes and to be "closer to her daughter's camp." (*See* Ex. 5 at 4).

The Court is in receipt of Petitioners' letter motion for an order compelling the deposition of non-party Duo (Emma) Liu (Dkt. #196, 197) as well as their request to file select papers in support of their motion under seal. As an initial matter, Petitioners' sealing request is GRANTED. The Clerk of Court is directed to maintain docket entry 197 under seal, viewable only to the parties, the Court, and Ms. Liu.

Petitioners' substantive motion is GRANTED IN PART. For the reasons that follow, Ms. Liu is ORDERED to appear for an in-person deposition at the New York City office of Pillsbury Winthrop Shaw Pittman LLP on or before **July 17, 2023.**

After careful review of the documents before it, the Court is astonished by Ms. Liu's disregard for her obligation to comply with the deposition subpoena, as evidenced by her failure to appear for her July 7, 2023 deposition. Ms. Liu's legal objections — specifically her concerns about Petitioners' payment of the witness fee and her lack of notice of the topics of her deposition — are spurious, belatedly raised, and in any event, mooted by Petitioners' proof of service and the June 21, 2023 meet-and-confer. (*See* Dkt. #197, Ex. 1).

Nor is the Court moved Ms. Liu's remaining objections, which relate to her busy summer schedule. The Court appreciates that sitting for a deposition will inconvenience Ms. Liu and may necessitate her rescheduling plans and/or arranging childcare. Such inconvenience is the reality of being involved in litigation. Every day, dozens of litigants rearrange their personal and professional obligations to appear in this courthouse, many facing hardships far greater than Ms. Liu's. Ms. Liu has had ample notice of the subpoena, and the instant order affords her sufficient time to make the necessary arrangements.

The Court will not entertain any request to reconsider this decision other than a motion to quash the deposition subpoena.

The Clerk of Court is directed to terminate the motions at docket entries 195 and 196.

SO ORDERED.

Dated: July 11, 2023
New York, New York

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE