UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUZHOU CHUANGTAI RONGYUAN
INVESTEMENT MANAGEMENT
PARTNERSHIP et al.,

                    Petitioners,

-v.-

HUI QIN,

                    Respondent.

21 Civ. 9221 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    In previous orders, the Court ordered non-party Duo (Emma) Liu to appear for an in-person deposition on or before July 17, 2023, and denied her request to extend that deadline to July 20 or 21, 2023.  (Dkt. #198 (ordering Ms. Liu to appear for a deposition on July 17, 2023); Dkt. #200 (denying Ms. Liu's request for an extension)).  Today, the Court received a request from Ms. Liu to file an *ex parte* motion for reconsideration of the Court's prior decisions.  (Dkt. #201).  The Court granted that request, although it warned Ms. Liu that such request "is not to be made lightly."  (Dkt. #202).

    Following Ms. Liu's request, she submitted, via email to Chambers, an *ex parte* motion for reconsideration and an *ex parte* submission containing sensitive information that was presented as a basis for reconsideration.  The same standard applies to a motion for reconsideration under Local Civil Rule 6.3 as under Federal Rule of Civil Procedure 59(e).  *See, e.g.*, *In re Otal Investments Ltd.*, No. 03 Civ. 4303 (HB), 2006 WL 895212, at *1 (S.D.N.Y. Apr. 7, 2006).  The standard for granting a motion for reconsideration is strict, and

in order to prevail the moving party must identify "controlling decisions or data that the court overlooked ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Having reviewed Ms. Liu's *ex parte* submission and supporting papers, the Court GRANTS Ms. Liu's motion for reconsideration.  To be clear, the Court would have preferred Ms. Liu's disclosure of the information sent to the Court today prior to the Court's decisions of July 11 and July 12, 2023.  That being said, the Court understands why Ms. Liu did not squarely present the sensitive information in her prior motion and communications with counsel.  Although the Court is sympathetic to Petitioners' stated need to depose Ms. Liu, the Court trusts that the representations made in Ms. Liu's *ex parte* motion and attached papers are truthful.  Those representations concerning sensitive issues indeed provide a valid basis for reconsideration.

As such, Ms. Liu's appearance for a deposition shall be ADJOURNED *sine die*.  Ms. Liu is directed to file a status letter by **July 31, 2023.**

SO ORDERED.

Dated:   January 23, 2023
         New York, New York

                                              _____
                                              KATHERINE POLK FAILLA
                                              United States District Judge