UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

HUZHOU CHUANGTAI RONGYUAN
INVESTMENT MANAGEMENT
PARTNERSHIP, HUZHOU HUIHENGYING
EQUITY INVESTMENT PARTNERSHIP, and
HUZHOU HUIRONGSHENG EQUITY
INVESTMENT PARTNERSHIP,

     Petitioners,

     v.

HUI QIN,

     Respondent.

1:21-cv-09221 (KPF)

------------------------------------------------------------------x

**DECLARATION OF CAROL LEE IN FURTHER SUPPORT OF PETITIONERS'
RENEWED MOTION TO COMPEL, FOR SANCTIONS, AND FOR AN ORDER OF
CIVIL CONTEMPT AGAINST RESPONDENT HUI QIN**

  1.  I am an attorney at Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). Pillsbury represents Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership (collectively, "Petitioners") in the above-captioned action.

  2.  I am licensed and in good standing to practice law in the State of New York.

  3.  I submit this declaration in further support of Petitioners' Renewed Motion to Compel, for Sanctions, and for an Order of Civil Contempt against Respondent Hui Qin ("Qin").[1]

---

[1] Undefined capitalized terms have the same meanings as in Petitioners' memorandum of law in support of their renewed motion to compel, for sanctions, and for an order of civil contempt (Dkt. 175).

**Bank Records**

4. On April 18, 2023, the Court ordered Qin to produce documents in response to the requests included in Petitioners' February 14, 2023 Appendix A (Dkt. 108-15). Request No. 1 of Appendix A called for all bank records from March 15, 2017 to the present.

5. Qin has only produced his ▮▮▮▮ records through ▮▮▮▮. Qin has failed to produce any ▮▮▮▮ records from December 2022 to the present, despite being ordered to produce these additional records by this Court's 4/18 Order. Indeed, Petitioners have expressly communicated with Qin's counsel in a meet-and-confer on April 20, making clear that current records after November 2022 must be produced.

6. Additionally, Qin has not produced any ▮▮▮▮ records prior to a ▮▮▮▮ ▮▮▮▮ statement (covering ▮▮▮▮). That July statement (Qin_00000506) indicates that the ▮▮▮▮



7. This ▮▮▮▮ statement (and any earlier statements) have not been produced.

8. In Qin's Response No. 1 to Petitioners' Supplemental Post-Judgment Demands for Production, he states: ▮▮▮▮

9. Qin previously produced communications with ▮▮▮▮ ▮▮▮▮ *See* Exhibit 1 (Qin_00003560); Exhibit 2 (Qin_00003575); Exhibit 3 (Qin_00003577)

and Exhibit 4 (Qin_00003580) attached hereto. None of these communications stated that Qin would need to physically travel to Hong Kong to receive his bank account records. Even after this Court's 4/18 Order, and despite these simple instructions, Qin produced no documents showing that any such call was made to the banks or that the live chat feature was used to obtain his bank records.

10. Qin now states that "the banks have indicated that in order to obtain these records, I must make the request in person." Dkt. 192 at ¶ 86. The only support for this assertion is Qin's statement that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at ¶ 12. Attached as Exhibit 5 are what I understand to be Qin's WeChat communications with ▓▓▓ bearing the bates number Qin_00003391, along with a certified translation. As shown in Exhibit 5, Qin ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, which is over a week after the deadline that this Court set for Qin to produce bank records. *See* Exhibit 5. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*

### Tax Returns

11. Request No. 5 of Appendix A called for all tax returns, including but not limited to tax returns filed in 2017 through 2022. In Petitioners' January 20 letter to Qin's counsel, Petitioners also requested ▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 108-7. At his January 30 deposition, Qin stated, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dep. 213:16-19. In Petitioners' February 10 letter to Qin's counsel, Petitioners highlighted that ▓

3

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ Dkt. 108-6

at 4. In Qin's April 21, 2023 responses to Interrogatory No. 6 of Petitioners' February 14, 2023 Appendix B (Dkt. 108-16), Qin confirmed that ████████████████████████████

*See* Dkt. 176-1.

12. At his April 24, 2023 deposition, Qin stated ████████████████████ ████ Dep. 238:8-10. Qin has provided no explanation for ████████████████ when it was due ████████.

13. Qin has not produced his ████ tax returns even though he was ordered to produce by April 21, 2023.

**Immigration Records**

14. Request No. 4 of Appendix A called for all immigration documents submitted to the U.S. Customs and Immigration Service by or on behalf of Qin during the time period of March 15, 2017 through the present.

15. Qin has not produced any immigration records. Qin has only produced an email showing ████████████████████████████████████████████████████████████

████████████████████████████████ *See* Exhibit 6 (Qin_00003347-3348). As shown in the email chain, Qin did not ██████████████████████████████████████, which is more than a week after the Court-ordered deadline of April 21, 2023 for him to produce all responsive documents. There is no indication that any phone calls were made. *Id.*

16. On April 25, 2023 Qin testified that he had ████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████ Dep. 409:22-411:22. Qin said ██████████████████

4

███████████████████████████████████ *Id*. Three months later Qin has still not produced these documents.

### **Status of Discovery from Duo (Emma) Liu**

17. Qin states ███████████████████████████████████████ As the Court is aware, Petitioners have been diligently seeking information from Liu. On June 9, 2023, Petitioners served a Deposition Subpoena and a Document Subpoena on Liu, requesting a deposition on June 21 and document production by the same day. *See* Dkt. 196-1.

18. On June 20, the day before the noticed deposition and the document response deadline, Angus Ni, Esq. informed Petitioners that he had "just been engaged to represent Ms. Liu," and requested an extension. Petitioners granted Liu a one-week extension to June 28 and scheduled a meet-and-confer the next day. *See* Dkt. 196-5 at 11-12. Petitioners granted a further extension of Ms. Liu's deposition to July 7.

19. On July 7, Liu failed to appear for her noticed deposition, and a Certificate of Non-Appearance was recorded. Dkt. 196-8.

20. On July 11, Petitioners requested that the Court order Liu to immediately appear for an in-person deposition. On the same day, the Court granted Petitioners' request in part and ordered Liu to appear for the deposition on or before July 17, 2023. Dkt. 198.

21. On July 12, Liu filed a letter for extension of time of 3 days to comply with the Court's order, which was denied by the Court. Dkts. 199, 200.

22. On July 14, Liu filed a motion for leave to file a motion *ex parte* and under seal requesting that the Court reconsider its July 13 order. Dkt. 201. On the same day, the Court adjourned Liu's deposition *sine die*. Dkt. 202.

23. On June 28, Liu sent Petitioners her responses to Petitioners' Document Subpoena. On June 29, Liu amended her responses. Attached hereto as Exhibit 7 is what I understand to be a true and accurate copy of Liu's Amended Responses to Petitioners' Document Subpoena ("Document Responses").

24. In her Document Responses, Liu states ███████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████ Ex. 7 at 6. Qin, however, ████████████████████████████████████ ██████████████████████████████████. See Exhibit 8 (Qin_00003346).

25. Liu states that ███████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████ Ex. 7 at 6. Qin has produced no information about these ████.

26. Liu ██████████████████████████████████████████ ████ Liu states █████████████████████████████████████ █████████████ she █████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████ Ex. 7 at 6-8 (emphasis added). Liu amended her

6

original Document Responses ███████████████████████████████████. It is not clear who owns ███████████.

27. Liu ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Ex. 7 at 7.

It is not clear what purpose these ██████ serve.

28. Liu ████████████████████████████████████████████████

████████████████ Ex. 7 at 11. Qin has denied having any knowledge of or documents relating to these ██████. Liu also identifies ██████████████████████████

████████████████████████████████████████████████████.

29. With respect to the production of documents, Mr. Ni stated in an email dated June 28 that Liu would produce documents by "mid-July." Dkt. 196-5 at 8. However, Liu has not produced a single document as of the current date.

30. On July 18, having received no documents from Liu, Petitioners emailed Mr. Ni regarding the status of Liu's compliance with the document subpoena. The same day, Mr. Ni responded that "we intend to assert the 5th amendment under the act of production doctrine." *See* Exhibit 9 attached hereto.

31. Petitioners and Mr. Ni had a meet-and-confer on July 20 regarding Liu's compliance with the document subpoena. Mr. Ni stated at the meet-and-confer that Liu would continue to withhold documents under the Fifth Amendment. Petitioners requested that Mr. Ni confirm Liu's position in writing via email. As of the current date, Petitioners have not received any follow-up emails from Mr. Ni.

**Qin's Use of Cellphone During Deposition**

32. Qin stated that he did not use his phone during his January 30, 2023 deposition, but he was only using it ███████████ (Emphasis in original.) *See* Dkt. 192, ¶ 18. As shown in the deposition video, ███████████

███████████

███████████ *See* Exhibit 10, video recording of the Qin Deposition from 4:08:29 pm to 4:09:02 pm ("Video Clip No. 1")[2]. ███████████

███████████

███████████

███ *See* Exhibit 11, video recording of the Qin Deposition from 5:20:30 pm to 5:22:52 pm ("Video Clip No. 2")[3].

33. Qin's counsel ███████████

███████████ *See* Dkt. 106-16 (Transcript of Qin's January 30 Deposition) at 206:25-207:13 ███████████

███████████

███████████

███████████

███████████ (emphasis added).

---

███████████

███████████

**Communications Produced by Qin**

34. On February 13, 2023, Qin's counsel informed Petitioners that they were ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Dkt. 108-9 (2/13 Letter) at 2-3 (emphasis added). But nothing was produced ███████ No communication records were produced by the deadline set in this Court's 4/18 Order.

35. Asked ███████████████████████████████████████████, Qin testified at his April 25, 2023 deposition that ███████████████████████████████████████ ████████ Dep. 465:8-10.

36. Following the deposition on April 25, 2023 Petitioners emailed Qin's counsel a recommended vendor that could download Qin's communications, to which counsel responded: "Well received with thanks." An accurate copy of that email is attached as Exhibit 12.

37. It appears Qin never hired a vendor to download Qin's communications from his phones. Communications produced by Qin are individual screenshots of messages with no metadata. Attached as Exhibit 13 are all 19 pages of communications produced by Qin.

38. Below is a summary of these communications produced by Qin:

| Contact Person | Application | Page of Communications | Bates Number | Date Range |
|---|---|---|---|---|
| ███ | WhatsApp | 10 pages | Qin_00003389<br>Qin_00003392<br>Qin_00003542<br>Qin_00003546<br>Qin_00003549-51<br>Qin_00003564<br>Qin_00003582<br>Qin_00003565 | ███ |
| ███ | WeChat | 4 pages | Qin_00003391<br>Qin_00003543<br>Qin_00003547 | ███ |

| | | | | |
|---|---|---|---|---|
| | | | Qin_00003566 | |
| ▮ | WeChat | 2 pages | Qin_00003403<br>Qin_00003567 | ▮ |
| ▮ | WeChat | 1 page | Qin_00003563<br>(duplicative of<br>Qin_00003548) | [Screenshot produced in May 2023] |
| ▮ | What's App | 1 page | Qin_00003544 | ▮ |
| ▮ | Text | 1 page | Qin_00003555 | ▮ |

39. Qin claims that he ▮ Qin Decl. ¶ 80. By producing selective screenshots of messages without metadata it is impossible to know how many "irrelevant" messages were deleted. Nevertheless, the summary of his limited productions above suggests that most messages were either deleted or simply not produced.

40. Some messages appear incomplete as well. For instance, in one message ▮ ▮ *See* Ex. 5.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on July 21, 2023.

_____
Carol Lee

10