

Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue  |  Miami, FL 33131  |  tel 786.913.4900  |  fax 786.913.4901

Geoffrey Sant
tel: 212.858.1162
geoffrey.sant@pillsburylaw.com

August 21, 2023

**<u>VIA ECF</u>**



The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin,* Case No. 21 Civ. 9221 (KPF) – **Petitioners' Request for Leave to File Documents with Redactions and Under Seal**

Dear Judge Failla:

We write on behalf of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") to request leave to file certain documents with redactions and certain documents under seal, pursuant to the parties' Stipulated Protective Order dated January 3, 2023, Dkt. 92.

In conjunction with Petitioners' Third Motion to Compel (Re: Court's Orders of April 18, 2023 and August 17, 2023) for Order to Show Cause, and Renewed Motion for Contempt against Respondent Hui Qin filed contemporaneously herewith, Petitioners respectfully request to file the Memorandum of Law with redactions pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases. Petitioners respectfully request to file under seal (1) the Declaration of Tino Kyprianou ("Kyprianou Decl."), dated August 21, 2023; and (2) the following exhibits to the Declaration of Sarah M. Madigan ("Madigan Decl."), dated August 21, 2023, pursuant to Rule 9(C) of Your Honor's Individual Rules of Practice in Civil Cases:[1]

| Exhibit | Description |
|---|---|
| **Madigan Decl. Ex. 1** | A document bearing Bates-number Qin_00003575-76, produced by Qin in this action and marked Confidential |

---

[1] Petitioners seek to file the following documents under seal to be accessed by Your Honor and Respondent Hui Qin ("Qin").

The Honorable Katherine Polk Failla
August 21, 2023
Page 2 of 3

| | |
|---|---|
| **Madigan Decl. Ex. 2** | A document bearing Bates-number Qin_00003577-78, produced by Qin in this action and marked Confidential |
| **Madigan Decl. Ex. 4** | Seiden's Objections and Responses to Petitioners' Second Subpoena Duces Tecum |
| **Madigan Decl. Ex. 5** | A document bearing Bates-number SLG_000052, produced by Seiden in this action and marked Confidential |
| **Madigan Decl. Ex. 6** | A document bearing Bates-number SLG_000053, produced by Seiden in this action and marked Confidential |
| **Madigan Decl. Ex. 7** | A document bearing Bates-number SLG_000054, produced by Seiden in this action and marked Confidential |
| **Madigan Decl. Ex. 8** | A document bearing Bates-number SLG_000033-36, produced by Seiden in this action and marked Confidential |

Pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including the "privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the Memorandum of Law, the Kyprianou Decl., the Madigan Decl. Exhibits 1-2 and 4-8 each contain sensitive personal, financial, or business information, such as attorney invoices, the amounts Qin paid to his attorneys, passwords to Qin's personal devices, and banking information. Many of these documents were also marked Confidential pursuant to the Stipulated Protective Order by Qin and Seiden. The parties' interest in protecting confidential information, specifically sensitive personal identifying information, overcomes the presumption of access. Indeed, Your Honor has previously granted Petitioners' request to file under seal certain exhibits to protect certain sensitive personal, financial, and business information, which was clearly visible. *See* Dkts. 112, 177.

Because these documents contain confidential information of the kind that is deserving of protection and restricting public access, Petitioners respectfully request that the Court grant their

The Honorable Katherine Polk Failla
August 21, 2023
Page 3 of 3

request to redact their Memorandum of Law, and to file the Kyprianou Decl. and Madigan Decl. Exhibits 1-2 and 4-8 under seal.

Respectfully submitted,

_/s/ Geoffrey Sant_
Geoffrey Sant

cc:     All counsel of record (via ECF)

Application GRANTED. The Clerk of Court is directed to maintain docket entries 223, 225, and 227 under seal, viewable only to the parties and the Court.

The Clerk of Court is further directed to terminate the motion at docket entry 221.

Dated:     August 22, 2023          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE