# Exhibit G

| | |
|---|---|
| **From:** | Lee, Carol <carol.lee@pillsburylaw.com> |
| **Sent:** | Saturday, August 19, 2023 5:36 PM |
| **To:** | Jennifer Blecher; Madigan, Sarah M.; Smith, Andrew C. |
| **Cc:** | Sant, Geoffrey; Ray, III, Hugh M.; Amiad Kushner; Xintong Zhang; Wang, Fangwei |
| **Subject:** | RE: Huzhou Chuangtai Rongyuan Inv. Mgmt. Partnership, et al. v. Qin, No. 21-cv-9221-KPF – Mr. Qin's Cell Phones |

Counsel,

Thank you for your email. As you know, during the Court's colloquy with Mr. Kyprianou, the Court made clear that Mr. Qin must provide all passwords on his phones, and specifically mentioned his iCloud passwords. Your email below is the first time you have alleged that Mr. Qin does not have any information concerning his phone's Gmail and iCloud accounts, or the passwords to those accounts. No such assertion was made at the court hearing, or even in response to our Friday afternoon email to you.

During the Court's colloquy with Mr. Kyprianou of Setec Investigations, the Court specifically and clearly ordered Mr. Qin to provide his passwords (including iCloud passwords) and to assist Mr. Kyprianou in accessing Mr. Qin's phone data so that Mr. Kyprianou can image the data in those accounts. That includes the Gmail and iCloud passwords. At the court hearing, neither Mr. Qin nor his counsel objected to providing his passwords, nor did Mr. Qin or his counsel make the unbelievable claim that he does not know his own passwords. Two days have passed since the Court ordered Mr. Qin to provide his passwords, and he has refused or failed to do so. We note that during the car ride from the court to the Seiden offices, Mr. Qin loudly announced that he would rather be detained than allow Petitioners to access the data on his phones. We are therefore deeply concerned by Mr. Qin's attempts to get his phones back without ever providing the password information needed to image all information on his phones. We do not believe Mr. Qin's purported inability to identify his passwords, or to even reset his passwords. In any case, Mr. Qin himself controls when he will get his phones back, because he will receive them after he fully provides password information to Mr. Kyprianou.

We once again demand that Mr. Qin immediately provide all access information including passwords to all of his Gmail and iCloud accounts. If he does not immediately provide the passwords, we will be forced to once again inform the Court of Mr. Qin's failure to comply with clear and unambiguous court orders.

We note your position that Mr. Qin allegedly is unable to reset the password for his Gmail account, because the password reset request goes to Emma Duo Liu. We find it incredible that Mr. Qin claims to neither know his password nor is willing to contact Emma Duo Liu to reset the password.

You never identified Mr. Qin's additional Gmail account to us in your discovery responses, and you never made any attempt to access or produce data from this account. Indeed, as discussed at the court hearing, Mr. Qin has not produced a single responsive email in this action. This too is extremely disturbing.

The Court clearly authorized Setec Investigations to maintain possession of Mr. Qin's devices until Setec is able to gain full access to them and preserve all data stored on those devices, including the iCloud and Gmail data. Again, until Mr. Kyprianou at Setec Investigations has received the passwords to the two Gmail accounts and the additional iCloud account and is able to successfully access those accounts and image this data, the devices will not be returned to Mr. Qin. We once again ask that you and Mr. Qin comply with the Court's clear order to provide all passwords, and/or to enable Mr. Kyprianou to reset the passwords.

Your list of questions to Mr. Kyprianou is inappropriate given your failure to comply with the Court's order to produce all passwords. Nevertheless, we confirm that Pillsbury has not received any of the data recovered by Mr. Kyprianou to date.

We understand that Setec Investigations has imaged the information on the phones which it has been able to access. However, as we have repeatedly informed you, Setec Investigations does not yet have access to the iCloud and Gmail accounts on Mr. Qin's phones because he refuses to provide this information. Because Mr. Qin has not provided his passwords, Setec is not able to complete the imaging process. Moreover, given Mr. Qin's pattern of destroying and deleting information, his devices will not be returned until he provides all passwords to Mr. Kyprianou and allows the full imaging of all information from Mr. Qin's phones.

Please immediately provide Mr. Qin's passwords. Once Mr. Qin's phones have been fully imaged, Mr. Qin's devices will be returned. We reserve all rights.

Best,
Carol


**Carol Lee** | Pillsbury Winthrop Shaw Pittman LLP
Counsel
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1194
carol.lee@pillsburylaw.com | pillsburylaw.com

---

**From:** Jennifer Blecher <jblecher@seidenlaw.com>
**Sent:** Saturday, August 19, 2023 1:30 PM
**To:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Smith, Andrew C. <andrew.smith@pillsburylaw.com>
**Cc:** Sant, Geoffrey <geoffrey.sant@pillsburylaw.com>; Lee, Carol <carol.lee@pillsburylaw.com>; Ray, III, Hugh M. <hugh.ray@pillsburylaw.com>; Amiad Kushner <akushner@seidenlaw.com>; Xintong Zhang <xzhang@seidenlaw.com>; Wang, Fangwei <fangwei.wang@pillsburylaw.com>
**Subject:** Re: Huzhou Chuangtai Rongyuan Inv. Mgmt. Partnership, et al. v. Qin, No. 21-cv-9221-KPF – Mr. Qin's Cell Phones

Counsel,

You have now been in possession of Mr. Qin's cell phones for more than 36 hours despite representing to the Court that it would take only a few hours to image the data, which was all the Court authorized you to do, and that the phones would be returned to him on Friday. Nothing in Ms. Madigan's email indicated that the inability to obtain a password that Mr. Qin has repeatedly and consistently said he does not know in any way inhibited your ability to preserve the contents of these phones, nor is possession of either phone required to "access" the contents of an icloud account or web-based email account. The phones must be returned immediately.

Mr. Qin fully complied with the Court's order, surrendered the phones to your forensic agent for imaging, provided the passwords he was aware of or permitted you to reset passwords he did not know, and even called and messaged a friend in an attempt to obtain the passwords to his Gmail account. He has said he has no knowledge of the two additional accounts you identified (i.e., the Gmail account and the icloud account), but believes the icloud account may be somehow related to SMI because the number at the end of the account name, *i.e.*, 198, is SMI's listing number. He has continued to attempt to contact others to obtain the password to his Gmail account and tried to reset the password, but the fact that he does not have his phone makes that difficult, and you have no basis to treat third parties (such as his ex-wife Ms. Liu) as subject to his control. In any event, the Court did not authorize you to hold his phones hostage until he satisfies your other demands. You are effectively engaged in an unauthorized seizure at this point and we request that you identify the authority under which you believe you are entitled to retain possession of his phones.

Additionally, your forensic agent has not responded to our questions, and the fact that you have provided no meaningful update regarding the status of the collected data and whether you have searched or reviewed any of it is very troubling,

especially given that Ms. Madigan's email began by referring to "searching" his data rather than preserving it as the Court ordered. The Court's order did not address any search and mere preservation of data does not grant you unfettered access to it. Any search must still respect the permissible scope of discovery under Rule 69, applicable privileges and protections, and Mr. Qin's constitutional rights. We made clear to Ms. Madigan and Ms. Wang (and they agreed) on Thursday night that no searches were to be performed prior to meeting and conferring regarding a protocol for reviewing the data, including with respect to protecting privilege and ensuring that any search is permissible in scope.

We therefore again request that you have your forensic agent respond to our questions, and request that you immediately confirm that no searches have been performed on Mr. Qin's phones, email or social media accounts and that no one at the Pillsbury firm has received or reviewed any data from them. If any transmission or search has been performed, please identify the names of each person at your firm who received or reviewed the data, the time this occurred, and whether any of that data has been transmitted to your clients or outside of the U.S.

If you or your forensic agent continue to ignore these requests, we will have to seek immediate relief from the Court.

- Jennifer

**Jennifer Blecher, Esq.**
*Senior Counsel*

**SEIDEN | LAW**

**Seiden Law LLP**
322 Eighth Avenue, Suite 1200
New York, NY 10001 USA
***O.*** (646) 766-1763
***E.*** jblecher@seidenlaw.com
***W.*** www.seidenlaw.com

Confidentiality Statement: This email (including any attachments) may **contain** confidential information and is protected by law. If you are not the correct recipient, please notify the sender immediately and delete this email. Please do not copy this email for any other purpose or disclose the contents of this email.

---

From: Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
Date: Friday, August 18, 2023 at 4:16 PM
To: Smith, Andrew C. <andrew.smith@pillsburylaw.com>, Jennifer Blecher <jblecher@seidenlaw.com>
Cc: Sant, Geoffrey <geoffrey.sant@pillsburylaw.com>, Lee, Carol <carol.lee@pillsburylaw.com>, Ray, III, Hugh M. <hugh.ray@pillsburylaw.com>, Amiad Kushner <akushner@seidenlaw.com>, Xintong Zhang <xzhang@seidenlaw.com>, Wang, Fangwei <fangwei.wang@pillsburylaw.com>
Subject: RE: Huzhou Chuangtai Rongyuan Inv. Mgmt. Partnership, et al. v. Qin, No. 21-cv-9221-KPF – Mr. Qin's Cell Phones

Counsel,

Searching Qin's phones would have taken only a few hours but for the fact that we do not have Qin's Gmail password. Without it, we cannot access certain data stored on the phone or in the cloud. In response to the message Tony sent from Qin's phone last night, we received two potential passwords from Kevin, neither of which work. A number ending in 86 is one of the ways the Gmail account can be verified so that we can access the account by changing the password. Our IT expert has identified the number ending in 86 as Emma Duo Liu's. We ask that you coordinate with her, or her counsel Angus Ni (angus@afnlegal.com), to set a time when Emma will be ready, willing, and able to respond when our vendor pings Emma's device (the phone with the number ending in 86) for verification. Our vendor's contact information is: Tino Kyprianou, tkyprianou@setecinvestigations.com.

3

When reviewing both of Qin's phones, our vendor also identified an additional Gmail account, Sinuosiminghan@gmail.com, as well as a second iCloud account, qinhui198@icloud.com.  Neither of these accounts has previously been disclosed to us in response to our multiple requests for Qin's contact information. What are the passwords for these accounts?

Until our vendor is able to access both Gmail accounts and the second iCloud account, he will retain the phones.

Regarding a protocol, it is premature to discuss any protocol before we have all of the access information.

Regards,
Sarah

Sarah M. Madigan | Associate
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1169
sarah.madigan@pillsburylaw.com | website bio

From: Smith, Andrew C. <andrew.smith@pillsburylaw.com>
Sent: Friday, August 18, 2023 4:06 PM
To: Jennifer Blecher <jblecher@seidenlaw.com>
Cc: Sant, Geoffrey <geoffrey.sant@pillsburylaw.com>; Lee, Carol <carol.lee@pillsburylaw.com>; Ray, III, Hugh M. <hugh.ray@pillsburylaw.com>; Amiad Kushner <akushner@seidenlaw.com>; Xintong Zhang <xzhang@seidenlaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Wang, Fangwei <fangwei.wang@pillsburylaw.com>
Subject: Re: Huzhou Chuangtai Rongyuan Inv. Mgmt. Partnership, et al. v. Qin, No. 21-cv-9221-KPF – Mr. Qin's Cell Phones

Jennifer,

I note that you did not copy the two Pillsbury attorneys who attended the device collection. I am copying them here. One of them will respond before 4:30 pm.

Sincerely,
Andy

Sent from my iPhone


Andrew C. Smith | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1743 | f +1.212.858.1500 | m +1.917.687.2099
andrew.smith@pillsburylaw.com | website bio

> On Aug 18, 2023, at 4:00 PM, Jennifer Blecher <jblecher@seidenlaw.com> wrote:
>
> Counsel,
>
> We have still received no response regarding the status of Mr. Qin's phone, notwithstanding that he
> fully complied with the Court's order and notwithstanding representations made to the Court that the

4

imaging process would only take a few hours and that the phone would be returned to him today.  Mr. Qin needs his phone to, among other things, contact his children, who are currently out of the country.  Both phones have been in your vendor's possession for 20 hours and it has been five hours since we inquired about its status.  If we do not receive a response indicating the status as well as the time and place of return of the phone by 4:30 p.m., we will be reaching out to the Court for further relief.

- Jennifer

From: Jennifer Blecher <jblecher@seidenlaw.com>
Date: Friday, August 18, 2023 at 10:58 AM
To: Sant, Geoffrey <geoffrey.sant@pillsburylaw.com>, Lee, Carol <carol.lee@pillsburylaw.com>, Ray, III, Hugh M. <hugh.ray@pillsburylaw.com>, Smith, Andrew C. <andrew.smith@pillsburylaw.com>
Cc: Amiad Kushner <akushner@seidenlaw.com>, Xintong Zhang <xzhang@seidenlaw.com>
Subject: Huzhou Chuangtai Rongyuan Inv. Mgmt. Partnership, et al. v. Qin, No. 21-cv-9221-KPF – Mr. Qin's Cell Phones

Counsel,

I write to confirm that yesterday, Mr. Qin's Chinese cell phone was taken into possession by a third-party vendor during the Court hearing and that his U.S. cell phone was handed over to the vendor without incident last night at the Seiden Law office in your presence, as well as to follow up on the status of both phones.  The vendor had stated that it would only take a few hours to image those phones and that they would then be returned to Mr. Qin.  Please provide us with the vendor's contact information and let us know when we can expect to receive the phones back.

Separately, our position is that the data from those phones should not be searched until the parties have met and conferred regarding an appropriate protocol that would respect any issues related to attorney-client or other applicable privilege or protection.  Please let us know your availability for a call to discuss that issue.

Regards,

Jennifer

Jennifer Blecher, Esq.
*Senior Counsel*

# SEIDEN | LAW

Seiden Law LLP
322 Eighth Avenue, Suite 1200
New York, NY 10001 USA
O.  (646) 766-1763
E.  jblecher@seidenlaw.com
W.  www.seidenlaw.com

Confidentiality Statement: This email (including any attachments) may contain confidential information and is protected by law. If you are not the correct recipient, please notify the sender immediately and delete this email. Please do not copy this email for any other purpose or disclose the contents of this email.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.