# Exhibit H

## SCHEDULE A

Pursuant to Article 52 of the CPLR, you are to provide written answers, under oath, to the Questions set forth below and to return your sworn written answers to Matthew A. Katz, Schindler Cohen & Hochman LLP, 100 Wall Street, 15th Floor, New York, New York 10005, within seven (7) days. You may use the accompanying enclosed postage prepaid, addressed return envelope or transmit your answers electronically to mkatz@schlaw.com.

## DEFINITIONS & INSTRUCTIONS

The following definitions and instructions apply to these Questions:

1) These Questions should be read, interpreted, and responded to in accordance with the definitions and instructions below, as well as the CPLR and the rulings, judgments, and determinations of this Court.

2) In answering these Questions, furnish all information that is available to You, Your parents, subsidiaries, affiliates, divisions, successors and assigns, employees, officers, directors, partners, shareholders, members, agents, representatives, attorneys, consultants, advisors, accountants, and any and all persons acting on Your behalf. If You cannot answer any Question or part thereof in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible.

3) No Question is to be left unanswered. If the answer to a Question or any part thereof is "none" or "unknown," the word "none" or "unknown" must be written in the answer.

4) These Questions shall be deemed continuing, and any additional responsive information that You acquire after answering these Questions shall be furnished promptly after such information is acquired.

5) The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following Questions all information which might otherwise be construed to be outside their scope. Similarly, references to the singular shall include the plural and references to the plural shall include the singular.

6) The terms "any," "all," and "each" shall be construed broadly, and shall mean each, any and all as necessary to bring within the scope of the Questions all responses that otherwise could be construed to be outside of their scope.

7) "Judgment Debtor" means and refers to Hui Qin.

8) "Judgment Debtor affiliated person" means and refers to:

    a) Duo Liu, aka "Emma Liu" (刘多);

    b) Xuemin Liu (刘学民);

    c) Jian Qin (覃俭);

    d) Hong Qin (覃宏);

    e) Any other individuals whom you know to be related to Qin by marriage or consanguinity;

    f) Xueyuan Han, aka "Hank Han" (韩学渊);

    g) Yidong Hu (胡宜东); and

    h) Lu Kang (康璐).

9) "Judgment Debtor affiliated entity" means and refers to:

    a) Run Yun Chengdu Culture Communication Co., Ltd. (成都润运文化传媒有限公司) **(PRC)**;

b) Shenzhen SMI Shengdian Cultural and Media Group Co., Ltd. (深圳星美圣典文化传媒集团有限公司) **(PRC)**;

c) SMI International Cinemas Limited (星美国际影院有限公司) **(PRC)**;

d) SMI Holdings Group Limited (星美控股集团有限公司) **(Bermuda)**;

e) Stellar Megamedia Group, Inc. (Reg. No. 4053768) **(New York)**;

f) King Fame Trading Limited (**BVI**);

g) Luban Construction Inc. (Reg. No. 5042662) **(New York)**;

h) HFRE LLC (Reg. No. 5604730) **(New York)**;

i) St. Tome LLC (Reg. No. 5557458) **(New York)**;

j) Qynm Family Holding, LLC (Reg. No. 5651463) **(New York)**;

k) St. Grand Ceremony LLC (Reg. No. 5541942) **(New York)**;

l) Luxury Team Inc. (Reg. No. 5180814) **(New York)**;

m) Cobalt International Energy Co., Ltd. **(US)**;

n) PH2003 Unit LLC (Reg. No. 5394589) **(New York)**;

o) Golden Little Elephant Inc. (Reg. No. 4288674) **(New York)**;

p) Golden Little Dragon LLC (Reg. No. 5761694) **(New York)**;

q) Golden Mermaid LLC (Reg. No. 5852657) **(New York)**;

r) Golden Pegasus LLC (Reg. No. 5014433) **(New York)**;

s) Grand Ceremony LLC (Reg. No. 5540043) **(New York)**;

t) Golden Kirin LLC (Reg. No. 5014434) **(New York)**;

u) Harushio LLC (Reg. No. 5019592) **(New York)**;

v) Hatakaze LLC (Reg. No. 5019554) **(New York)**;

w) Ningbo Sunlight Electrical Appliance Co., Ltd. (宁波圣莱达电器股份有

8

限公司) **(PRC)**;

x) Ningbo Sunlight Electrical Appliance Co., Ltd. (宁波金阳光电热科技有限公司）**(PRC)**;

y) Beijing Shuangjian Information Technology Co., Ltd. (北京双键信息技术有限公司) **(PRC)**;

z) Huamin Trading Co., Ltd. (华民贸易有限公司) **(PRC)**;

aa) Beijing Xingmeihui Food and Beverage Management Co., Ltd. (北京星美汇餐饮管理有限公司) **(PRC)**;

bb) Beijing Tianyuan Jianye Construction Engineering Co., Ltd. (北京天元建业建设工程有限公司) **(PRC)**;

cc) Applegreen LLC (Reg. No. 6716590) **(Delaware)**;

dd) St. Fortune Group LLC (Reg. No. 6124037) **(Delaware)**;

ee) Lido Palace Niteclub Restaurant (Reg. No. 32546700E) **(Singapore)**;

ff) Deluxe Lido Palace Pte Ltd (Reg No. 199604861N) **(Singapore)**;

gg) HD Consulting Service LLC (Reg. No. 5332127, **New York**); (Reg. No. 2017-000780000, **Wyoming**); and

hh) Lucky Man Holdings Limited (**Bermuda**).

10) "You" and "Your" mean and refer to East West Bank and any affiliates, subsidiaries, parents, predecessors, successors, assigns, agents, or representatives, and/or any other persons acting or purporting to act in concert or participation with, on behalf of, or at the direction of You, whether directly or indirectly.

## **QUESTIONS**

Q. No. 1. Do You have a record of any account in which the Judgment Debtor, a Judgment Debtor affiliated person, or a Judgment Debtor affiliated entity may have an interest, whether under the name of the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity, as of the date of the subpoena or within 1 year prior thereto?

A. No. 1.


Q. No. 2. As to each such account, what is the exact title of the account, account number, the date opened, amounts presently on deposit; if closed, the amount on deposit when closed and the date closed?

A. No. 2.

<u>Title</u>   <u>Acct. No.</u>   <u>Date Opened</u>   <u>Amount On Deposit</u>   <u>Date Closed</u>


Q. No. 3. Is the Judgment Debtor, a Judgment Debtor affiliated person, or a Judgment Debtor affiliated entity indebted to You?

A. No. 3.


Q. No. 4. As to each indebtedness, what is the amount of the original indebtedness, the date incurred, amount repaid, and date of such repayment?

A. No. 4.

<u>Amount</u>   <u>Date Incurred</u>   <u>Amount Repaid</u>   <u>Date Repaid</u>

10

Q. No. 5. Do You hold any lien, mortgage, or otherwise, against the property of the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity?

A. No. 5.

Q. No. 6. What is the nature of each such lien, the full description of the property affected by the lien, the location and identity of the office of the filing or recording, and full indexing information?

A. No. 6.

<u>Lien</u>     <u>Property</u>     <u>Where Recorded or Filed</u>     <u>Book and Page No.</u>

Q. No. 7. Are any of the assets of the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity, in Your possession or care, subject to liens, attachments, or other encumbrances?

A. No. 7.

Q. No. 8. What are the full details of the same in regard to each asset?

A. No. 8.

Q. No. 9. Do you have a record of any safe deposit box in which the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity may have an interest, whether under the name of the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity, under a trade or corporate name, or in

association with others, as of the date of the subpoena or within 1 year prior thereto?

A. No. 9.

Q. No. 10.  Do you hold collateral in which the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity has or may have an interest?

A. No. 10.

Q. No. 11.  What interest does the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity appear to have in each item of collateral?

A. No. 11.

Q. No. 12.  Has the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity given you a statement of his or its financial condition?

A. No. 12.

Q. No. 13.  What assets are disclosed therein (or in the alternative supply a copy thereof)?

A. No. 13.

Q. No. 14.  Do You have any records of transfers of funds or assets to or from any account held by the Judgment Debtor, Judgment Debtor affiliated persons, or Judgment Debtor affiliated entities to or from any account held by the Judgment Debtor, Judgment Debtor affiliated person, or Judgment Debtor affiliated entity?

A. No. 14.

Q. No. 15. As to each such transfer, what is the exact amount of the transfer, between which accounts did the transfer occur, on what date did the transfer occur, and what was the final amount on deposit of the transferor account and the transferee account on the date of transfer?

A. No. 15.

<u>Amount</u>   <u>Date</u>   <u>Transferor Account</u>   <u>Transferee Account</u>   <u>Amount On Deposit</u>

## **CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT**

I certify that the foregoing statements made by me are true. I am aware that if any of theforegoing statements made by me are willfully false, I am subject to punishment.

Dated:_____, 2023

By: _____

**ADDENDUM**

The last known addresses of Hui Qin are:

1) 35 Applegreen Drive, Old Westbury, NY 11568

2) 39 Applegreen Drive, Old Westbury, NY 11568

3) 1 Central Park S, Unit #2009, New York, NY 10019

4) 1 Central Park S, Unit #2003, New York, NY 10019

5) 377 Rector Place, Unit #PHB, New York, NY 10280

6) 131-01 40th Road #8R, Flushing, NY 11354

7) 16 Hickory Drive, Old Brookville, NY 11545

8) c/o Benjamin B. Xue, Esq.
Xue & Associates, P.C.
1 School Street
Suit 303A
Glen Cove, New York 11542
Tel: (516) 595-8887

9) c/o Amiad Moshe Kushner, Esq.
Xintong Zhang, Esq.
Seiden Law Group LLP
322 Eighth Avenue
Suite 1704
New York, NY 10001
Tel: (212) 523-0686

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HUZHOU CHUANGTAI RONGYUAN
INVESTMENT MANAGEMENT
PARTNERSHIP, HUZHOU HUIHENGYING
EQUITY INVESTMENT PARTNERSHIP, and
HUZHOU HUIRONGSHENG EQUITY
INVESTMENT PARTNERSHIP,

                     Petitioners,

               v.

HUI QIN,

                     Respondent.
------------------------------------------------------------------x

21 Civ. 9221 (KPF)

**JUDGMENT**

      It is HEREBY ORDERED, ADJUDGED, AND DECREED: That for the reasons stated in the Court's Opinion and Order dated September 26, 2022 (Dkt. #44), the Award of the CIETAC Tribunal dated April 22, 2021 ("CIETAC Award") (Dkt. #7-2) is CONFIRMED; and

      JUDGMENT IS HEREBY ENTERED on the CIETAC Award in favor of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership ("Chuangtai Rongyuan"), Huzhou Huihengying Equity Investment Partnership ("Huihengying"), and Huzhou Huirongsheng Equity Investment Partnership ("Huirongsheng") and against Respondent Hui Qin ("Qin") as follows:

1. For money damages in favor of Petitioners in the following aggregate amounts (representing the totals granted in the Award as calculated below):

    - Judgment for Petitioner Chuangtai Rongyuan:
      **$148,648,643.71,** plus ongoing contractual daily interest of **$29,311.88.**

    - Judgment for Petitioner Huihengying:
      **$147,428,491.49,** plus ongoing contractual daily interest of **$29,348.48.**

    - Judgment for Petitioner Huirongsheng:
      **$147,382,728.28,** plus ongoing contractual daily interest of **$29,350.67.**

1

a. Equity acquisition prices to the Petitioners to acquire the 3.12% equity held by each of the Petitioners in Chengdu Run Yun Culture Communications Co., Ltd. ("Chengdu Run Yun") (calculated using the RMB ¥500,000,000.00 acquisition prices paid by each Petitioner $\times (1 + 15\% \times n/360)$ - RMB ¥10,000,000.00, n = the number of the days from the investment dates for each Petitioner – May 8, June 26 and June 28, 2017, respectively – to the date of payment), the amounts of which are as follows as of October 5, 2022:

   i. To Petitioner Chuangtai Rongyuan: $126,739,038.79 (representing RMB ¥901,875,000.00 converted into U.S. dollars at the 7.1160 exchange rate);

   ii. To Petitioner Huihengying: $125,304,478.17 (representing RMB ¥891,666,666.67 converted into U.S. dollars at the 7.1160 exchange rate); and

   iii. To Petitioner Huirongsheng: $125,245,924.68 (representing RMB ¥891,250,000.00 converted into U.S. dollars at the 7.1160 exchange rate).

b. $21,079,258.01 (representing RMB ¥150,000,000 converted into U.S. dollars at the 7.1160 exchange rate) in damages to each of the Petitioners for delayed payment of the equity acquisition prices;

c. The return of security deposits to each of the Petitioners (in the amounts of RMB ¥1,000,000.00, RMB ¥2,041,666.67, and RMB ¥2,104,166.67, respectively), plus 9% interest until such security deposits are paid in full (calculated from the payment dates – May 9, June 28, and July 1, 2017, respectively). As of October 5, 2022, the amounts of security deposits, plus ongoing interest of 9% per annum, are as follows:

   i. To Petitioner Chuangtai Rongyuan: $209,949.41 (representing RMB ¥1,494,000.00 converted into U.S. dollars at the 7.1160 exchange rate);

   ii. To Petitioner Huihengying: $425,060.31 (representing RMB ¥3,024,729.17 converted into U.S. dollars at the 7.1160 exchange rate); and

   iii. To Petitioner Huirongsheng: $437,850.59 (representing RMB ¥3,115,744.80 converted into U.S. dollars at the 7.1160 exchange rate).

d. Reimbursement of expenses Petitioners incurred in the arbitration proceeding, in the amount of:

   i. To Petitioner Chuangtai Rongyuan: $43,797.92 (representing RMB ¥311,666 converted into U.S. dollars at the 7.1160 exchange rate);

      ii. To Petitioner Huihengying: $43,095.42 (representing RMB ¥306,667 converted into U.S. dollars at the 7.1160 exchange rate); and

      iii. To Petitioner Huirongsheng: $43,095.42 (representing RMB ¥306,667 converted into U.S. dollars at the 7.1160 exchange rate).

  e. Reimbursement of the arbitration fees paid to the Arbitration Commission, in the amount of $1,729,798.74 (representing RMB ¥12,309,247.80 converted into U.S. dollars at the 7.1160 exchange rate), split equally among the Petitioners.

2. For specific performance, ordering Qin to transfer the 5% of equity in Chengdu Run Yun held by Qin and Shenzhen SMI Shengdian Cultural and Media Group Co., Ltd. to the Petitioners, to be evenly distributed among the Petitioners.

This judgment shall accrue post-judgment interest as mandated in 28 U.S.C. § 1961.

Dated: October 11, 2022
      New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United Stated District Judge