

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Andrew C. Smith
tel: 212.858.1743
andrew.smith@pillsburylaw.com

August 24, 2023

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007



Re: *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin*, Case No. 21 Civ. 9221 (KPF) – **Petitioners' Request for Leave to File Document with Redactions**

Dear Judge Failla:

We write on behalf of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") to request leave to file certain documents with redactions and certain documents under seal, pursuant to the parties' Stipulated Protective Order dated January 3, 2023, Dkt. 92.

Pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases Petitioners respectfully request leave to file with redactions their Reply Memorandum of Law in Support of their Third Motion to Compel (Re: Orders of April 18, 2023 and August 17, 2023) for Order to Show Cause and Renewed Motion for Contempt against Respondent Hui Qin ("Reply Memorandum") filed contemporaneously herewith.[1]

Pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document with redactions must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing

---

[1] Petitioners seek to file the unredacted Reply Memorandum under seal to be accessed by Your Honor and Respondent Hui Qin ("Qin").

www.pillsburylaw.com

The Honorable Katherine Polk Failla
August 24, 2023
Page 2 of 2

comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, portions of the Reply Memorandum contain direct quotations from Qin's deposition, which was designated confidential and contains statements regarding Qin's bank information. The parties' interest in protecting confidential information, specifically sensitive financial information, overcomes the presumption of access. Indeed, Your Honor has previously granted Petitioners' request to file under seal certain exhibits to protect certain sensitive personal information, which was clearly visible. *See* Dkts. 112, 177.

Because the Reply Memorandum contains confidential information of the kind that is deserving of protection and restricting public access, Petitioners respectfully request that the Court grant their request to file the Reply Memorandum with redactions.

Respectfully submitted,

*/s/ Andrew C. Smith*
Andrew C. Smith

cc:   All counsel of record (via ECF)

```
Application GRANTED.

The Clerk of Court is further directed to terminate the motion
at docket entry 235.


Dated:    August 24, 2023            SO ORDERED.
          New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```