UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUZHOU CHUANGTAI RONGYUAN
INVESTMENT MANAGEMENT
PARTNERSHIP, *et al.*,

                Petitioners,

        -v.-

HUI QIN,

                Respondent.

21 Civ. 9221 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:[1]

    As Petitioners detail in their Third Motion to Compel (re: Orders of April 18, 2023 and August 17, 2023) for Order to Show Cause and Renewed Motion for Contempt Against Respondent Hui Qin (Dkt. #220), Respondent has violated each and every one of this Court's discovery orders, beginning with the Court's November 1, 2022 Order (Dkt. #64) and including two Orders issued in response to Petitioners' Motions to Compel dated February 14, 2023 (Dkt. #104), and June 21, 2023 (Dkt. #172). (*See* Pet. Br. 2-3). Further, there is strong evidence that Respondent's noncompliance has been willful and that he has engaged in the spoliation of evidence. (*See id.* at 16-18).

---

[1] The Court draws facts from the parties' submissions in connection with the instant motion. The Court refers to Petitioners' brief in support of the motion as "Pet. Br." (Dkt. #223); to Respondent's brief in opposition to the motion as "Resp. Br." (Dkt. #231); and to Petitioners' reply brief in support of the motion as "Pet. Reply Br." (Dkt. #240).

The Court also draws from various declarations submitted by the parties, which declarations are cited using the convention "[Name] Decl." or "[Name] Reply Decl.", as well as the Respondent's Letter to the Court re Qin's Phone and Petitioners' Proposed Order, which is referred to as "Resp. Letter" (Dkt. #219).

Most recently, during the August 17, 2023 oral argument on Petitioners' Renewed Motion to Compel (Dkt. #172) — in what first appeared to be a showing of good faith — Respondent "voluntarily surrendered" his mobile phones to Petitioners' forensic specialist, Tino Kyprianou, for imaging, as ordered by the Court. (Resp. Letter 3). Yet Respondent continues to defy the Court's oral order of that date (the "August 17, 2023 Order") by refusing to provide all passwords requested by Mr. Kyprianou for the purposes of collecting data from his phones. (Kyprianou Decl. ¶ 26; Kyprianou Reply Decl. ¶¶ 1-8).

To wit, Respondent has "repeatedly screamed" at Petitioners' counsel and Mr. Kyprianou in response to their requests for the passwords and — quite implausibly — has proclaimed that he does not know the passwords. (Pet. Br. 5; Resp. Br. 12). While the Court's August 17, 2023 Order provided Respondent with the perfect opportunity to at last demonstrate his good faith by timely complying with the Court's directives, his recent conduct has instead underscored the need for this Court to act.

Accepting Petitioners' recitation of the events following the Court's August 17, 2023 hearing, this Court finds Respondent Hui Qin to be in civil contempt of the Court's August 17, 2023 Order. "Civil contempt may be imposed for failure to comply with a court order if '(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.'" *United States Sec. & Exch. Comm'n* v. *Gottlieb*, No. 21-2516, 2023 WL 193628, at *1 (2d Cir. Jan. 17, 2023) (summary order)

(quoting *CBS Broad. Inc.* v. *FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016)). The instant case meets this standard: *First*, the Court clearly instructed Respondent to provide "all necessary passwords" requested by Petitioners' forensic specialist — "to giv[e] [Mr. Kyprianou] the information that he needs" to collect data from the phones — explicitly naming "iCloud passwords" as among such passwords. (Pet. Reply Br. 1-2). *Second*, all parties acknowledge that Respondent has not yet provided the passwords requested by Mr. Kyprianou. (Pet. Br. 3-11; Resp. Br. 7-9; Pet. Reply Br. 2). *Third*, Respondent has made minimal effort to comply with the Court's order, let alone a diligent one. (Pet. Reply Br. 4-6).

Further, while the Court recognizes the severity of imposing detention as a civil-contempt sanction — even as it acknowledges Respondent's statement that he would "rather be detained" than provide Petitioners with the information on his phones (Wang Decl. ¶ 8) — the Court is faced with the reality that all lesser sanctions imposed by the Court up to this point have been insufficient to coerce Respondent's compliance. *See Close-Up Int'l, Inc.* v. *Berov*, 474 F. App'x 790, 795 (2d Cir. 2012) (summary order) ("It is a widely-held and long standing principle that detention as a means of coercing compliance with the court's order [is] an option well within the district court's inherent authority.").

Accordingly, it is hereby ORDERED that Respondent Hui Qin, having been found in civil contempt by this Court, is sanctioned to arrest and confinement if he does not produce working passwords to Mr. Kyprianou

corresponding to all of the accounts for which Mr. Kyprianou has requested passwords,[2] pursuant to the Court's August 17, 2023 Order on or before **August 28, 2023**. Respondent may either (i) collect the passwords from his own files or from his acquaintances and provide those passwords or (ii) reset the existing passwords and provide the new passwords, so long as working passwords are produced. As is evident from this discussion, Respondent may at any time evade or terminate his detention by complying with the Court's order. *Armstrong* v. *Guccione*, 470 F.3d 89, 92 (2d Cir. 2006) ("[A] civil contemnor who is incarcerated to compel compliance with a court order holds the key to his prison cell: Where defiance leads to the contemnor's incarceration, compliance is his salvation.").

Although this Court finds Respondent to be in civil contempt and now reaffirms its August 17, 2023 Order requiring Respondent to produce his passwords, this Court takes seriously Respondent's concerns regarding the protection of any privileged information on Respondent's phones. As such, consistent with Respondent's request, it is hereby ORDERED that any data gathered by Mr. Kyprianou from Respondent's phones shall not be searched or accessed by Petitioners until an appropriate search protocol is implemented to limit any production to relevant, non-privileged information. (Reply Br. 13). It is further ORDERED that the parties shall jointly file a Stipulation Regarding Electronically Stored Information (ESI) on or before **September 1, 2023**.

---

[2] Specifically, Respondent must at a minimum produce passwords to the following accounts: sinuosiminghan@gmail.com and qinhui198@icloud.com. (Kyprianou Decl. ¶ 26; Kyprianou Reply Decl. ¶¶ 3, 7-8).

If Respondent has not fully complied with the Court's August 17, 2023 Order regarding the provision of passwords on or before **August 28, 2023**, Respondent shall surrender his person to the custody of the U.S. Marshals Service at the below address that same day:

> U.S. Marshals Service for the Southern District of New York
> Metropolitan Detention Center - Brooklyn
> 80 29th Street
> Brooklyn, NY 11232

On the date of Respondent's surrender, he is to arrive at the above address before 2:00 p.m. and is to inform the security checkpoint officials of his self-surrender. If Respondent does not self-surrender on or before **August 28, 2023**, the U.S. Marshals Service shall use reasonable force necessary to apprehend Respondent, including forcible entry of any residence or domicile believed to be associated with Respondent.

The Clerk of Court is directed to terminate the pending motion at docket entry 220.

SO ORDERED.

Dated:  August 24, 2023
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge