afn law

Seattle - New York
www.afnlegal.com

Complex Disputes

August 24, 2023

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

**VIA ECF**

  **Re: Response to Petitioners' Letter to Request Pre-Motion Conference for Motion to Compel Third-Party Discovery -** *Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Qin* **- 1:21-cv-09221-KPF.**

Dear Judge Failla:

  Pursuant to Rule 3(C) of Your Honor's Individual Rules, we write on behalf of non-party Emma Duo Liu ("Ms. Liu") to respond to Petitioners' pre-motion letter dated August 21, 2023.

### 1. Ms. Liu's Intent to Invoke The Fifth Amendment.

  Petitioners acknowledge that Ms. Liu has made clear her intention to invoke her Fifth Amendment privilege. This was communicated in writing, by undersigned to Petitioners' counsel, on July 19, 2023 and August 15, 2023.

  It is well-established that the Fifth Amendment privilege against self-incrimination may be invoked in a civil proceeding. *Pillsbury Co. v. Conboy*, 459 U.S. 248, 263-64 (1983); *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). The "act of production" doctrine extends the privilege to documents and other physical materials, including where the very act of production (which reveals possession) would be self-incriminating. *In re Grand Jury Subpoenas Duces Tecum*, 722 F.2d 981, 987 (2d Cir. 1983). Ms. Liu informed Petitioners on July 19 of her intent to invoke the act of production doctrine. Her invocation is based on the matters set forth in her prior *ex parte* letters to the Court.

  "To the extent that only a portion of the [sought after] documents might have a self incriminating effect, the District Court may utilize appropriate procedures to determine which documents are and which are not subject to the privilege." *Id.* Ms. Liu appreciates the Court's guidance on her obligations given the background facts it possesses. She further notes that she has not objected to Petitioners CPLR 5222 information subpoenas, through which Petitioners can obtain much of the materials sought in a manner that is "more convenient, less burdensome, or less expensive." *Gupta v. New Silk Route Advisors, L.P.,* 19-cv-9284 (PKC), at *6 (S.D.N.Y. May 5, 2021).

### 2. Petitioners' Other Allegations in Their Counsel's Letter of August 21, 2023.

Ms. Liu briefly addresses some of the factual inaccuracies Petitioners rely on to blur the lines between her and her ex-husband, respondent Hui Qin.

Most notably, Petitioners make much of East West Bank's freeze of Ms. Liu's bank account in response to a CPLR 5222 Information Subpoena and Restraining Notice they sent to the bank. Petitioners speculate that East West bank froze it because it contained Qin's funds, going so far as to call it "Qin's frozen bank account."

In reality, East West Bank did not determine on its own initiative that Qin had an interest in Ms. Liu's account, but simply froze it because Petitioner's broadly worded Information Subpoena and Restraining Notice (which Petitioners notably did not exhibit), repeatedly named her as an "affiliate" of Qin. After Petitioners' counsel confirmed that the Restraining Notice was intended to solely to freeze *Qin's* assets, East West Bank unfroze Ms. Liu's account on August 16, 2023.

In short, Ms. Liu is not "running interference to protect Qin." ECF No. 218, at 3. She has since been able to purchase a plane ticket and is now back in the U.S. She will appear as scheduled for her deposition.

Respectfully Submitted,

Dated: August 24, 2023

**AFN LAW PLLC**

By: _____

Angus F. Ni
506 2nd Avenue, Suite 1400
Seattle, WA, 98104
(646) 543-7294
angus@afnlegal.com

*Attorneys for Non-Party Emma Duo Liu*

cc: all Counsel of Record