

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Andrew C. Smith
tel: 212.858.1743
andrew.smith@pillsburylaw.com

September 1, 2023

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

>  Re: *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin*, Case No. 21 Civ. 9221 (KPF) – **Response to Respondent's August 21, 2023 Letter**

Dear Judge Failla:

We represent Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners"). We respectfully submit this letter in brief response to Respondent Hui Qin's August 21, 2023 letter ("8/21 Letter") (Dkt. 219).

Much of Qin's seven-page, single-space 8/21 Letter is nothing more than an unauthorized sur-reply containing improper additional briefing on Petitioners' fully submitted June 21, 2023 Renewed Motion to Compel, For Sanctions, and for an Order of Civil Contempt ("Renewed Motion for Contempt") (Dkt. 172-176), and should be rejected. "Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.'" *Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB) (KNF) 2008 WL 745686 at *1 n.1 (S.D.N.Y. Mar. 12, 2008). Qin's baseless arguments regarding Petitioners' purported "unlawful confiscation" of Qin's phones (8/21 Letter at 2-4) have been rendered moot by Petitioners' subsequent motion (Dkt. 220) and the Court's August 24, 2023 Order on that motion. (Dkt. 243). As this Court held, the threat of incarceration was required to ensure Qin's compliance with that order, as "all lesser sanctions imposed by the Court up to this point have been insufficient to coerce Respondent's compliance." *Id*. at 3.

Qin's new arguments about his supposed "fear of China" (8/21 Letter at 3-4) should likewise be rejected. At the August 17 hearing, this Court criticized Qin's new, unsubstantiated "CCP" allegations: "[I]t is distressing to get new arguments . . . that I have never heard in two years of having the case." 8/17 Hr'g Tr. at 40:8-17. Qin's purported "facts" cited in support this argument

The Honorable Katherine Polk Failla
September 1, 2023
Page 2 of 3

were merely Qin's own self-serving statements.[1] Qin's additional new "facts" are negative news reports about *other* Chinese entities (none of them Petitioners). *See* 8/21 Letter at 4. Qin seeks to sully Petitioners by association based on their nationality, smearing them simply because they are based in China, not because they are owned by the Chinese government (which they are not).

Qin's arguments regarding Petitioners' proposed order and the demonstrative exhibit submitted at the August 17 hearing (8/21 Letter at 4-7) should likewise be rejected. A proposed order is not new argument or new evidence. This Court has broad discretion to fashion relief in response to Qin's repeated violations. While Qin complains about the addresses Petitioners list as potential sources of information withheld by Qin (*id.* at 5), Qin's own counsel (the authors of the 8/21 Letter) identified these addresses as Qin's addresses in their June 30, 2023 responses to a subpoena served directly on Seiden Law – including the "East 84th Street property," which Seiden Law listed as Qin's "current address." *See* Dkt. 225-2, Response No. 13.[2] The East 84th Street address is also where Qin stated he received his American Express statements in his April 21, 2023 verified interrogatory responses. *See* Dkt. 176-1, Response No. 3. As indicated on Petitioners' demonstrative exhibit, Qin still has not produced any of these American Express statements, among the other outstanding documents either destroyed or withheld. This demonstrative exhibit, a factual chart of the document categories in the April 18 Order and Qin's productions (if any) for each category, is neither new argument nor new evidence. This Court reviewed *every category* in the demonstrative exhibit with Qin's counsel, who agreed that the chart accurately reflected the status of Qin's noncompliance. *See* 8/17 Hr'g Tr. at 61:4-72:12.

Most significantly, Qin's report on his purported "compliance" with this Court's Orders (8/21 Letter at 1-2) raises more questions than answers. Qin's belated Cathay Bank record production (December 2022 to July 2023) contradicts Qin's statements at the August 17 hearing. Qin stated that he received $4,000 per month plus a recent "buy out" termination payment from St. Tome LLC. *See* 8/17 Hr'g Tr. at 34:1-35:18. But the bank statements show *no deposits* from St. Tome LLC since 2022. *See* Ex. B. Only two withdrawals occurred: one tax payment and one payment to an accountant. Qin cannot live his lavish lifestyle, or any lifestyle, without drawing on his (supposed) only source of funds, which Qin's counsel represented at the August 17 hearing was "all of the cash to which he has access in the whole world." *Id.* 35:13-14. This Court found it "just incredible" that Qin "is living on the kindness of strangers, or the kindness of friends," and "just so difficult to believe." *See id.* at 36:14-15; Dkt. 106-1 at 46:25-47:2 ("It defies belief that [Qin] can live the lifestyle he leads and have no money.") The withheld and recently produced Cathay

---

[1] As this Court held, Qin's self-serving statements are not truth simply because Qin swears to them. *See* 8/17 Hr'g Tr. at 40:2-7 (THE COURT: "The problem with what you're saying to me is, first of all, that you preface a lot of the facts by saying 'respondent has testified,' which doesn't necessarily mean that is the fact."). This Court found that Qin "has lied to me and he has lied at his deposition." *Id.* at 101:8-15.

[2] In their June 30, 2023 subpoena response, Seiden Law also stated that they did not have any documents "showing the amount that have been invoiced or otherwise charged for legal service rendered by Abell Eskew Landau to Qin." *See* Dkt. 225-2, Response No. 10. Yesterday Petitioners received documents from the Abell Eskew firm in response to a subpoena showing that Abell Eskew invoiced Seiden Law directly for their legal services to Qin and Seiden Law paid Abell Eskew directly. *See* Ex. A. These documents were not produced by Seiden Law and raise further questions about the source of funds paying for Qin's legal services, since the Abell Eskew invoices were paid by Seiden without any visibility into where the funds originally came from. Petitioners will be following up with Seiden Law on this issue and, as necessary, with the Court.

The Honorable Katherine Polk Failla
September 1, 2023
Page 3 of 3

Bank records show Qin lied during the August 17 hearing and confirms this Court's conclusion that Qin's counsel's claim this is the only cash he can access "in the whole world" is unbelievable.

Qin's 2022 tax return contradicts the payments in Qin's Cathay Bank records and the false claim by his counsel (to this Court) that Qin filed this return one week before the hearing. *See* 8/17 Hr'g Tr. at 51:23-52:1. The return is dated July 31, 2023. Qin's 2022 tax return shows that he received $70,000 income from St. Tome LLC in 2022 (but this money was not deposited into Qin's sole declared bank account). In his 2022 tax return, Qin listed a different address from that listed in Qin's 2021 amended tax return (filed in January). The new address, 377 Rector Place, is the very address where Petitioners initially tried to serve Qin in November 2021 by FedEx Overnight, in accordance with this Court's November 9, 2021 order. Dkt. 11. That package was signed for and sent back by an undisclosed individual. *See* Dkt. 14. But as recently as June 30, 2023, Qin's counsel told Petitioners this was a "past" address. *See* Dkt. 225-2, Response No. 13. According to public records, 377 Rector Place is owned by HFRE LLC, which is managed by Xueyuan Han, who is the managing member of Qynm Family Holding LLC, which re-mortgaged the 39 Applegreen Drive mansion. *See* Exs. C (377 Rector Place Condominium Unit Assignment Agreement) & D (39 Applegreen Drive Mortgage). Qin's wife and mother-in-law are the counter-parties to the 39 Applegreen Drive Mortgage. *See* Ex. D. Furthermore, Qin stated in his April 21, 2023 verified responses to interrogatories that he "has no personal knowledge of any directors or officers at HFRE LLC." Dkt. 176-1, Response No. 9. Apart from Qin's minimal production confirming he is hiding information, the 377 Rector Place address – which Qin has now represented to the federal government is his current residence – should be added to the list of addresses in the proposed order.

Finally, Qin produced a June 27, 2023 engagement letter with a Hong Kong lawyer to assist him with getting his Standard Chartered bank records. Qin did not disclose this relevant fact during the August 17 hearing, when the Court directly questioned Qin's counsel about Qin's efforts to obtain his Hong Kong bank records. *See* 8/17 Hr'g Tr. at 53:19-54:6. Nor has Qin or his counsel provided Petitioners with any information regarding whether this Hong Kong lawyer has been able to procure Qin's bank records.

                                                                Respectfully submitted,

                                                                */s/ Andrew C. Smith*
                                                                Andrew C. Smith

cc:     All counsel of record (via ECF)