# EXHIBIT D

## MORTGAGE AGREEMENT

THIS MORTGAGE AGREEMENT (as amended, restated, supplemented or otherwise modified, from time to time, hereinafter referred to as the "Mortgage") made as of 12/29 2020, by Duo Liu and Xuemin Liu, each having an address at 39 Applegreen Drive, Old Westbury, NY 11568 (together, hereinafter, "Mortgagor") in favor of QYNM FAMILY HOLDING, LLC, having an address at 377 Rector Place, Unit PH-B, New York, NY 10280 (together with its successors and assigns, hereinafter the "Mortgagee").

### WITNESSETH:

WHEREAS, this Mortgage is given to secure a loan in the principal sum of $8,000,000 ("Debt") pursuant to that certain promissory note between Mortgagor, as Borrower and Mortgagee, as Noteholder (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "Note"). Capitalized terms used herein without definition shall have the meanings ascribed to such terms in the Note;

WHEREAS, Each of Mortgagor is the owner of the real property described located at 39 Applegreen Dr, Old Westbury, NY, 11568 (hereinafter, collectively, the "Mortgaged Property");

NOW, THEREFORE, to secure to Mortgagee (a) repayment of the Debt, (b) payment of all other sums advanced in accordance with the terms of the Note together with interest thereon, and (c) performance of the agreements of Mortgagor contained herein, it is agreed as follows:

The Mortgagor does hereby mortgage, grant, convey and assign unto Mortgagee all of the right, title, interest and estate of Mortgagors, now owned, or hereafter acquired, in and to the following property:

(i) the Mortgaged Property;

(ii) all proceeds of and any unearned premiums on any insurance policies covering the Mortgaged Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Mortgaged Property; and

(iii) all proceeds from sale, exchange, transfer, collection, loss, damage, disposition, substitution, or replacement of any of the Mortgaged Property.

Mortgagor represents and warrants to and covenants and agrees with Mortgagee as follows:

### SECTION 1. Payment of Debt and Incorporation of Covenants.

Mortgagor will pay the Debt at the time and in the manner provided in the Note, and this Mortgage. This Mortgage is given pursuant to the Note, and payment, fulfillment, and performance by Mortgagor of its obligations thereunder, and each and every term and provision of the Note, including the rights, remedies, obligations, covenants, conditions, agreements, indemnities, representations and warranties of the parties therein, are hereby incorporated by reference herein as though set forth in full and shall be considered a part of this Mortgage to the

*Handwritten margin notes: S: 19  B: A  L: 559A  559B*

same extent and with the same force as if fully set forth herein. In the event of any inconsistency between the provisions of this Mortgage and the provisions of the Note, the provisions of the Note shall control.

SECTION 2.   **Application of Payments.**

Unless applicable law provides otherwise, all payments received by Mortgagee from Mortgagor under the Note or this Mortgage shall be applied by Mortgagee in accordance with the terms of the Note.

SECTION 3.   **Warranty of Title.**

Mortgagor warrants that Mortgagor has good title to the Mortgaged Property and has the right to mortgage, give, grant, bargain, sell, alienate, convey, confirm, pledge, assign and hypothecate the same and that Mortgagor possesses an unencumbered fee estate in the Premises and that it owns the Mortgaged Property free and clear of all liens, encumbrances and charges whatsoever except for those exceptions shown in the title insurance policy insuring the lien of this Mortgage. Mortgagor shall forever warrant, defend and preserve such title and the validity and priority of the lien of this Mortgage and shall forever warrant and defend the same to Mortgagee against the claims of all persons whomsoever.

SECTION 4.   **Documentary Stamps.**

If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note, or this Mortgage, or impose any other tax or charge on the same, Mortgagor will pay for the same, with interest and penalties thereon, if any.

SECTION 5.   **Usury Laws.**

This Mortgage and the Note are subject to the express condition that at no time shall Mortgagor be obligated or required to pay interest on the Debt at a rate which could subject the holder of the Note to either civil or criminal liability as a result of being in excess of the maximum interest rate which Mortgagor is permitted by applicable law to contract or agree to pay. If by the terms of either this Mortgage or the Note, Mortgagor is at any time required or obligated to pay interest on the Debt at a rate in excess of such maximum rate, the rate of interest under the same shall be deemed to be immediately reduced to such maximum rate and the interest payable shall be computed at such maximum rate and all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of the principal balance of the Note.

SECTION 6.   **Recording of This Mortgage, etc.**

Mortgagor forthwith upon the execution and delivery of this Mortgage and thereafter, from time to time, will cause this Mortgage registered or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect the lien or security interest hereof upon, and the interest of Mortgagee in, the Mortgaged Property.

SECTION 7.     **Remedies of Mortgagee.**

Upon the occurrence of any Event of Default and during its continuance, Mortgagee shall have the right to exercise any and all rights and remedies available hereunder and at law and in equity, including, without limitation (i) the right, when authorized by law, to sell the Mortgaged Property by the exercise of the power of sale hereby granted to Mortgagee and to foreclose the Mortgage by a non-judicial proceeding in the manner pursuant to the New York laws, as the same may be amended and be in effect upon the occurrence of an Event of Default and/or (ii) declare the entire unpaid Debt to be immediately due and payable, and may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Mortgagor and in and to the Mortgaged Property by Mortgagee itself or otherwise, including, without limitation, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine without impairing or otherwise affecting the other rights and remedies of Mortgagee:

(i)     declare the entire Debt to be immediately due and payable;

(ii)    institute a proceeding or proceedings, judicial or nonjudicial, by advertisement or otherwise, for the complete foreclosure of this Mortgage in which case the Mortgaged Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner; notwithstanding the foregoing, upon default of the Mortgage or the Note, or other obligation secured thereby, to the extent permitted by applicable law, Mortgagee shall have the right to sell the Mortgage Property by power of sale hereby granted pursuant to any statute authorizing nonjudicial foreclosure.

(iii)   with or without entry, to the extent permitted and pursuant to the procedures provided by applicable law, institute proceedings for the partial foreclosure of this Mortgage for the portion of the Debt then due and payable, subject to the continuing lien of this Mortgage for the balance of the Debt not then due;

(iv)    sell for cash or upon credit the Mortgaged Property or any part thereof and all estate, claim, demand, right, title and interest of Mortgagor therein and rights of redemption thereof, pursuant to the power of sale or otherwise, at one or more sales, as an entirety or in parcels, at such time and place, upon such terms and after such notice thereof as may be required or permitted by law;

(v) institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein, or in any of the Note;

(vi) recover judgment on the Note either before, during or after any proceedings for the enforcement of this Mortgage;

(vii) apply for the appointment of a trustee, receiver, liquidator or conservator of the Mortgaged Property; or

(viii) pursue such other rights and remedies as may be available at law or in equity.

In the event of a sale, by foreclosure or otherwise, of less than all of the Mortgaged Property, this Mortgage shall continue as a lien on the remaining portion of the Mortgaged Property.

(b) Upon any sale made under or by virtue of this Section 7, whether made under a power of sale or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, if consented by the Mortgagor Mortgagee may bid for and acquire the Mortgaged Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the Debt the net sales price after deducting therefrom the expenses of the sale and costs of the action and any other sums which Mortgagee is authorized to deduct under this Mortgage and the Note.

(c) Mortgagee may terminate or rescind any proceeding or other action brought in connection with its exercise of the remedies provided in this Section 7 at any time before the conclusion thereof, as determined in Mortgagee's sole discretion and without prejudice to Mortgagee.

SECTION 8.   **Appointment of Receiver.**

Mortgagee, upon the occurrence of an Event of Default or in any action to foreclose the Mortgage or in any non-judicial foreclosure proceeding commenced pursuant to the New York laws or upon the actual or threatened waste to any part of the Mortgaged Property, shall be entitled to the appointment of a receiver without notice and without regard to the value of the Mortgaged Property as security for the Debt, or the solvency or insolvency of any person liable for the payment of the Debt.

SECTION 9.   **Actions and Proceedings.**

Mortgagee has the right, in accordance with the terms of the Note, to appear in and defend any action or proceeding brought with respect to the Mortgaged Property and to bring any action or proceeding, in the name and on behalf of Mortgagor, which Mortgagee, in its discretion, decides should be brought to protect its interest in the Mortgaged Property.

SECTION 10.  **Notices**

All notices or other written communications hereunder shall be delivered in accordance with Note.

SECTION 11.   **Authority.**

Mortgagor has full power, authority and legal right to execute this Mortgage, and to mortgage, give, grant, bargain, sell, alienate, convey, confirm, pledge, hypothecate and assign the Mortgaged Property pursuant to the terms hereof and to keep and observe all of the terms of this Mortgage on Mortgagor's part to be performed.

SECTION 12.   **Consent to Jurisdiction.**

FOR ANY CLAIM, ACTION, OR DISPUTE ARISING UNDER, OR TO INTERPRET OR APPLY, THIS MORTGAGE, THE NOTE, OR ANY OTHER LOAN DOCUMENTS, OR TO RESOLVE ANY DISPUTE ARISING UNDER THE FOREGOING OR THE RELATIONSHIP BETWEEN THE PARTIES, EACH OF MORTGAGOR AND MORTGAGEE IRREVOCABLY SUBMITS TO THE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK AND THE UNITED STATES DISTRICT COURT OF THE STATE OF NEW YORK, AND APPELLATE COURTS FROM ANY OF SUCH COURTS. EACH OF MORTGAGOR AND MORTGAGEE IRREVOCABLY WAIVES ANY OBJECTION THAT IT MAY HAVE AT ANY TIME TO VENUE OF ANY SUCH SUIT, ACTION, OR PROCEEDING BROUGHT IN ANY SUCH COURT, INCLUDING ANY CLAIM THAT ANY SUCH SUIT, ACTION, OR PROCEEDING SO BROUGHT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

SECTION 13.   **Successors and Assigns.**

This Mortgage shall be binding upon, and shall inure to the benefit of, Mortgagor and Mortgagee and their respective successors and permitted assigns.

Mortgagor and Mortgagee shall not have the right to assign, delegate or transfer their rights or obligations under this Mortgage without the prior written consent of the other party, and any attempted assignment, delegation or transfer without such consent shall be null and void.

SECTION 14.   **No Oral Change.**

This Mortgage, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Mortgagor or Mortgagee, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

SECTION 15.   **Liability.**

This Mortgage shall be binding upon and inure to the benefit of Mortgagor and Mortgagee and their respective successors and assigns forever.

SECTION 16.   **Inapplicable Provisions.**

If any term, covenant or condition of the Note or this Mortgage is held to be invalid, illegal or unenforceable in any respect, the Note and this Mortgage shall be construed without such provision.

SECTION 17.    **Headings, etc.**

The headings and captions of various Sections of this Mortgage are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

SECTION 18.    **Duplicate Originals.**

This Mortgage may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be an original.

SECTION 19.    **Entire Agreement.**

The Note, this Mortgage, and the other loan documents constitute the entire understanding and agreement between Mortgagor and Mortgagee with respect to the transactions arising in connection with the Debt and supersede all prior written or oral understandings and agreements between Mortgagor and Mortgagee with respect thereto.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, the parties have executed this Mortgage the day and year first above written.

MORTGAGOR

Duo Liu

_____

Xuemin Liu

_____

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Queens  )

On the 29th day of December in the year 2020 before me, the undersigned, personally appeared Duo Liu , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____ Notary Public

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Queens  )

On the 29th day of December in the year 2020 before me, the undersigned, personally appeared Xuemin Liu , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____ Notary Public

MORTGAGEE

QYNM FAMILY HOLDING, LLC

By: _____
Name: Xueyuan Han
Title Managing member

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Queens  )

On the 29th day of December in the year 2020 before me, the undersigned, personally appeared Xueyuan Han, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.



_____
Notary Public

## SCHEDULE A DESCRIPTION

ALL that certain plot, piece or parcel of land, situate, lying and being in the Incorporated Village of Old Westbury, as laid down as Lot 21 on the Map of "Round Hill at Old Westbury", filed August 7, 1996, as Case No. 9480, being also Tax Lot No. 559 in Section 19 Block A on the land and Tax Map of the County of Nassau and being bounded and described as follows:

BEGINNING at a point lying in the easterly line of the map of "Round Hill at Old Westbury", at its intersection with the division line between Lot 20 and Lot 21 on said map;

RUNNING THENCE from this point of beginning, South 07 degrees 35 minutes 23 seconds West, 200.43 feet;

THENCE South 22 degrees 22 minutes 23 seconds West, 338.48 feet along the easterly boundary of the map of "Round Hill at Old Westbury";

THENCE North 70 degrees 00 minutes 00 seconds West, 174.11 feet and;

THENCE South 61 degrees 00 minutes 00 seconds West, 310.58 feet to the northeasterly side of Applegreen Drive;

THENCE northwesterly along said northeasterly side of Applegreen Drive, along a curve bearing to the left having a radius of 250.00 feet for the arc length of 122.17 feet to a point of tangency;

THENCE North 57 degrees 00 minutes 00 seconds West, along said northeasterly side of 237.01 feet;

THENCE North 33 degrees 00 minutes 00 seconds East, 628.41 feet; and

THENCE South 75 degrees 00 minutes 00 seconds East, 548.23 feet to the easterly boundary of the map of "Round Hill at Old Westbury" and the point or place of BEGINNING.

Borrower's Statement Regarding the Property [Check box as applicable.]

☒ This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.

☐ This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐ This Security Instrument does not cover real property improved as described above.