# SEIDEN | LAW

September 2, 2023

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Huzhou Chuangtai Rongyuan Inv. Mgm't P'ship et al. v. Qin*, No. 1:21-cv-9221-KPF

Dear Judge Failla,

I write on behalf of Respondent Hui Qin ("Qin") to respond to Petitioners' September 1, 2023 letter (the "Letter").

*First*, to the extent that Petitioners complain that Respondent's August 21, 2023 letter constituted a sur-reply, we note that sur-replies are "permitted when an opposing party raises arguments for the first time in a reply." *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023). Petitioners requested materially different relief in a proposed order submitted at the oral argument, even though Local Rule 7.1(a)(1) requires the notice of motion to specify the relief sought. Qin should be entitled to respond as to the propriety of such relief before this Court awards it. Petitioners notably do not cite a single case in the Letter demonstrating that any of their belatedly sought relief is permissible or warranted other than once again invoking the Court's "broad discretion," which fails for the reasons stated in our August 21 letter. Moreover, Petitioners' proposed order requested an unprecedented (and likely unconstitutional) search of homes owned by non-parties, *not Qin*. In this respect, Petitioners conflate owning a home, residing at a home, staying at a home, and using a mailing address. Qin does not currently have a permanent residence nor does he own any property in New York. He stays temporarily at the properties of friends, acquaintances, or at the property of his ex-wife where his children live. He still has to have mail delivered to an address and to list an "address" on certain forms. His friend Cao Jing has allowed him to use his address on East 84th Street for these purposes, as has Xueyuan Han who allowed him to stay at the 377 Rector Place address in Battery Park City. He has also used his ex-wife's address on Long Island because "no address" is not an option when dealing with tax returns and bank statements. None of these properties are owned by Qin. Petitioners have no authority for their request that the Court order searches and seizures of non-party homes in a civil proceeding.

*Second*, Petitioners sidestep their unlawful confiscation of Qin's phones, describing the issue as "moot" in reliance on the Court's August 24, 2023 order, which ordered Qin imprisoned if he did not provide passwords that (according to Petitioners' third contempt motion of August 21, *see* ECF 243) were required to complete the imaging of Qin's phones. Petitioners falsely

# SEIDEN | LAW

represented to the Court that additional passwords were needed to image the phones. Petitioners' own forensic expert admitted on August 29, 2023, *on videotape*, that he had successfully imaged both of Qin's phones in their entirety without a single one of the passwords that were the subject of that motion. Their expert further, *on videotape*, attempted to use those passwords to download Gmail inboxes and Google drive data from the internet, and not from the phones, which Petitioners never requested authority to do and this Court never granted. Accordingly, Qin will be moving to vacate the August 24, 2023 contempt finding as it was based on false statements by Petitioners that the requested passwords were needed to image the phones and that Qin had "blocked" the imaging. Petitioners had no lawful right to retain the phones, and were acting in bad faith by asking this Court to imprison Qin for not providing within three days passwords he did not have, experienced difficulty obtaining without return of his phones, and which *were not* needed to image the phones.

*Third*, Petitioners again do not rebut the substantial evidence that they have links to the CCP. Contrary to Petitioners' contentions, there was no reason for Qin to raise these CCP links two years ago, because they are not a defense under the New York Convention to confirming an arbitration award. Petitioners' claim that articles about Chinese police visiting the homes of Zhongzhi investors are not relevant because Zhongzhi is a different entity ignores that Zhongzhi is (1) the parent company of all Petitioners (*see* ECF 190 at ¶¶62-69 and ECF 190-1 Petitioners' Organizational Chart), and (2) also <u>represented</u> by Petitioners' counsel in other matters.

*Fourth*, there is no merit to Petitioners' attempts to smear Qin with new allegations related to his 2022 tax returns. Qin told his counsel during a meeting on August 17 that he had filed his tax return a week before the hearing. Counsel did not receive and view the tax return until August 21, 2023 when it was produced. The date on the return is July 31, 2023, two weeks before the hearing, not one. Counsel regrets being off by one week and hereby corrects the record. Petitioners' contention that Qin "received $70,000" in income from St. Tome LLC in 2022, but that "this money was not deposited into Qin's sole declared bank account" (Letter at 3) distorts the facts. As Qin testified at the August 17 hearing, St. Tome deducted Qin's overuse of the company's credit card from Qin's earnings. *See* Aug. 17 Tr. at 34:1-19, 65:25-66:16. The final *after tax* payment and all other payments from St. Tome are all reflected in Qin's 2022 bank statements, totaling about $37,000 of the $72,000 he *earned*. *See, e.g.*, ECF 108-10 at 37, 42, 47, 59, 63, 66, 74, and ECF 258 at 2. If Petitioners had bothered to read the tax returns, they would have accounted for the money that St. Tome withheld for federal and state income taxes. They also did not account for FICA and Medicare taxes, which under prevailing rates constitutes another 6.75% reduction. The remainder, as Qin testified, was retained by St. Tome to cover credit card expenses. *See* Aug. 17 Tr. At 34:20-35:2; ECF 108-10 at 115:23-116:13; and ECF 176-9 at 329:4-12; 330:21-331:3.[1]

---

[1] With regard to HFRE LLC, Qin is not familiar with that entity, which appeared on a list of entities Petitioners sent to him. Qin has not denied knowing Xueyuan Han. He has listed Mr. Han's Battery Park address as one he has stayed at and provided his contact information to Petitioners and identified a company he does know Mr. Han to be associated with. ECF 176-1 at 24. Qin was not aware that Mr. Han was a director of HFRE LLC and Petitioners have alleged no basis on which to assume that Qin does or would know the name of all LLCs created by Mr. Han.

# SEIDEN | LAW

*Finally*, with respect to Qin's engagement letter with Hong Kong counsel, we did not receive a copy of that letter until August 21, 2023.  To the extent Hong Kong counsel obtains any responses from Qin's Hong Kong banks concerning Qin's Hong Kong bank statements, we will produce them to Petitioners promptly.

Respectfully Submitted,

*/s/ Jennifer Blecher*
Jennifer Blecher

cc: All counsel of record (via ECF)