```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Huzhou Chuangtai Rongyuan Investment          :
Management Partnership, Huzhou Huihengying    :
Equity Investment Partnership, and Huzhou     :    1:21:cv-09221-KPF
Huirongsheng Equity Investment Partnership,   :
                                              :
                        Petitioners,          :
                                              :
        -v.-                                  :
                                              :
Hui Qin,                                      :
                                              :
                        Respondent.           :
                                              :
------------------------------------------------------------------x
```

## STIPULATION AND ORDER GOVERNING ELECTRONICALLY STORED INFORMATION ON RESPONDENT'S DEVICE DATA

The Parties in this action, Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") and Hui Qin ("Respondent", collectively the "Parties") make this stipulation to govern the preservation, collection, and production of electronically stored information ("ESI") from Respondent's mobile phone devices, the iCloud accounts karlqin5555@icloud.com and qinhui198@icloud.com, and the Gmail account karlqin5555@gmail.com, that was obtained by the Petitioners' forensic collection specialist[1] (the "Device Data"). The Parties can modify this stipulation anytime by written agreement or Court order. This does not prevent either party from seeking additional discovery or orders compelling production from the Court. This does not alter any previous order(s) of the Court.

**I.      DEFINITIONS**

A.    Rule 26.3 of the United States District Court for the Southern District of New York is incorporated herein, including the definitions of Document, Communication, and ESI.[2]

B.    The Stipulated Protective Order (ECF 92) is incorporated herein by reference.

---

[1] The Parties disagree regarding whether the qinhui198@iCloud.com account and the karlqin5555@gmail.com accounts were collected within the scope of the Court's August 17, 2023 order. Entry of this stipulation does not constitute an admission that such ESI relates to the phones or constitutes any admission as to the propriety of how it was obtained, and is without prejudice to Respondent's right to challenge the propriety of the collection of this ESI, or Petitioners' rights. Similarly, this stipulation does not address the use or collection of data from sinuosiminghan@gmail.com.

[2] Petitioners reserve the right to move to compel metadata such as the following geolocation data: application, directory or file location (such as directory); time; date; latitude; longitude; and (if more than once) frequency.

C. "Native Format" or "Native Data" means ESI as it was generated and/or as used when Device Data.

## II. BATES NUMBERING OF DOCUMENTS

For any files that the parties agree will be produced in native format, a place-holder TIFF image shall be produced for these records with a legend such as "This document produced in native file format only." These TIFF images should be endorsed with a sequential Bates number and the produced native file named to match the Bates Number of this placeholder image, plus any appropriate Confidentiality Designation in the file name, e.g., BATES000001 – CONFIDENTIAL.xls, with the same file extension as the original native. There shall be a corresponding path reference appearing in the NATIVELINK field of the load file for each native file produced. Native files will be provided in a folder called "NATIVES" on the production media. The parties shall ensure that this Bates Numbering format remains consistent, and is sequential.

## III. OTHER DISCOVERY OBLIGATIONS AND OBJECTIONS

Nothing in this stipulation or search terms applied limits a party's obligations under the Federal Rules of Civil Procedure and applicable decisional authority to otherwise search for and produce any requested non-privileged relevant evidence, or information that could lead to relevant evidence. This stipulation does not address or resolve any other objection to the scope of the parties' respective discovery requests.

## IV. ANALYSIS, SEARCH AND PRODUCTION PROTOCOL

Device Data Analysis: Petitioners' forensic collection specialist has Device Data and all such Device Data shall remain in the United States. Petitioners' specialist shall:

1. Identify user-generated Communications on the devices (text messages, instant messages, etc.).[3]

2. Analyze Device Data to identify encrypted files. Petitioners and Respondent shall be apprised of any such encrypted information and shall meet and confer regarding any further action to be taken with such files, if any.[4]

---

[3] Petitioners reserve the right to move to compel the following non-user generated device or Device Account (accounts accessed via the device(s), *i.e.*, iCloud) data: Serial number(s), IMEIs, IICIDs, Mac Addresses, MSISDNs, device settings, airdrop ID, configuration data files; cell tower history; device connectivity history; Bluetooth connection history; device events; usage logs, network data usage, interaction history; WiFi/wireless networks accessed; app/battery usage information, whether by app, data size, time, or battery usage; activity sensor data; information relating to the usage of communication apps (such as WeChat), iPhoneNetworkUsage, Journeys and UserAccounts that is not communication or geolocation data.

[4] Petitioners reserve their right to request permission from the Court to analyze Device Data to determine if any ESI was deleted, including but not limited to message deletion analysis, and details concerning such deleted information.

3. Analyze Device Data to identify all payment applications, money transfer applications, or other applications for transferring funds and their usage.  Petitioners and Respondent shall be apprised of any such information.

4. To assist the Parties in determining how to search photos, audio and video recordings, images, make a report of the following attributes of image, audio, and video files listed below.  Respondent reserves the right to request additional information if the attributes report is insufficient to determine the responsiveness of such files, and this stipulation does not obligate Respondent to search those files absent agreement or Court order.

    a. Filepath;
    b. Filename;
    c. Format;
    d. Size;
    e. Time; and
    f. Date.[5]

5. Provide all identified user-generated Communications on the devices to Respondent.

6. Provide all ESI associated with the "karlqin5555@gmail.com" and karlqin5555@icloud.com email accounts to Respondent.

7. Provide all ESI associated with Apple ID "qinhui198@iCloud.com" to Respondent.

A. <u>Search and Production Protocol</u>

1. Search terms agreed upon by the Parties shall be run across user-generated Communications, and any disputes about search terms shall be addressed to the Court after a meet and confer, and parties endeavor to confer within 3 business days of notice of a dispute over search terms.

2. Deleted ESI recovered by either party's consultant shall be preserved.  Within 3 business days of this stipulation or recovery (whichever is earliest), the recovered ESI shall be reported to the other party, including a description of the size, location, and any other characteristics of the deleted ESI, but the contents be disclosed only if required by Court order, discovery obligation, or agreement.[6]

3. Within 3 business days of this stipulation, the Parties shall use reasonable best efforts to meet and confer regarding proposed search terms and/or data parameters, regardless of language, in order to identify search terms reasonably calculated to generate hits on the following categories of documents and information:

---

[5] Petitioners reserve the right to compel associated geolocation data.

[6] Petitioners reserve the right to claim waiver or spoliation regarding deleted ESI, but this stipulation preserves both Parties' rights to challenge the status of recovered or deleted ESI.

   a. communications or other ESI to/from/cc/bcc or regarding specifically identified persons (human or entity) or assets;
   b. financial information including but not limited to trusts, financial institutions, banks, financial advisors, accounts, financial transactions, money transfers, asset transfers, or ownership records; and
   c. references to assets or asset protection havens, specifically including any of the locations here: https://www.tridenttrust.com/locations/.

4. Once the Parties have come to an agreement on search terms and/or data parameters, Respondent shall (i) run the agreed terms within 3 business days, (ii) provide Petitioners with a search "hit" report within 48 hours of running the search, and such report will include information regarding the number of hits, and the number of hits with families (if applicable), and (iii) perform a review for responsiveness and privilege. Within 20 days, Respondent shall:

   a. Produce all responsive, non-privileged ESI to Petitioners in accordance with Section II, above and the existing stipulated protective order. Any ESI produced under this Stipulation shall be marked "Attorneys' Eyes Only" unless otherwise agreed and shall remain within the United States.

5. Within 20 days of making any document production, Respondent shall:

   a. Provide a privilege log of all responsive, privileged data withheld from production. This log shall include: (wherever applicable) sender, recipients (including BCC), subject line, date, time, size, file path, a generalized explanation of the basis of privilege and general non-privileged subject matter description. Documents created on or after the date Petitioners filed this action (November 8, 2021) do not need to be logged.

6. The Parties shall have a duty to confer regarding any issues related to the implementation of this ESI Stipulation (including, without limitation, any disputes related to search terms and productions) before seeking Court relief, but the Parties may seek assistance from the Court if they are at an impasse.

PILLSBURY WINTHROP
SHAW PITTMAN LLP

By: /s Hugh M. Ray, III

Hugh M. Ray, III
Andrew C. Smith
Geoffrey Sant
Carol Lee
31 West 52nd Street
New York, New York 10019
Tel: (212) 858-1000

SEIDEN LAW LLP

By:/s Amiad Kushner

Amiad Kushner
Jennifer Blecher
Xintong Zhang
322 Eighth Ave, Suite 1200
New York, NY 10001
646-766-1914
akushner@seidenlaw.com
jblecher@seidenlaw.com

4

| | |
|---|---|
| Fax: (212) 858-1500<br>andrew.smith@pillsburylaw.com<br>geoffrey.sant@pillsburylaw.com<br>carol.lee@pillsburylaw.com<br><br>*Attorneys for Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership* | xzhang@seidenlaw.com<br><br>AIDALA, BERTUNA & KAMINS, P.C.<br><br>By: /s/ Imran H. Ansari<br>     Imran H. Ansari, Esq.<br>     546 Fifth Avenue, 6th Fl.<br>     New York, NY 10036<br>     T: (212) 486-0011<br>     F: (212) 750-8297<br>     iansari@aidalalaw.com<br><br>*Counsel for Respondent* |

For the avoidance of doubt, this Order does not bind the Court or any of its personnel. The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

Dated:    September 15, 2023          SO ORDERED.
          New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

4892-9119-7823