UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUZHOU CHUANGTAI RONGYUAN
INVESTMENT MANAGEMENT
PARTNERSHIP, HUZHOU HUIHENGYING
EQUITY INVESTMENT PARTNERSHIP,
and HUZHOU HUIRONGSHENG EQUITY
INVESTMENT PARTNERSHIP,

               Petitioners,

-v.-

HUI QIN,

               Respondent.

21 Civ. 9221 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:[1]

On August 24, 2023, this Court found Respondent Hui Qin to be in contempt of its August 17, 2023 Order (August 17, 2023 Minute Entry (the "August 17 Order")) and sanctioned Respondent to arrest and confinement if he did not produce the passwords requested by Petitioners' forensic expert, Tino Kyprianou, for the purposes of collecting information from Respondent's phones, as required by the August 17 Order. (Dkt. #243 (the "August 24 Order") at 3-4). Respondent now seeks relief from the Court's August 24 Order pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(3) on the grounds that the Court's August 24 Order was predicated on "Petitioners' deliberate misrepresentations to this Court." (Resp. Br. 3). According to

---

[1]     For ease of reference, the Court refers to Respondent's memorandum of law in support of his motion for relief as "Resp. Br." (Dkt. #272); to Petitioners' memorandum of law in opposition to Respondent's motion as "Pet. Opp." (Dkt. #289); and to Respondent's reply memorandum of law in further support of his motion as "Resp. Reply" (Dkt. #297). The Court refers to the transcript of the Court's August 17, 2023 hearing as "Tr." (Dkt. #249).

Respondent, relief is warranted "because the 'facts' the Court adopted in the August 24 Order were demonstrably false and fraudulently advanced by Petitioners." (Resp. Reply 5). Respondent also seeks sanctions against Petitioners and Petitioners' counsel in connection with these events.

In this Circuit, relief under Rule 60(b) is considered "extraordinary," *Paddington Partners* v. *Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994), and "is generally not favored," *Sec. & Exch. Comm'n* v. *Allaire*, No. 03 Civ. 4087 (DLC), 2019 WL 6114484, at *2 (S.D.N.Y. Nov. 18, 2019) (quoting *Ins. Co. of N. Am.* v. *Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010)), *aff'd sub nom. Sec. & Exch. Comm'n* v. *Romeril*, No. 19-4197, 2021 WL 4395250 (2d Cir. Sept 27, 2021) (summary order). Accordingly, Rule 60(b) "may only be invoked if the moving party [can demonstrate] exceptional circumstances" meriting such extraordinary relief. *Paddington Partners*, 34 F.3d at 1142.

Each subsection of Rule 60(b) delineates a specific set of circumstances under which a court may consider a grant of relief from a prior order or judgment. A motion for relief under Rule 60(b)(1) must be predicated on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), including "a judge's errors of law," *Kemp* v. *United States*, 142 S. Ct. 1856, 1860 (2022). A motion for relief under Rule 60(b)(3) requires a showing of "fraud[,] … misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), and, more specifically, "clear and convincing evidence of [the opposing party's] material misrepresentations." *Bell* v. *Carson*, No. 19-3461, 2021 WL 4022726, at *1 (2d Cir. Sept. 3, 2021) (summary order); *see generally*

*Geo-Grp. Commc'ns, Inc.* v. *Chopra*, No. 15 Civ. 1756 (KPF), 2023 WL 6235160, at *6 (S.D.N.Y. Sept. 26, 2023).

The instant motion presents no such set of circumstances. As an initial matter, Respondent's interpretation of the August 17 Order as "pertain[ing] only to imaging data on Qin's phones and to their associated iCloud backups" is incorrect. (Resp. Br. 3). The August 17 Order compelled Respondent to provide Petitioners with "all . . . passwords [and] access codes" that Mr. Kyprianou requested to enable him to collect information from the phones. (Tr. 106). The Court further clarified that it "expect[s] that the iCloud passwords will be given in addition to the password to access the phone" — that is, the Court explicitly indicated that its Order included passcodes that could give Mr. Kyprianou access to remotely-stored data. (*Id.* at 106-07).

In its August 24 Order, the Court reaffirmed the breadth of its August 17 Order, rejecting Respondent's argument that the passwords requested by Petitioners were "mostly outside the scope of the Court's recent order because none of these passwords pertain to data on his cell phones." (Dkt. #231 at 3; Dkt. #243 at 3 ("[In its August 17, 2023 Order,] the Court clearly instructed Respondent to provide 'all necessary passwords' requested by Petitioners' forensic specialist — 'to giv[e] [Mr. Kyprianou] the information that he needs' to collect data from the phones — explicitly naming 'iCloud passwords' as among such passwords." (quoting Dkt. #240 at 1-2))). Indeed, the August 24 Order specifically named a Gmail account and an iCloud account belonging to Respondent as accounts for which Respondent was required to produce

3

passwords pursuant to the August 17 Order (Dkt. #243 at 4 n.2), which accounts the Court recognized as capable of providing access to remotely-stored data, consistent with the Declaration in Support of Petitioners' Third Motion to Compel submitted by Mr. Kyprianou (Dkt. #227 ¶ 26 ("To be able to capture the data from the Gmail and iCloud accounts listed below I need the passwords[.]")).  At no point did the Court endeavor to limit Petitioners' collection efforts to data physically stored on the phones; the Court rejects Respondent's argument that the statements cited by Respondent from the Court's August 17, 2023 hearing suggest as much.  (*See* Resp. Br. 6).

Further, the Court cannot conclude that, in the wake of the Court's August 17 Order, Petitioners misleadingly claimed that "that they only sought information on Qin's physical devices and needed the passwords for that." (Pet. Opp. 10).  Petitioners repeatedly expressed their intent and detailed their efforts to "access and image Qin's email and iCloud accounts" (Dkt. #223 at 10), as well as their belief that the Court's August 24 Order permitted them to do so (*id.* at 15 ("[T]his Court . . . requir[ed] Qin to turn over his cellular telephone so that the forensic specialist Mr. Kyprianou could obtain full access and preserve what remains of Qin's social media, email and iCloud data.")).

For these reasons, the Court finds that there has been no mistake of fact or law, and Respondent has not presented the circumstances requisite to Rule 60(b)(1) or 60(b)(3) relief.  Accordingly, Respondent's motion for Rule 60(b) relief from the Court's August 24 Order is DENIED.  Consistent with this finding, the Court further DENIES Respondent's motion for sanctions against Petitioners

4

and their counsel. Finally, as enumerated in the Court's August 24 Order, the Court expects that any information gathered from Respondent's phones shall not be searched or accessed by Petitioners until an appropriate search protocol is implemented to limit any production to relevant, non-privileged information.

The Clerk of Court is directed to terminate the motion at docket entry 271.

SO ORDERED.

Dated: October 3, 2023
New York, New York

KATHERINE POLK FAILLA
United States District Judge