

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Andrew C. Smith
tel: 212.858.1743
andrew.smith@pillsburylaw.com

October 23, 2023

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007



Re: *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin,* Case No. 21 Civ. 9221 (KPF) – **Petitioners' Request for Leave to File Document Under Seal**

Dear Judge Failla:

We write on behalf of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") to request leave to file a document under seal, pursuant to the parties' Stipulated Protective Order dated January 3, 2023, Dkt. No. 92.

In conjunction with Petitioners' Opposition to Third-Party Emma Duo Liu's ("Liu") Motion for Reargument and Reconsideration, filed contemporaneously herewith, Petitioners respectfully request to file under seal Exhibit 4 to the Declaration of Andrew C. Smith pursuant to Rule 9(C) of Your Honor's Individual Rules of Practice in Civil Cases.[1]

Pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is

---

[1] Petitioners seek to file Exhibit 4 under seal to be accessed by Your Honor, Respondent Hui Qin, and Liu.

www.pillsburylaw.com

The Honorable Katherine Polk Failla
October 23, 2023
Page 2 of 2

whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, Exhibit 4, the transcript of Liu's October 3, 2023 deposition, references documents or information that have been sealed or designated confidential pursuant to the parties' Stipulated Protective Order. The parties' interest in protecting confidential information, specifically sensitive personal or financial information, overcomes the presumption of access. Indeed, Your Honor has previously granted Petitioners' request to file under seal certain exhibits to protect certain sensitive personal and/or financial information as well as information designated confidential, which was clearly visible. *See* Dkts. 112, 242, 264.

Because this document contains confidential information of the kind that is deserving of protection and restricting public access, Petitioners respectfully request that the Court grant their request to file Exhibit 4 under seal.

Respectfully submitted,

*/s/ Andrew C. Smith*
Andrew C. Smith

cc: All counsel of record (via ECF)

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entry 315 under seal.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 310.



Dated:    October 24, 2023           SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE