# SEIDEN | LAW

December 11, 2023

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007



      Re:    *Huzhou Chuangtai Rongyuan Inv. Mgm't P'ship, et al. v. Hui Qin*,
             Case No. 21 Civ. 9221 (KPF)

Dear Judge Failla,

    We write on behalf of Respondent, Hui Qin ("Qin")[1] to request leave to file certain documents under seal, pursuant to the Stipulated Protective Order executed by the parties. (ECF 92).

    In connection with Qin's Opposition to Petitioners' Second Motion for Attorneys' Fees and Costs filed contemporaneously herewith, Qin respectfully requests to file his Memorandum of Law in Opposition to Petitioners' Second Motion for Attorneys' Fees and Costs (the "Memorandum of Law") with redactions pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases.

    Pursuant to Rule 9 of Your Honor's Individual Rules, Qin needs to demonstrate the purpose of filing under seal must be consistent with the presumption in favor of public access to judicial documents. The Second Circuit has long established that "[t]here is a common law presumption in favor of permitting public access of judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 453 F. 3d 110 (2d. Cir. 2006). A court may balance this common law presumption of access against competing comparisons, including the "privacy interests of these resisting disclosure." *Id*., at 120. The court recognizes that defendant and third-party's "privacy interests [] outweigh the presumption of the public access." *See PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-civ-07577-KMK, 2022 WL 4956050 (S.D.N.Y. Aug. 26, 2022).

---

[1] Seiden Law LLP has already moved this Court to withdraw as counsel for Qin, *see* ECF 332, but the Court has not yet ruled on the motion.

322 Eighth Avenue, Suite 1200, New York, NY 10001 USA | +1.212.523.0686 | www.seidenlaw.com

# SEIDEN | LAW

      Here, Qin's Memorandum of Law contains sensitive business operation methods of Petitioners' counsel, Pillsbury Winthrop Shaw and Pittman LLP ("Pillsbury"), and privileged information belongs to Pillsbury and Petitioners.  Thus, Petitioners and their counsel's interest in protecting their business operation methods and privileged information, *e.g.*, Pillsbury's invoices with the description of attorneys' works, outweighs the common law presumption of access.

      Therefore, Qin respectfully requests that the Court grant his application to file Qin's Memorandum of Law with redactions.

                                                                   Respectfully Submitted,

                                                                   */s/ Xintong Zhang*
                                                                   Xintong Zhang

cc: All counsel of record (via ECF)

```
Application GRANTED. The Clerk of Court is directed to maintain
docket entry 337 under seal, viewable to the Court and parties
only.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 335.


Dated:    December 12, 2023          SO ORDERED.
          New York, New York
```

*(signature: Katherine Polk Failla)*

```
                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```