# SEIDEN | LAW

December 19, 2023

**MEMO ENDORSED**

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

      Re:    *Huzhou Chuangtai Rongyuan Inv. Mgm't P'ship, et al. v. Hui Qin*,
              Case No. 21 Civ. 9221 (KPF)

Dear Judge Failla,

      We write on behalf of Movant, Seiden Law LLP ("Seiden Law") to request leave to file certain documents under seal, pursuant to the Stipulated Protective Order executed by Respondent ("Qin") and Petitioners. (ECF 92).

      In connection with Seiden Law's Reply Memorandum of Law in Further Support Seiden Law's Motion to Withdraw as Respondent's Counsel ("Reply Brief") filed contemporaneously herewith, Seiden Law respectfully requests to file its Reply Brief and the Declaration of Xintong Zhang, dated December 19, 2023 ("Zhang Declaration") together with the exhibit to Zhang Declaration under seal pursuant to 9(C) of Your Honor's Individual Rules of Practice in Civil Cases.

      Pursuant to Rule 9 of Your Honor's Individual Rules, Seiden Law needs to demonstrate the purpose of filing under seal must be consistent with the presumption in favor of public access to judicial documents. The Second Circuit has long established that "[t]here is a common law presumption in favor of permitting public access of judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 453 F. 3d 110 (2d. Cir. 2006). A court may balance this common law presumption of access against competing comparisons, including the "privacy interests of these resisting disclosure." *Id*., at 120. The court recognizes that defendant and third-party's "privacy interests [] outweigh the presumption of the public access." *See PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-civ-07577-KMK, 2022 WL 4956050 (S.D.N.Y. Aug. 26, 2022).

      Here, Zhang's Declaration and Seiden Law's Reply Brief contain sensitive personal identifying information, such as Qin's financial information, deposition testimony, assets information, and attorney work products. In addition, most of these documents have been marked

# SEIDEN | LAW

as "confidential" pursuant to the parties' Stipulated Protective Order. Thus, Qin's interest in protecting his confidential and private information, *e.g.*, personal identification information, financial information, assets information, and attorney-client relationship information, outweighs the common law presumption of access.

Therefore, Seiden Law respectfully requests that the Court grant his application to file Seiden Law's Reply Brief, Zhang Declaration, and its exhibit under seal.

Respectfully Submitted,

/s/ *Xintong Zhang*
Xintong Zhang

cc: All counsel of record (via ECF)

```
Application GRANTED. The Clerk of Court is directed to maintain
docket entries 351 and 352 under seal, viewable to the Court and
parties only.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 350.



Dated:    December 20, 2023      SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

2