

Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue Suite 3100 | Miami, FL 33131 | tel 786.913.4900 | fax 786.913.4901

Geoffrey Sant
tel: +1.212.858.1162
geoffrey.sant@pillsburylaw.com

**VIA ECF**                                                        January 12, 2024

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

    Re: *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin*, Case No. 21 Civ. 9221 (KPF) – **Pre-Motion Conference Letter for Motion to Compel**

Dear Judge Failla:

On behalf of Petitioners, we respectfully request a conference regarding Liu's noncompliance with Petitioners' June 9, 2023 subpoena.[1] This Court stayed the deadlines (set on September 29, 2023) based on Liu's purported need for "two to three weeks" to review documents. Abusing the Court's temporary stay of the deadlines, Liu has produced *nothing* since the temporary stay.

In what appears to be a bait-and-switch, Liu treats the stay of deadlines as a halt of all production, despite counsel representing to the Court Liu would make "a rolling production in response to Petitioners' subpoena." (ECF 320 at 2). On November 2, the Court's memo endorsed order temporarily stayed deadlines pending resolution of Liu's reconsideration motion (ECF 322). In the two-and-a-half months since, *Liu has produced no documents*. Liu's counsel also promised he was "willing to confer with Petitioners in a good faith effort to arrive at agreeable search terms" (*id*. at 7), but upon this Court granting the temporary stay, Liu's counsel unilaterally chose search terms, kept the list *secret* for four weeks, refused to say how many emails were collected, produced nothing, and selected Chinese search terms that resulted in just 433 hits.[2] Liu's counsel repeatedly assured this Court that Liu "has not objected to Petitioners['] CPLR 5222 information subpoenas," claiming it was a "'more convenient, less burdensome, or less expensive'" mechanism for

---

[1] Citations to "Ex._" are to the exhibits attached to the Declaration of Carol Lee filed herewith.

[2] Given that some documents hit multiple terms, and a single email chain can appear as many separate "hits," this means there are far fewer than 433 Chinese-language documents to review. Moreover, many of the search terms are duplicative. For example, Liu searched for "星美" (49 hits) as well as at least four other terms containing the characters "星美" (32 hits). The 32 hits are all duplicative. Liu sought an extension by claiming "review of documents in Mandarin . . . require an additional two to three weeks." (ECF 320 at 6). But Liu could review all "433" hits in a day. This is why Liu concealed the number of hits for a month: to obtain an indefinite stay for a Chinese-language review despite picking (duplicative) search terms that hit on few distinct documents.

obtaining information. (ECF 281 at 6; 244 at 1). But after telling this Court Liu does not object to third-party subpoenas, Liu's counsel has proceeded to block subpoenas seeking her bank records.

In the September 29 Order, "the Court reject[ed] Ms. Liu's contention that the Subpoena is 'vastly overbroad'" and ordered production of such things as communications with or about Qin, and bank and immigration records. ECF 296 at 4-7. But Liu has produced no bank or immigration records for herself or Qin, and no communications with or about him. Liu produced just 182 documents in seven months – less than a document a day. By contrast, Liu's counsel has submitted 91 pages of motions, declarations and exhibits. Liu took the Fifth on deposition questions about bank transfers, taxes, immigration, and other topics because the answers would incriminate her in Qin's crimes. But she also refuses to produce records on these topics, calling them "irrelevant" to Qin's assets. Liu's contradictory positions that the same topics are somehow both incriminating and irrelevant are consistent in only one respect: both result in Liu revealing no information. Liu fails to produce bank records that she knows reveals Qin's transfers to her. The government's detention motion says he transferred at least $5 million to Liu ("Jane Doe 1"), and he used the aliases "Muk Lam Li", "Karl Qin", and "Hui Quin." *USA v. Hui*, No. 2:23-mj-00865-JMW (E.D.N.Y.), Criminal ECF 5 at 2, 3. Qin testified he signed hundreds of blank checks for Liu until "my hand got so tired," and "in September" he transferred multiple six-figure amounts to her father. Dep. 182:15-25; 191:5-193:16. Given Qin's aliases and use of third-parties to funnel millions to lawyers and family, Petitioners need all Liu's bank records, not just those naming Qin. Liu also produced no bank records for approximately 80% of entities in the subpoena, and, ignoring the subpoena's March 2017 start date, produced no bank statements predating May 2020. The earliest produced bank record for St. Tome LLC is mid-2021; for St Hudson Group is 2022; and for Applegreen LLC is late 2023. Liu owns and runs St. Tome but won't produce its consulting agreement with Qin.

On June 30, Liu's counsel insisted that "courts in this circuit have found ***fourteen days*** to be [a] 'presumptively reasonable'" production deadline. ECF 196-5 at 7 (quoting *Angelo, Gordon & Co. v. Mte Holdings*, 20 Misc. 23, at *4 (S.D.N.Y. Aug. 13, 2020)) (emphasis added). ***Two hundred and eighteen days have passed***. Liu has produced no emails, WeChat, personal bank, tax, or immigration records, or much else. Liu's delay exceeds, 16 times over, a "presumptively reasonable" timeframe. She has produced *nothing* in the last ten weeks. While refusing to produce documents on a rolling basis, Liu's counsel also refuses to toll limitations, stating: "That's not my problem." Ex. A at 2. Liu is clearly seeking to run out the statute of limitations.

Despite promising to confer, Liu's counsel unilaterally picked search terms and ignored emails asking basic questions about collection and review, including this simple fill-in-the-blank email:

> Emma has turned over _____ emails with _____ attachments in native form
> Emma has turned over _____ text messages
> Emma has turned over _____ pages of paper consisting of_____ documents.

Ex. B. Liu's counsel ignored, until *four* weeks after this Court's stay order, repeated requests for his proposed search terms. Liu's counsel finally announced unilaterally selected search terms that are highly duplicative. Liu's Chinese search terms result in only 433 hits—and far fewer documents. The English search terms, mostly formal corporate names, are heavily duplicative. For

example, the term "Stellar Megamedia" hits on the *same* documents as "Stellar Megamedia Group." Neither hit on emails reflecting, *e.g.*, Qin transfers to Liu's father, the blank checks, or the millions the government described flowing between Liu and Qin. Liu chose search terms that create the appearance of substance without hitting on much. Liu's counsel refused to run or *even discuss* terms proposed by Petitioners: "We will not . . . discuss the blunderbuss list of search terms you previously proposed." Ex. C. On December 8, Petitioners gave (i) a counterproposal of just 28 additional terms; and (ii) individual explanations for each term. Ex. D. After rejecting nearly all of this, Liu's counsel ended discussions: "We . . . are not inclined to add any further e-search terms." Ex. E. Liu's counsel claimed any new search terms would somehow "interrupt" their slow-motion review. *Id*. This is absurd. New "hits" can easily be added to any review. Ex. A at 1.

During the ten weeks since this Court stayed its October 6, 2023 deadline for full production, *Liu produced nothing*. There is no "rolling production." On August 30, the Court insisted "things are not going to linger"; and "I'm not yet disagreeing" that Liu is doing "a total stonewall and an attempt to not produce any documents." ECF 260 11:9-14; 23:16-20. That same day, Liu's counsel claimed that the motion to compel briefing schedule "should give enough time to collect/produce documents before 10/3." ECF 313-1 at 4. Five months after this Court insisted briefing "will not" go to October, and seven months after the subpoena, *Liu has not produced a single email, WeChat, WhatsApp, or text*. Her self-selected search terms are designed to avoid finding relevant documents. Liu has not produced any bank, tax, or immigration records – not even records that *Liu knows shows transfers from Qin* (such as the $5 million disclosed in the detention motion).

Liu has been running interference for Qin since December 2021, when she helped him evade service. Even as Qin lived with her in the Applegreen mansion (and after she spoke with Qin's litigation counsel about this case, ECF 52 ¶11), Liu falsely claimed Qin "no longer lives here" and that she lacks "any relationship with Hui Qin now." One month later, Qin was personally served in a Rolls Royce – a car Liu arranges for Qin – as he drove out of Applegreen. ECF 50 at 9-10; 51 ¶¶ 11, 14; 51-4 at 2; 108-11 at 77:21-22, 203:9-12; 176-9 at 295:9-13. When Qin, in contempt of court, refused to turn over passwords, his password reset messages went to Liu. Yet neither Liu nor Qin reset the passwords. *See*, *e.g.*, ECF 232 ¶ 27. Liu skipped her July 7, 2023 deposition (extended twice at her request), despite being available, because Liu "has a life." (ECF 196-5 at 5; 196-8). In July, this Court already found "Liu's legal objections . . . are spurious, belatedly raised"; "the Court is astonished by Ms. Liu's disregard for her obligation to comply with the deposition subpoena." Dkt. 198 at 4. Asked if Liu was acting "to hinder and delay collection of debts from Mr. Qin's creditors," Liu took the Fifth. ECF 315-4 at 22:20-24; 38:7-24.

The subpoena has been pending for seven months. *Liu's entire production occurred in a 35-day period while the motion to compel was pending or had just been granted*. Before that motion and after the Court's stay of deadlines, Liu produced nothing. She will produce nothing unless ordered. Petitioners respectfully request a conference to set deadlines and to use Petitioners' search terms.

                                                                                    Respectfully submitted,

                                                                                    */s/ Geoffrey Sant*
                                                                                    Geoffrey Sant

cc:      All counsel of record (via ECF)