

February 8, 2024

**BY ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

**MEMO ENDORSED**

Re:   *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin*,
Case No. 21 Civ. 9221 (KPF) — Request of Third-Party Duo "Emma" Liu to Seal
Documents

Dear Judge Failla:

On behalf of Petitioners in the above-referenced action, we respectfully object to the letter motion filed by third-party Emma Duo Liu ("Liu") (ECF No. 368) (the "Motion to Seal") seeking to file under seal her Motion to Modify Non-Party Subpoena and supporting documents (ECF Nos. 369-371) (the "Motion to Quash").

In a motion to seal court filings, the "asserted harms" caused by public filing "must be concretely and specifically described.  Broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023), reconsideration denied, No. 14-MC-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (internal quotations omitted); *see also In re Google Digital Advert. Antitrust Litig.*, No. 21-CV-6841 (PKC), 2021 WL 4848758, at *3 (S.D.N.Y. Oct. 15, 2021) (declining to seal material where the "harms . . . are vaguely described[,] . . . rather conclusory . . . [and] do not identify privacy interests or concrete harms that outweigh the presumption of public access."); *In re SunEdison, Inc. Sec. Litig.*, No. 16-CV-7917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (questioning the appropriateness of sealing where a party "cite[s] generally to 'commercially sensitive, non-public information' without explaining why specific documents or information are sensitive or risk harm to any person or entity.")  Here, Liu merely asserts that the motion papers "contain confidential information of the kind that is deserving of protection," but she neither identifies what specific information is sensitive, nor describes the "confidential information" purportedly requiring protection.  (Motion to Seal at 1–2.)  Moreover, Liu's conclusory rationale for sealing is belied by the contents of her motion papers, which contain no sensitive information other than, arguably, the last four digits of various bank accounts.

Further, Liu's Motion to Seal is not narrowly tailored to serve the purpose justifying any such sealing of documents.  To the extent the Motion to Seal is made to protect the last four digits of certain account numbers contained in the Memorandum of Law, such digits can be redacted or removed from the filing altogether.  The account numbers do not justify filing the entire Memorandum of Law, and all supporting documents, under seal.  *See, e.g., Brunckhorst v. Bischoff*, No. 21-CV-4362 (JPC), 2023 WL 1433573, at *2 (S.D.N.Y. Feb. 1, 2023) (denying

motion to seal and explaining that "[i]t should be possible for [movant] to file . . . with redactions that address the privacy and business interests.") Similarly, to the extent confidential information is contained in the attached subpoenas that Liu is seeking to quash, such information can be redacted or those particular exhibits can be filed under seal, as has been the parties' practice in this matter.

The ramifications of sealing Liu's Motion to Quash are not merely abstract: the sealed motion improperly prevents the parties from providing the subpoenaed bank with any of the papers supporting Liu's Motion to Quash. The third-party bank responding to the subpoena at issue should not be deprived of seeing Liu's rationale for resisting compliance with such subpoena.

Liu's Motion to Seal should be denied, and Liu should be required to refile the Motion to Modify Subpoena with appropriate redactions (and an unredacted version under seal) or with any purported confidential information removed.

Respectfully submitted,

Matthew Katz

cc: All counsel of record (via ECF)

---

The Court is in receipt of Ms. Liu's letter request to seal (Dkt. #368) her Motion to Modify Subpoena (Dkt. #369); the Declaration of Paul F. Downs, Esq. and exhibits A-D thereto (Dkt. #370); and the Memorandum of Law in Support of her motion (Dkt. #371) as well as Petitioners' above opposition (Dkt. #372).

The parties are hereby ORDERED to meet and confer regarding the extent of necessary redactions to Ms. Liu's Motion to Modify Subpoena (Dkt. #369); the Declaration of Paul F. Downs, Esq. and exhibits A-D thereto (Dkt. #370); and the Memorandum of Law in Support of her motion (Dkt. #371). Thereafter, Ms. Liu is hereby ORDERED to file a redacted copy of each such submission on or before **February 23, 2024.**

Ms. Liu's request to seal is otherwise GRANTED. The Clerk of Court is directed to maintain docket entries 369, 370, and 371 under seal, viewable only to the Court and the parties. The Clerk of Court is further directed to terminate the pending motion at docket entry 368.

Dated:     February 9, 2024                   SO ORDERED.
           New York, New York

                                              HON. KATHERINE POLK FAILLA
                                              UNITED STATES DISTRICT JUDGE