

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY  10036-4120

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Paul F. Downs**
Counsel

T / 212.940.3029
F / 646.603.3480
pdowns@nixonpeabody.com

February 23, 2024

*VIA ECF*

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



RE:   Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Qin;
       No. 1:21-cv-09221-KPF
       Request of Third-Party Duo "Emma" Liu to Seal Documents

Dear Judge Failla:

      Pursuant to Section 9(c)(ii) of Your Honor's Individual Rules of Practice in Civil Cases and the parties' Stipulated Protective Order dated January 3, 2023, Dkt. No. 92 (the "Confidentiality Order"), which also covers discovery of third-parties, third-party "Emma" Duo Liu ("Ms. Liu") writes to respectfully request that the Court permit the sealing of Ms. Liu's Letter to Hon. Katherine Polk Failla from Paul F. Downs, Esq. dated February 23, 2024 ("Downs Letter") with Exhibit A (filed contemporaneously herewith).

      A party seeking to file a document under seal needs to address the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). And any redaction or sealing of a court filing needs to be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *Id.*

      The Court must balance this common law presumption of access against competing interests, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the [moving party] outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

      Given the nature of this matter (a private matter to collect a judgment from Respondent Qin) and the fact that Ms. Liu is not a judgment-debtor in this action, but merely a third-party whose private affairs are being dragged into this dispute and given the ongoing criminal investigation about which the Court has been informed, we submit that there is a more than sufficient basis to seal the Downs Letter with Exhibit A in support thereof.  These documents contain confidential information of the kind that is deserving of protection and restricting public

Case 1:21-cv-09221-KPF   Document 390   Filed 02/23/24   Page 2 of 2

Hon. Katherine Polk Failla
February 7, 2024
Page 2

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

access, and therefore third-party Ms. Liu respectfully requests that the Court grant this request. We note that for presumably similar reasons, various other docket entries in this case have been sealed.

In the event that the Court were to deny this request, Ms. Liu requests a Court conference at the Court's earliest convenience.

Sincerely,

Paul F. Downs
Counsel

PFD

To:  All parties of record via ECF

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entry 389 under seal, viewable only to the Court and the
parties.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 388.


Dated:     February 23, 2024          SO ORDERED.
           New York, New York


                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE
```