

Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue Suite 3100 | Miami, FL 33131 | tel 786.913.4900 | fax 786.913.4901

Geoffrey Sant
tel: +1.212.858.1162
geoffrey.sant@pillsburylaw.com

February 29, 2024

<u>**Via Electronic Filing**</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

   Re**:** <u>*Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin*</u><u>, Case No. 21 Civ. 9221 (KPF)</u>

Dear Judge Failla:

On behalf of Petitioners, we respectfully write in response to Duo Emma Liu's February 26, 2024 letter requesting a conference on her proposed motions to stay discovery pending her appeal and for cost-shifting. Like Qin, Liu simply refuses to abide by this Court's orders. Both proposed motions, which seek to relitigate issues twice rejected by this Court, are frivolous and would result in unnecessary costs and delay. The Court should reject Liu's requested motions without briefing.

As this Court has held, "[t]he 'traditional standard for a stay' includes four factors: '[i] whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits; [ii] whether the applicant will be irreparably injured absent a stay; [iii] whether issuance of the stay will substantially injure the other parties interested in the proceeding; and [iv] where the public interest lies.'" *Brown v. Peregrine Enterprises, Inc.*, No. 22 Civ. 1455 (KPF), 2022 WL 17593321 at *1 (S.D.N.Y. Dec. 13, 2022) (Failla, J.) (quoting *Nken v. Holder*, 556 U.S. 418, 425-26 (2009)). A stay of discovery pending appeal "is not a matter of right," but instead is "an exercise of judicial discretion" and "[t]he party requesting a stay bears the burden of showing that circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34. Liu cannot meet that burden.

First, Liu's appeal is subject to dismissal because the discovery orders are non-final.[1] Procedural issues aside, Liu's assertion that she "can show a likelihood of success on appeal" is frivolous. On appeal, "a district court's ruling on a motion to compel discovery" is reviewed "under an 'abuse-

---

[1] *See In re Air Crash at Belle Harbor*, 490 F.3d 99, 104 (2d Cir. 2007) (a court's "decision to compel compliance with a subpoena" is "generally not a 'final decision' and therefore is not immediately appealable;'' "[t]o obtain appellate review," the subpoenaed person ordinarily must "be held in contempt, and then appeal the contempt order").

The Honorable Katherine Polk Failla
February 29, 2024
Page 2

of-discretion' standard." *U.S. v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009). To satisfy this standard, Liu must demonstrate that this Court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (internal citations omitted). Liu cannot possibly meet this standard. The Second Circuit has made clear that this Court "has broad latitude to determine the scope of discovery and to manage the discovery process" and "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *Id.* This includes discovery from a judgment-debtor's wife. *Id.* at 207-208 (citing *G-Fours, Inc. v. Miele*, 496 F.2d 809, 810-12 (2d Cir. 1974) ("upholding contempt citation against judgment debtor's wife" for "failing to respond to a discovery request")).

In support of her proposed motion for a stay, Liu falsely claims this Court "failed to rule" on her overbreadth argument and the MTC Order "was based solely on assertions made for the first time in Petitioners' Reply." Ltr. at 2.[2] Likewise, Liu's bald assertions that the Court "misapplied or otherwise misinterpreted the findings of *Magnaleasing*," and the Court's relevancy determination of Liu's immigration records "is without basis" (Ltr. at 3), are frivolous.[3] Simply saying the Court is wrong, in the face of two detailed orders supported by Second Circuit law to the contrary, provides no basis for – let alone a "strong showing" of – likely success on appeal. *See Brown*, 2022 WL 17593321 at *3 ("In light of clear Second Circuit precedent on this issue, the Court does not believe that Defendants have shown a likelihood of success, or even a serious one.").

Second, Liu's purported "financial burden" if she were forced to comply with this Court's discovery orders does not constitute "irreparable injury." As this Court has noted, "increased litigation costs alone generally do not provide a dispositive 'irreparable injury' requiring a stay." *Brown*, 2022 WL 17593321 at *3. Nor do her complaints about her purported "privacy and constitutional rights" which, as noted above and in the Court's two orders, do not immunize the subpoenaed documents from broad permissible post-judgment discovery. *See id.* at *4 (defendants "failed to show irreparable injury, particularly in light of their meritless appeal of these issues").

Third, Petitioners will be substantially injured if the stay is granted. Petitioners have been seeking post-judgment discovery for over sixteen months (since October 2022) and have been seeking documents from Liu for over eight months (since June 2023). As Liu knows, statutes of limitations are running,[4] and every day that Petitioners' post-judgment collection efforts are thwarted provides another opportunity for Liu, in concert with Qin and others, to dissipate assets. Indeed, Petitioners recently discovered that one of Qin's and Liu's Plaza Penthouse apartments was placed on the market for $45 million on February 9 – two days after Liu filed her motion to quash the East West

---

[2] *See* Dkt. 365 at 4 (rejecting Liu's overbreadth argument as "demonstrably false"); 7-8 (noting that while "the Court is not required" to list "all the assertions in any of Petitioners' submissions" supporting the Court's findings, nevertheless identifying evidence Petitioners cited in their opening brief supporting the same).

[3] *See* Dkt. 365 at 7 ("Simply put, there is more than enough evidence to 'raise a reasonable doubt about the bona fides of the transfer of asserts between [Qin and Liu].' *Magnaleasing Inc.*, 76 F.R.D. at 562."); 5 ("Ms. Liu's immigration records may shed light on the country in which her or Mr. Qin's assets were located at any particular point in time.").

[4] Liu has refused to toll the statute of limitations while she does everything she can to delay providing key documents.

The Honorable Katherine Polk Failla
February 29, 2024
Page 3

Bank subpoena.[5] If the stay is granted and Petitioners are required to wait an additional 8-10 months to receive evidence demonstrating Qin's true ownership of that property (among other things) while her frivolous appeal is adjudicated, that significant asset will be sold and the proceeds will be hidden through the elaborate scheme of entities set up by Qin and Liu to hide Qin's assets. Petitioners have already received bank records from entities related to the Plaza Penthouses showing large transfers of money to and from Liu's bank accounts – discovering where Liu received that money from is crucial to Petitioners' judgment collection efforts.

Fourth, there is no public policy interest in this "private matter to collect a judgment." Ltr at 3. Furthermore, Liu's suggestion that the underlying judgment on appeal may be reversed is without merit, as this Court knows through its two orders confirming that judgment. Indeed, as reported in the legal press, the Second Circuit openly expressed their "skepticism" of the frivolous appeal at oral argument held on February 16, 2024.[6] Liu's requested stay should be denied without briefing.

Liu's request for cost-shifting has already been denied twice and should be rejected again, also without the wasted time and expense of an additional Rule 45 motion. Contrary to Liu's argument, it is *Liu* that has "unnecessarily escalated the non-party subpoena compliance costs" (Ltr. at 3) by repeatedly re-litigating issues decided by this Court. Further, Liu said she needed three additional weeks in October 2023 to complete the review and production of documents, and later represented that her counsel had worked "throughout the Christmas holiday" reviewing documents. Based on her representations to the Court, Liu has effectively been granted a *five-month* extension to comply. The purported "thousands of documents" Liu references could have been reviewed in a week, yet Liu has been granted 25 times that length of time – it is clear Liu is either withholding these responsive documents, or she has not spent the time reviewing them as represented.[7]

Liu has not produced a single document since this Court's January 24, 2024 order. Liu's request for briefing on a stay of discovery and cost-shifting (for a third time) should be denied, and Liu should comply with the deadlines set by the Court and start rolling productions immediately.

Respectfully submitted,

*/s/Geoffrey Sant*
Geoffrey Sant

---

[5] Liu's frivolous motion to quash has now been revealed as a pretextual vehicle of delay prior to the subsequent filing of her notice of appeal and this request for a stay of discovery. Petitioners have been significantly prejudiced by the pendency of that motion as well, which has prevented East West Bank from complying with the subpoena.

[6] *See, e.g.,* Ex. A (Law360, "'No Respect': 2nd Cir. Judge Chides Dissatisfied Arb. Users," February 16, 2024) ("'[Y]ou chose arbitration, you agreed to arbitrate, you agreed to vest lots of power in this arbitration system in another country,' [U.S. Circuit Judge Gerard E. Lynch] said. 'That's fine, that's your right. But then you come here, and you're not satisfied with the arbitration.... You're not satisfied with the arbitrator's decision as to what was fair, and what wasn't. And you're asking us to second-guess this,' he continued. 'That's not how it works.'").

[7] When the documents are eventually produced, Liu should show cause why it took five additional months to review and produce these documents, including the attorney time spent reviewing and total number of documents reviewed.

The Honorable Katherine Polk Failla
February 29, 2024
Page 4


cc: All counsel of record (via ECF)