

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Carol  Lee
tel: +1.212.858.1194
carol.lee@pillsburylaw.com

May 2, 2024

<u>**Via Electronic Filing**</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:  *Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Qin, et al.* Case No. 1:21-cv-09221-KPF

Dear Judge Failla:

On behalf of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership (collectively, "Petitioners"), to request leave to file documents with redactions, pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases and the parties' Stipulated Protective Order dated January 3, 2023, Dkt. 92 ("Protective Order").

In conjunction with Petitioners' Motion for an Order In Aid of Enforcement and to Detain Defendant/Judgment Debtor Hui Qin and Seize His Passports (the "Motion"), filed contemporaneously herewith, Petitioners respectfully request to file the Memorandum of Law in Support of the Motion (the "Memorandum of Law") and Exhibits 1, 2, and 4 attached to the Declaration of Carol Lee in Support of the Motion (the "Declaration") with redactions pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases and the Protective Order.

In accordance with Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, any party intending to submit a redacted document must acknowledge the presumption supporting public access to judicial records. *See*, e.g., *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). However, public access is not absolute and the court weighs this common

www.pillsburylaw.com

The Honorable Katherine Polk Failla
Page 2

law presumption against other considerations, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

In this instance, the Memorandum of Law includes specific deposition testimony designated as Confidential in accordance with the Protective Order in the Related Case. Additionally, the Memorandum of Law, Declaration, and the three exhibits attached to the Declaration contains content of documents from discovery which were explicitly marked as "confidential" and contain sensitive financial as well as respondents' personal information, falling in the scope of the Protective Order. The parties' interest in protecting business and personal privacy overcomes the presumption of access. Indeed, Your Honor has previously granted Petitioners' request to file under seal certain Memorandum of Law to protect sensitive personal and financial information in this instant case, which was clearly visible. *See* ECF 380, 384, and 390.

Because the Memorandum of Law, Declaration and Exhibits 1, 2, and 4 to the Declaration contain confidential information of the kind that is deserving of protection and restricting public access, Petitioners respectfully request that the Court grant their request to redact the Memorandum of Law, Declaration, and the three exhibits.

Respectfully submitted,

*/s/ Carol Lee*
Carol Lee