UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUZHOU CHUANGTAI RONGYUAN INVESTMENT MANAGEMENT PARTNERSHIP; HUZHOU HUIHENGYING EQUITY INVESTMENT PARTNERSHIP; and HUZHOU HUIRONGSHENG EQUITY INVESTMENT PARTNERSHIP,

Plaintiffs,

-v.-

JUDGMENT-DEBTOR HUI QIN, *a/k/a* MUK LAM LI, LI MUK LAM, HUI HUI QIN, KARL QIN, and HUI QUIN; DUO LIU, *a/k/a* EMMA LIU; XUEMIN LIU; RUOLEI LIU; XUEYUAN HAN, *a/k/a* HANK HAN; HANGYUAN ZHANG; BRYN MAWR; TRUST COMPANY OF DELAWARE; TRIDENT TRUST COMPANY; ST. TOME LLC; ST. FORTUNE GROUP LLC; LUXURY TEAM, INC.; ST. GRAND CEREMONY LLC; KING FAME TRADING (BVI); PH2003 UNIT LLC; APPLEGREEN LLC; LUBAN CONSTRUCTION INC.; HUDSON GROUP LLC; GOLDEN PEGASUS LLC; GOLDEN LITTLE ELEPHANT INC.; GOLDEN KIRIN LLC; HARUSHIO LLC; GOLDEN LITTLE DRAGON; GOLDEN MERMAID LLC; HATAKAZE LLC; QYNM FAMILY HOLDING LLC; HS-QYNM FAMILY, INC.; QIN FAMILY TRUST; I LOVE GLE TRUST; APPLEGREEN FAMILY TRUST; MASTERPIECE HOLDING GROUP LTD.; NEW LAND CAPITAL LLC; YOUYORK MANAGEMENT LLC; GOLDEN LAND FUNDS LLC; MAXIM CREDIT GROUP LLC; HFRE, LLC; and JOHN AND JANE DOES 1-20,

Defendants.

24 Civ. 2219 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

On July 10, 2025, this Court entered the Order Modifying Preliminary Injunction, permitting Luban Construction, Inc. ("Luban") to sell the residential real estate located at 35 Applegreen Drive, Old Westbury, New York 11567 (the "Property"), and to place the net proceeds into escrow with the

Chapter 7 Trustee. (Dkt. #177). Subsequently, on August 5, 2025, Luban filed a letter motion seeking an order vacating the Notice of Pendency Action (the "Notice of Pendency" (Dkt. #4)), insofar as it attaches to the Property, because the Notice of Pendency prevents Luban from closing on the sale. (Dkt. #178). One day later, Luban supplemented its submission, informing the Court that Kobre & Kim LLP ("Kobre & Kim) had sent a draft stipulation which, if executed properly, would vacate the Notice of Pendency. (Dkt. #179). *See also* N.Y. C.P.L.R. § 6514(d) (explaining the requirements for cancellation of a notice of pendency by stipulation). Luban noted that the stipulation contained signature blocks for both Kobre & Kim and Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), though Kobre & Kim had not yet appeared in the action.[1]

Luban argues that a stipulation is not required to vacate the Notice of Pendency, and that the Court should instead direct the county clerk to vacate the Notice of Pendency pursuant to N.Y. C.P.L.R. § 6514(b). (Dkt. #179 at 1-2). Section 6514(b) gives courts the discretion to "direct any county clerk to cancel a notice of pendency, if the plaintiff has not commenced or prosecuted the action in good faith." N.Y. C.P.L.R. § 6514(b).

Both Pillsbury and Kobre & Kim submitted responses to Luban's letter motion and supplemental letter. (Dkt. #182, 184). In those responses, they explicitly state that Plaintiffs do not object to the vacatur of the Notice of

---

[1] At present, both Kobre & Kim LLP and Pillsbury Winthrop Shaw Pittman LLP are listed on the docket as counsel for Plaintiffs.

Pendency. (Dkt. #182 at 5; Dkt. #184 at 1-3). But they argue that this should not be carried out pursuant to N.Y. C.P.L.R. § 6514(b), because the record does not support a finding that Plaintiffs have not commenced or prosecuted this action in good faith. (*See generally* Dkt. #182, 184). Instead, Kobre & Kim propose that the Court vacate the Notice of Pendency under N.Y. C.P.L.R. § 6514(a). (Dkt. #184 at 1-2).

The Court credits Kobre & Kim's representations that (i) Plaintiffs "had been in regular contact with Luban for weeks regarding its request to cancel the Notice of Pendency"; (ii) "Luban had told Kobre & Kim that it would file the letter motion by Wednesday absent a resolution"; and (iii) Plaintiffs "then timely sent Luban a proposed stipulation … but Luban had prematurely filed [its letter motion] earlier that same evening." (Dkt. #184 at 2). Therefore, the Court does not find the requisite failure to act in good faith necessary to vacate the Notice of Pendency pursuant to N.Y. C.P.L.R. § 6514(b). Instead, the Court concludes that the Notice of Pendency should be vacated under N.Y. C.P.L.R. § 6514(a). *See Ulysses I & Co.* v. *Feldstein*, No. 01 Civ. 3102 (LAP), 2002 WL 1813851, at *17 (S.D.N.Y. Aug. 8, 2002) (cancelling the notices of pendency pursuant to N.Y. C.P.L.R. § 6514(a)), *aff'd sub nom. Bridgewater Operating Corp.* v. *Feldstein*, 346 F.3d 27 (2d Cir. 2003). For the same reasons, the Court denies Luban's request for the Court to impose the costs and expenses of its motion on Plaintiffs. (*See* Dkt. #179 at 2; Dkt. #183 at 2). *See also Rabinowitz* v. *Larkfield Bldg. Corp.*, 647 N.Y.S.2d 820, 821-22 (2d

3

Dep't 1996) (finding that the notice of pendency should be cancelled and that an award of costs and expenses was not warranted).

Accordingly, the Court ORDERS that the Notice of Pendency is vacated insofar as it attaches to the Property and DIRECTS the Clerk of the County of Nassau, upon payment of proper fees, if any, to cancel the Notice of Pendency filed by Plaintiffs on April 5, 2024, solely with respect to the Property, located at 35 Applegreen Drive, Old Westbury, New York 11567, and to make a notice to that effect on the margin of the record of the Notice of Pendency referring to this Order.

The Clerk of Court is directed to file this Order in both Case No. 24 Civ. 2219 and Case No. 21 Civ. 9221. The Clerk of Court is further directed to terminate the pending motion at docket entry 178 in Case No. 24 Civ. 2219.

SO ORDERED.

Dated:   August 18, 2025
         New York, New York

                                              _____
                                              KATHERINE POLK FAILLA
                                              United States District Judge