UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUZHOU CHUANGTAI RONGYUAN INVESTMENT
MANAGEMENT PARTNERSHIP; HUZHOU
HUIHENGYING EQUITY INVESTMENT
PARTNERSHIP; and HUZHOU HUIRONGSHENG
EQUITY INVESTMENT PARTNERSHIP,

     Plaintiffs,

     -v.-

JUDGMENT-DEBTOR HUI QIN, a/k/a MUK LAM LI,
LI MUK LAM, HUI HUI QIN, KARL QIN, and HUI
QIN; DUO LIU, a/k/a EMMA LIU; XUEMIN LIU;
RUOLEI LIU; XUEYUAN HAN, a/k/a HANK HAN;
HANGYUAN ZHANG; BRYN MAWR; TRUST
COMPANY OF DELAWARE; TRIDENT TRUST
COMPANY; ST. TOME LLC; ST. FORTUNE GROUP
LLC; LUXURY TEAM, INC.; ST. GRAND
CEREMONY LLC; KING FAME TRADING (BVI);
PH2003 UNIT LLC; APPLEGREEN LLC; LUBAN
CONSTRUCTION INC.; HUDSON GROUP LLC;
GOLDEN PEGASUS LLC; GOLDEN LITTLE
ELEPHANT INC.; GOLDEN KIRIN LLC; HARUSHIO
LLC; GOLDEN LITTLE DRAGON; GOLDEN
MERMAID LLC; HATAKAZE LLC; QYNM FAMILY
HOLDING LLC; HS-QYNM FAMILY, INC.; QIN
FAMILY TRUST; I LOVE GLE TRUST;
APPLEGREEN FAMILY TRUST; MASTERPIECE
HOLDING GROUP LTD.; NEW LAND CAPITAL LLC;
YOUYORK MANAGEMENT LLC; GOLDEN LAND
FUNDS LLC; MAXIM CREDIT GROUP LLC; HFRE,
LLC; and JOHN AND JANE DOES 1-20,

     Defendants.

---

24 Civ. 2219 (KPF)

**ORDER VACATING
IN PART NOTICE
OF PENDENCY**

KATHERINE POLK FAILLA, District Judge:

8786255.2

The letter-motion [ECF Dkt. #194] of Richard J. McCord, Esq. (the "Trustee"), as chapter 7 trustee of the estate of Hui Qin (the "Debtor/Defendant") came on for hearing before this Court seeking an order to vacate that portion of a Notice of Pendency of Action filed in this Action on March 28, 2024 (Dkt. #4, "Notice of Pendency") solely as against the Plaza Apartments (defined below).

On April 26, 2024, the Court entered an order (Dkt. #95, "Preliminary Injunction") granting a motion ("Preliminary Injunction Motion") filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership (collectively, "Plaintiffs") and imposing a preliminary injunction against the defendants listed in Exhibit A to the Preliminary Injunction, which include the Liu Parties and the Debtor/Defendant.

On May 8, 2024, the Debtor/Defendant filed a voluntary petition for relief under chapter 7 (the "Chapter 7 Case") of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court"). The Trustee was appointed as Chapter 7 trustee in the Chapter 7 Case.

One of several appeals of the Preliminary Injunction pending before the Second Circuit Court of Appeals is captioned *Huzhou Chuangtai Rongyuan Investment Management Partnership v. Liu*, CA2, 2024-cv-01282 ("Injunction Appeal"). The Injunction Appeal includes an interlocutory appeal of the Preliminary Injunction. On June 27, 2024, the Second Circuit entered an order staying the Injunction Appeal and several motions pending for decision within that appeal. *See* Injunction Appeal Dkt. # 40.1 (2d Cir. Jun. 27, 2024) ("Defendant Qin's bankruptcy petition automatically operates to stay this appeal pursuant to 11 U.S.C. § 362(a)(1).").

On July 2, 2024, this Court entered an Order (Dkt. # 163, "Stay Order") staying this action "in deference to Mr. Qin's bankruptcy proceeding in the Eastern District of New York."

After several hearings before the Bankruptcy Court, on October 2, 2025, the Bankruptcy Court entered an order approving and adopting a consent order of PAM 4B for stay relief. *See* Bankr. 24-41955-ess, ECF Doc. Nos. 222 and 223. Thereafter, on October 14, 2025, the Bankruptcy Court entered the Trustee Stay Relief Consent Order. *See* Bankr. 24-41955-ess, ECF Doc. No. 226. Those orders (collectively, the "Stay Relief Orders") were entered without objection by creditors and parties in interest in the Bankruptcy Case, including, but not limited to the Huzhou Creditors/Plaintiffs.

Following entry of the Stay Relief Orders, the Liu Parties and the Trustee filed with this Court a joint letter-motion (Dkt. # 186) seeking partial modification of the Preliminary Injunction consistent with the provisions of the Stay Relief Orders, including the framework for listing the Plaza Apartments for sale and allowing PAM 4B and the Board to file a foreclosure action.

On October 29, 2025, the Court entered the *Order Modifying Preliminary Injunction* (Dkt. #191, "Modification Order"). The Modification Order allows, among other things, for Duo Liu a/k/a Emma Liu ("Liu"), St. Grand Ceremony LLC ("St. Grand") and PH2003 Unit LLC ("PH2003," and collectively with Liu and St. Grand, the "Liu Parties") and the Trustee to sell any and all interests in and to the Plaza Apartments and escrow Net Proceeds from that sale (*see* Modification Order ¶ 1), while preserving without deciding any and all rights, claims and defenses as between them concerning whether the Debtor/Defendant's estate holds an interest in and to the Plaza Apartments and/or any proceeds thereof. The Modification Order was not opposed or otherwise objected to by Huzhou Chuangtai Rongyuan Investment Management Partnership,

8786255.2

Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership (collectively, the "Huzhou Creditors/Plaintiffs").

The Modification Order also permits the first mortgagee, Precedent Asset Management 4B, LLC (the "PAM 4B"), and the Residential Board of Managers of the Plaza Condominium (the "Board") to, among other things, commence a foreclosure action against Plaza Apartments. *Id.* at p. 5 (ii).

Having considered the Trustee's letter-motion, and good cause appearing, the Court hereby GRANTS the letter-motion.

IT IS HEREBY ORDERED THAT:

1.      The Notice of Pendency is vacated under N.Y. C.P.L.R. § 6514(a) insofar solely as it attaches to the Plaza Apartments and DIRECTS the Clerk of the County of New York, upon payment of proper fees, if any, to cancel the Notice of Pendency filed by Plaintiffs on March 28, 2024, solely with respect to the Plaza Apartments, located at One Central Park South, Unit 2009, New York, NY and One Central Park South, Unit 2003, New York, NY, and to make a notice to that effect on the margin of the record of the Notice of Pendency referring to this Order.

2.      The Clerk of Court is directed to file this Order in both Case No. 24 Civ. 2219 and Case No. 21 Civ. 9221.

3.      Nothing herein can or shall be interpreted as a waiver of any party's rights, claims and defenses concerning the Plaza Apartments and any proceeds generated from a sale thereof, with all such rights, claims and defenses preserved.

8786255.2

4.    This Order shall become immediately effective upon its entry.

The Clerk of Court is directed to terminate the pending motion at docket entry 194.

Dated:  March 4, 2026
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

8786255.2