UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership,<br><br>Petitioners,<br><br>-v.-<br><br>Hui Qin,<br><br>Respondent. | 1:21:cv-09221-KPF |

**STIPULATION AND PROPOSED ORDER GOVERNING ELECTRONICALLY STORED INFORMATION ON RESPONDENT'S DEVICE DATA**

Pursuant to this Court's order dated October 3, 2023 (Dkt. 298), Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Petitioners") and Richard J. McCord, Esq., solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin (the "Trustee" and collectively the "Parties") make this stipulation to govern the preservation, collection, and production of electronically stored information ("ESI") from Respondent Hui Qin's mobile phone devices, the iCloud accounts karlqin5555@icloud.com and qinhui198@icloud.com, and the Gmail accounts karlqin5555@gmail.com and sinuosiminghan@gmail.com, that was obtained by the Petitioners' forensic collection specialist (the "Device Data"). The Parties can modify this stipulation anytime by written agreement or Court order. This does not prevent either party from seeking additional discovery or orders compelling production from the Court. This does not alter any previous order(s) of the Court.

## I. BACKGROUND

On August 17, 2023, this Court ordered Qin to turn over his mobile phones to Petitioners' forensic specialist, Mr. Tino Kyprianou from Setec Investigation, for imaging. The Court also ordered Qin to provide working passwords and access credentials for various electronic accounts.

On August 24, 2023, the Court held Qin in contempt for failing to provide the passwords and ordered Qin to provide all passwords by August 28, 2023. At the same time, the Court restricted Petitioners from searching the contents of Qin's electronic data pending entry of an appropriate review protocol. Dkt. 243.

On September 8, 2023, Qin moved for reconsideration of the August 24, 2023, order. Dkt. 271.

On October 3, 2023, this Court denied Qin's motion for reconsideration. Dkt. 298.

On October 5, 2023, Qin appealed from the August 24, 2023, and October 3, 2023, orders. Dkt. 299.

On March 24, 2024, Petitioners commenced a separate action against several individuals and entities for, among other things, declaration of sham transaction, alter ego, civil RICO, and conspiracy. Case No. 1-24-cv-02219-KPF (the "Transfer Action"), Dkt. 1.

On May 8, 2024, Qin commenced a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Eastern District of New York, Case No. 1-24-41955-ESS, and Richard J. McCord, Esq. was appointed as Chapter 7 Trustee.

On July 27, 2026, this Court joined Richard J. McCord, Esq. as Qin's Chapter 7 Trustee as a co-plaintiff in the Transfer Action for any and all derivative claims asserted. Case No. 1-24-cv-02219-KPF, Dkt. 206.

On August 14, 2026, the Second Circuit dismissed Qin's appeal of the August 24, 2024, and October 3, 2023, orders with prejudice. Dkt. 463.

## II. THE ELECTRONICALLY STORED INFORMATION

Under Section 541 of the U.S. Bankruptcy Code, the Device Data became property of the estate upon Qin's commencement of his chapter 7 case. *See* 11 U.S.C. § 541(a)(1) (A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case.").

Under 11 U.S.C. § 323, the Trustee is the sole representative of the chapter 7 bankruptcy estate and possesses the authority to administer the estate. Qin has not participated meaningfully in the chapter 7 case. The Trustee understands that Qin was arrested, found guilty of criminal activity and deported, all prior to the Trustee's appointment, and Qin has not cooperated with the Trustee's efforts to obtain information necessary to administer the estate in any meaningful manner.

Indeed, the Parties believe that the electronic data stored in Qin's mobile phones is necessary to enable the Trustee to investigate and administer estate assets and claims, including, but not limited do, ascertaining which of the claims asserted in this action belong to the Debtor's estate.

## III. DEFINITIONS

A. Rule 26.3 of the United States District Court for the Southern District of New York is incorporated herein, including the definitions of Document, Communication, and ESI.[1]

B. The Stipulated Protective Order (ECF 92) is incorporated herein by reference.

C. "Native Format" or "Native Data" means ESI in the form in which it was generated and/or as used when Device Data was imaged.

## IV. BATES NUMBERING OF DOCUMENTS

The parties may review native data and provide native or extracted data to each other without bates numbers as such data is not amenable to labeling in that manner and it is burdensome for documents used for review between the parties. However, either party may bates number documents to be produced outside of the Trustee or Plaintiffs or as needed for court or evidentiary purposes using traditional mechanisms for bates labeling.

## V. ANALYSIS, SEARCH AND PRODUCTION PROTOCOL

Device Data Analysis: Petitioners' forensic collection specialist has Device Data and all such Device Data shall remain in the United States. Petitioners' specialist shall:

1. Identify user-generated Communications on the devices (text messages, instant messages, etc.).[2]

2. Analyze Device Data to identify encrypted files. The Parties shall be apprised of any such encrypted information and shall meet and confer regarding any further action to be taken with such files, if any.[3]

3. Analyze Device Data to identify all payment applications, money transfer applications, or other applications for transferring funds and their usage. The Parties shall be apprised of any such information.

4. Assist the Parties in determining how to search photos, audio and video recordings, images, make a report of the following attributes of image, audio, and video files listed below.

---

[1] The Parties stipulate that Petitioners may seek metadata such as the following geolocation data: application, directory or file location (such as directory); time; date; latitude; longitude; and (if more than once) frequency.

[2] The Parties stipulate that Petitioners may seek the following non-user generated device or Device Account (accounts accessed via the device(s), *i.e.*, iCloud) data: Serial number(s), IMEIs, IICIDs, Mac Addresses, MSISDNs, device settings, airdrop ID, configuration data files; cell tower history; device connectivity history; Bluetooth connection history; device events; usage logs, network data usage, interaction history; WiFi/wireless networks accessed; app/battery usage information, whether by app, data size, time, or battery usage; activity sensor data; information relating to the usage of communication apps (such as WeChat), iPhoneNetworkUsage, Journeys and UserAccounts that is not communication or geolocation data.

[3] The Parties stipulate that Petitioners may seek to analyze Device Data to determine if any ESI was deleted, including but not limited to message deletion analysis, and details concerning such deleted information.

a. Filepath;
b. Filename;
c. Format;
d. Size;
e. Time; and
f. Date.[4]

5. Provide all identified user-generated Files, Photos, ESI or other Communications on the devices to both Parties.

6. Provide all files, data, ESI, messages, or any other information associated with the karlqin5555@gmail.com, sinuosiminghan@gmail.com and karlqin5555@icloud.com email accounts to both Parties.

7. Provide all ESI or other information associated with Apple ID "qinhui198@iCloud.com" to both Parties.

## A. Search and Production Protocol

1. Deleted ESI recovered by either party shall be preserved. Recovered ESI shall be promptly reported to the other party, including a description of the size, location, and any other characteristics of the deleted ESI.[5]

2. Parties shall use reasonable best efforts to obtain all data, regardless of language, for the purpose of identifying Device Data potentially containing documents and information relevant to the following categories of documents and information:

   a. Information about potential businesses, entities, persons, trustees, accounts, funds, assets, or activity related to the Debtor, the Estate, or Property of the Estate, as expansively defined by 11 U.S.C. §541 and applicable law.
   b. Information about the Debtor and the Debtor's activities, including (but not limited to) the Debtor's business operations, non-business activities, travel (in or out of the U.S.), passcodes, combinations, cryptographic keys, digital assets, precious metals, storage, vehicles, transportation, or any other activity or asset.
   c. Information about potential assets of the Estate or claims of the Estate
   d. Information that may bear on the bankruptcy of the Debtor
   e. Information that may bear on enforcement of bankruptcy, civil, criminal, administrative or other laws of the U.S. or violations of foreign law that bear on the Debtor.
   f. Information about conspirators, witnesses, agents, employees, codebtors,
   g. communications or other ESI to/from/cc/bcc or regarding specifically identified persons (human or entity) or assets;

---

[4] The Parties stipulate that Petitioners may use and review all geolocation data.

[5] Petitioners reserve the right to claim waiver or spoliation regarding deleted ESI, but this stipulation preserves both Parties' rights to challenge the status of recovered or deleted ESI.

h. financial information including but not limited to trusts, financial institutions, banks, financial advisors, accounts, financial transactions, money transfers, asset transfers, or ownership records; and

i. references to asset protection havens or means to conceal assets or hinder creditors, specifically including any of the locations run by trident trust, the Qin Trust, or any other entity.

3. Once the Parties have come to an agreement on data parameters, the Trustee shall provide, or authorize Petitioners' forensic specialist to provide, the entirety of the Device Data to Petitioners for review and analysis in accordance with this stipulation.

4. Documents and information that are not responsive to, and are not relevant to the categories identified in Section VI.A.2 shall not be further reviewed, used, or disclosed by Petitioners except as necessary to comply with this Stipulation, applicable law, or further order of the Court.

Dated: September 1, 2026

PILLSBURY WINTHROP
SHAW PITTMAN LLP

By: /s/ *Hugh M. Ray, III*

Hugh M. Ray, III
609 Main Street, Suite 2000
Houston, TX 77002
Tel: (713) 276-7600

*Attorneys for Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership*

CERTILMAN BALIN ADLER & HYMAN, LLP

By: /s/ *Robert D. Nosek*

Robert D. Nosek
90 Merrick Ave, East Meadow,
New York, New York 11554
Tel: (516) 296-7000

*Attorneys for Richard J. McCord, Esq., as Chapter 7 Trustee of the Estate of Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin and Co-Plaintiff*

This agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

Dated: September 2, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE